ELIZABETH L. BRANN
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Dr., Suite 350
San Diego, CA 92121
Telephone: 1(858) 458-3000
Facsimile: 1(858) 458-3005

Attorneys for Plaintiffs
Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>CM HK, LTD. AND CYWEE GROUP LTD.,<br><br>Defendants. | CASE NO. ____________<br><br>**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung"), for their complaint against Defendants CM HK, Ltd. ("CM HK") and CyWee Group, Ltd. ("CyWee") (collectively "Defendants"), allege:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 10,275,038 ("the '038 Patent"), 10,817,072 ("the '072 Patent"), 10,852,846 ("the '846 Patent"), and 11,698,687 ("the '687 Patent") (collectively the "Patents-in-Suit") against CM HK and CyWee pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 of the United States Code, and for other relief the Court deems just and proper. The Patents-in-Suit are attached as exhibits 1-4.

2. Samsung requests this relief because both CyWee and CM HK have asserted through numerous pieces of correspondence and telephone calls that Samsung infringes at least the Patents-in-Suit by making, using, selling, offering to sell, or importing Samsung's mobile devices.

3. Samsung denies that it has infringed or is infringing any claims of the Patents-in-Suit.

4. An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-2202 between Samsung and Defendants as to whether Samsung is infringing or has infringed the Patents-in-Suit.

## THE PARTIES

5. Plaintiff SEC is a Korea corporation with a principal place of business at 129, Samsung-Ro, Yeongtong-gu, Gyeonggi-do, 16677 Suwon-Shi, Republic of Korea.

6. Plaintiff SEA is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

7. On information and belief, CyWee is an entity existing under the laws of the British Virgin Islands with a principal place of business at 3F, No.28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan 10462. Upon information and belief, CyWee has an office located in Santa Clara, California. *See* Ex. 5.

8. On information and belief, CM HK is an alter ego, agent, and/or successor of CyWee. On information and belief, CM HK is a Hong Kong entity with a principal place of business at Rm D18 3/F Wong Kind INDL BLDG. 2-4 TaiYau St. San Po Kong, Hong Kong.

## JURISDICTION AND VENUE

9. Samsung files this complaint against Defendants pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 et seq.

10. This Court has subject matter jurisdiction over this action, which arises under the United States' patent laws, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

11. This Court has personal jurisdiction over Defendants. Upon information and belief, CyWee has an office in Santa Clara, California. Moreover, CyWee has purposefully directed enforcement activities at this forum and elsewhere in the state of California as detailed below. CyWee also directed numerous communications regarding enforcement of its patents to Samsung's counsel in California. Samsung's claim arises out of or relates to these enforcement activities. Thus, this Court has personal jurisdiction over CyWee.

12. Upon information and belief, and for the reasons detailed below, CM HK is CyWee's agent, alter ego, and/or its successor. Moreover, CM HK also directed communications regarding enforcement of its patents to Samsung's counsel in California. Samsung's claim arises out of or relates to these enforcement activities. Thus, this Court has personal jurisdiction over CM HK.

13. Venue in this District is proper under 28 U.S.C. § 1391 as to both CyWee and CM HK. Venue is proper for both parties at least because both parties are subject to personal jurisdiction in this District as described above. Venue is additionally proper as to both parties because CyWee and CM HK are both foreign entities. Venue is additionally proper as to CyWee because it has an office in Santa Clara, California.

### I. CyWee Purposefully Directed its Patent Enforcement Activities in this District and Elsewhere in California

14. CyWee has asserted related patents in this District.

15. For example, CyWee asserted U.S. Patent Nos. 8,441,438 ("the '438 patent") and 8,552,978 ("the '978 patent") against Apple in *CyWee Group Ltd. v. Apple Inc.*, Case No. 4:14-cv-01853 (NDCA). The '438 and '978 Patents are in the same family as the Patents-in-Suit and cover similar motion sensing technology.

16. CyWee asserted those same two patents against LGE and ZTE in *CyWee Group Ltd. v. LG Electronics, Inc. et al*, Case No. 3:17-cv-01102 (SDCA) and *CyWee Group Ltd. v. ZTE Corporation et al*, Case No. 3:17-cv-02130 (SDCA) respectively.

17. Accordingly, this Court has personal jurisdiction over CyWee at least because of CyWee's enforcement activities in California. As detailed herein, the Court has personal jurisdiction over CM HK as CyWee's agent, alter ego, and/or successor.

18. This Court also has personal jurisdiction over both Defendants in light of their numerous communications asserting patent infringement directed towards Samsung's counsel in California.

## II. Both CM HK and CyWee Accused Samsung of Infringing the Patents-in-Suit and Have Threatened Litigation

19. Samsung denies that it infringes or has infringed the Patents-in-Suit through the making, using, distributing, sale, offering for sale, exportation, or importation of mobile devices having sensors for detecting motion and movement, or any related products.

20. Over the course of the last five to six months in communications regarding resolution of another matter between Samsung and CyWee, both CyWee and CM HK have alleged that Samsung's mobile devices infringe the Patents-in-Suit. Each Defendant has represented at various times that they own the Patents-in-Suit and/or intend to transfer rights between one another so that one entity or the other may sue Samsung for alleged infringement of the Patents-in-Suit.

21. CyWee filed a lawsuit against Samsung in February 2017 in the Eastern District of Texas claiming that Samsung infringed the '438 and '978 Patents. The parties litigated that action (the "EDTX action") actively for the ensuing two years.

22. In June 2018, Google filed petitions for *inter partes* review of both patents-in-suit. In October 2018, ZTE filed a petition for inter partes review of the '438 patent. Shortly after Google's petitions were instituted in December 2018, Samsung joined Google's petitions. The EDTX action was subsequently stayed pending resolution of the IPRs. Ultimately, all the asserted claims were invalidated through the Google and ZTE IPRs, and the Federal Circuit affirmed those decisions.

23. Soon after the Federal Circuit's final affirmance of the IPR decisions, on April 4, 2024, CyWee contacted Samsung to ask if Samsung would agree to a non-suit with prejudice of all claims and counterclaims with each side bearing their costs and fees, stating that CyWee had been "financially decimated" by the lawsuit.

24. The parties attempted to negotiate a resolution over the ensuing months, with Defendants' counsel Michael Shore making numerous representations on behalf of not only CyWee, but CM HK as well.

25. On April 26, 2024, Defendants' counsel emailed counsel for Samsung offering a covenant not to sue on all of CyWee's U.S. patents.

26. On May 3, 2024, Defendants' counsel reiterated via email that CyWee had authority to reach a resolution regarding the U.S. patents and, once again, that CyWee had no means to pay any fees to Samsung for the EDTX action.

27. On May 15, 2024, Defendants' counsel stated via email that CyWee's bankers and lenders in China effectively own and control CyWee's intellectual property and encouraged Samsung to obtain a license from those bankers and lenders including a "Shanghai Newco being formed from CyWee's corpse" and suggested that CyWee owed its creditors 300 million Yuan. In that same email, Defendants' counsel reiterated that CyWee would be unable to pay any fees to Samsung. According to Defendants' counsel, one of its creditors or lenders is an entity called Softbank China, which Defendants' counsel claimed in a May 20, 2024 email owns 40% of CM HK.

28. On May 20, 2024, Defendants' counsel claimed via email that CM HK owns all CyWee patents other than the patents in the EDTX action. Defendants' counsel proposed a

license to Defendants' patent portfolio and sent a list of 82 patents and applications that either Defendants or its affiliates own worldwide.

29. A June 19, 2024 email from Defendants' counsel referred to amending the complaint in the EDTX action to add additional patents.

30. On June 20, 2024, the parties held a telephonic conference where Defendants' counsel represented that CM HK might transfer the patents back to CyWee for assertion in the U.S.

31. Defendants' counsel also confirmed via a June 20, 2024 email that Mr. Chauncey Shey requested an offer for licensing the U.S. patents (now owned by CM HK) and suggested that Mr. Shey was able to negotiate this deal on behalf of CM HK. But, as of July 2020, Mr. Shey was the non-executive chairman of CyWee Group and the Chief Executive Officer of SB China Venture Capital ("SBCVC"). At that time, SBCVC was the majority shareholder of CyWee.

32. On July 25, 2024, Defendants' counsel informed Samsung via email that CyWee had identified two patents they believed to be infringed by Samsung, both having been prosecuted with art from the IPRs. In that same email Defendants' counsel stated that claim charts and other due diligence would be completed "soon" and once again noted an intention to ask the court in the EDTX action to grant a motion to amend the complaint to add those two patents.

33. On July 29, 2024, Defendants' counsel stated via email that CyWee proposed a meeting in Korea to go over new patents to be asserted and reiterated that the patents where those that issued after the IPRs, and all included the disclosure of the IPR prior art. The email also stated that CyWee would be able present claim charts at any meeting. The email stated that if Samsung refused to meet, that CyWee would file suit on these patents or seek to amend the current suit in the Eastern District of Texas. Defendants' counsel further stated that after reviewing "claim charts" that "Samsung clearly infringes."

34. Based on Defendants' representation that the patents they planned to assert were all issued after the IPRs and referenced prior art from the IPRs, in addition to the list of 82 patents and applications that Defendants' counsel had previously sent to Samsung, it is clear that Defendants intend to assert at least the Patents-in-Suit.

35. On July 31, 2024, Samsung filed an opposed motion to dismiss the EDTX action in light of the PTAB holding all asserted claims unpatentable with the Federal Circuit affirming those decisions. That same day, Defendants' counsel sent an email to counsel for Samsung simply stating "OK. Declaration of War accepted."

36. On August 2, 2024, Defendants' counsel requested a meet and confer stating that there were eight patents to be asserted against Samsung.

37. On August 13, 2024, Defendants' counsel and Samsung's counsel met via telephone conference. Defendants' counsel stated that CM HK would not transfer patents back to CyWee. Defendants' counsel stated that CM HK was instead was planning to file a new lawsuit based on recently filed patents and stating that CM HK's representative Mr. Shey was available to meet with Samsung to discuss a license.

38. On that same day, CyWee responded to Samsung's motion to dismiss the EDTX action, stating that it did not oppose. The EDTX action was dismissed the next day on August 14, 2024.

39. The parties subsequently continued to meet and confer to narrow the disputes regarding Samsung's bill of costs in the EDTX action. During those negotiations, Defendants' counsel continued to make numerous representations on behalf of both CM HK and CyWee.

40. On August 22, 2024, Defendants' counsel asked Samsung's counsel if it would accept service "of the new lawsuit" because "I'm going to get authorization to file soon."

41. On September 5, 2024, Defendants' counsel sent an email to counsel for Samsung once again asking if they would accept service of CM HK's complaint, which he claimed was "ready to file." The email also made a damages demand in excess of $500 million for all of Samsung's phones sold in the U.S.

42. On September 10, 2024, Defendants' counsel sent an email regarding negotiations for the bill of costs in the EDTX action. Stating that CyWee opposed but offered to "carry" $25,000 of costs to be payable upon conclusion of the CM HK lawsuit. The email once again asked Samsung to accept service of the new lawsuit and asked for a commitment that Samsung

would agree that any discovery from the EDTX action would be exchanged and could be used in the threatened lawsuit and noting that it anticipated that the same experts would be used.

43. On September 11, 2024, Defendants' counsel further confirmed that the owners of CyWee (on information and belief, Softbank China) own approximately 40% of CM HK and reiterated that CM HK planned to assert patents that issued after the IPRs, which cited the IPR art and opinions (i.e., the Patents-in-Suit defined in this complaint). Defendants' counsel also confirmed in an email sent the same day that he and his firm represent CM HK.

44. Defendants' stated intention to file a patent infringement suit against Samsung, asserted explicitly in at least nine emails and two phone calls as detailed above, threatens actual and imminent injury to Samsung that can be redressed by judicial relief and warrants the issue of a declaratory judgment, under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

45. Accordingly, an actual and justiciable controversy with respect to the Patents-in-Suit exists between Samsung and each of the Defendants.

46. Defendants' actions have also cast uncertainty over Samsung's products and business. Absent a declaration of non-infringement, Defendants will continue to wrongfully allege that Samsung infringes the Patents-in-Suit, and thereby cause a restraint on Samsung's free exploitation of non-infringing devices or an immediate threat of such a restraint.

## III. CM HK is CyWee's Agent, Alter Ego, and/or Successor

47. On information and belief, CM HK is CyWee's agent, alter ego, and/or successor. This fact, in conjunction with CyWee's contacts and enforcement actions in the State of California, should be considered in the personal jurisdiction analysis. Accordingly, personal jurisdiction is proper over both Defendants.

48. On information and belief, Defendants disregard corporate formalities and fail to maintain an arm's length relationship. For example, Defendants concede that they have and will continue to transfer intellectual property assets back and forth. And CyWee and CM HK's counsel have been contacting Samsung on behalf of both entities, often in the same email.

49. Further, on information and belief, CyWee transferred patents and patent applications, including the Patents-in-Suit, to CM HK without consideration. For example,

CyWee confirmed that it has inadequate capital. CyWee confirmed that it transferred its patents to CM HK, but also stated that it has no money to pay fees or costs in the EDTX action. Upon information and belief, CM HK did not transfer any money to CyWee for the assignment of the U.S. patents because of the close relationship between CM HK and CyWee.

50. Upon information and belief, CM HK assumed the liabilities of CyWee. On information and belief, Defendants transfer funds between their bank accounts to pay one another's expenses. For example, CyWee tied funds from the EDTX action to any eventual action filed by CM HK by offering to carry $25,000 of Samsung costs from the EDTX action until the end of the new CM HK suit. This offer to carry CyWee's costs was in exchange for Samsung making concessions to CM HK about service and discovery. Upon information and belief, this offer stems from the close relationship between the two companies.

51. On information and belief, Defendants have some of the same employees, directors, officers, and at least some common ownership. For example, Defendants' counsel confirmed that the owners of CyWee (on information and belief, Softbank China), own approximately 40% of CM HK. Defendants' counsel also confirmed that Mr. Shey (also affiliated with CyWee as described above) had authority to make deals on behalf of CM HK. On information and belief, the CEO of CM HK is Shun-nan Liou who also is (or was) the R&D Director at CyWee.

52. On information and belief, the transfer of CyWee's intellectual property to CM HK amounts to a consolidation or merger of the successor and predecessor (i.e., a de facto merger). And, on information and belief, CM HK is a mere continuation of CyWee in light of the facts alleged in this complaint.

53. On information and belief, Defendants do not hold regular officer, board, or other company meetings, and do not record and maintain regular minutes from officer, board, or other company meetings.

54. Because there is a unity of interest and ownership between Defendants, the separate personalities of the entities no longer exist, and the corporate structure should be disregarded.

55. Failure to disregard the separate identities of Defendants would result in fraud or injustice to Samsung's ability to seek the declaratory judgment relief it seeks with this complaint and to recover any damages resulting from this lawsuit.

## INTRADISTRICT ASSIGNMENT

56. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

57. Samsung follows a simple business philosophy: to devote its talent and technology to creating superior products and services that contribute to a better global society. To achieve this, Samsung sets a high value on its people and technologies.

58. Samsung has invested significant time and effort in developing applications and mobile devices.

59. Samsung's mobile devices include one or more sensors that are capable of determining a mobile device's position and movement. Those one or more sensors facilitate various user functionalities, such as determining the speed and position of a mobile device in a travelling car.

60. Starting in 2017, CyWee began its litigation campaign against numerous technology companies, including Samsung. CyWee asserted patents against Apple, LGE, Huawei, HTC, Motorola, ZTE, and Google in various forums, including in the Northern and Southern Districts of California. Mere weeks after its asserted claims were found unpatentable by the PTAB and confirmed unpatentable by the Federal Circuit, CyWee geared up for its next wave of patent infringement litigation.

61. In particular, while negotiating dismissal of the EDTX action against Samsung, CyWee threatened to amend its EDTX action and/or to file additional patent infringement suits against Samsung alleging infringement of the Patents-in-Suit.

62. Both Defendants were clear that one of them would be suing Samsung for patent infringement; and they would transfer the Patents-in-Suit amongst each other when they

determined which entity would sue. As set forth fully above, and incorporated herein by reference, CM HK is the agent, alter ego, and/or successor to CyWee.

63. Defendants also claimed that Samsung's mobile devices infringed the Patents-in-Suit based on its investigation supported by claim charts. And Defendants claimed they would be seeking over $500 million in damages.

64. Defendants' intention to sue Samsung was set forth over nearly a dozen emails and phone calls as detailed above and incorporated herein.

65. In addition to Defendants' explicit declarations of their plans to sue Samsung, CyWee's litigation history also demonstrates a preparedness and willingness to enforce its patents against Samsung and others. Thus, there is a substantial risk that Samsung will face harm from assertion of the Patents-in-Suit against its mobile devices.

66. Samsung's mobile devices do not directly or indirectly infringe any claims of the Patents-in-Suit, either literally or under the doctrine of equivalents. Samsung has not caused, directed, requested, or facilitated any such infringement, and never had any specific intent to do so.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '072 PATENT

67. Samsung hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. On information and belief, CM HK owns all right, title, and interest in the '072 Patent by assignment.

69. Defendants allege that Samsung's mobile devices infringe the '072 Patent.

70. The accused Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1 and 10 of the '072 Patent including, but not limited to: mapping resultant angles onto a plane selected based on orientation, where that orientation is derived from sensor fusion to obtain a trajectory; and recognizing user motion in three-dimensional space for character recognition. To the extent that Samsung mobile devices calculate trajectories or perform

character recognition, the devices perform such operation without the need for angle mapping with sensor fusion data.

71. An actual and justiciable controversy therefore exists between Samsung and Defendants regarding whether the accused Samsung mobile devices infringe claims 1 and 10 of the ’072 Patent. A judicial declaration is necessary to determine the parties’ respective rights regarding the ’072 Patent.

72. Samsung seeks a judgment declaring that Samsung does not infringe and has not infringed claims 1 and 10 of the ’072 Patent directly or indirectly, either literally or under the doctrine of equivalents.

**COUNT II**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘038 PATENT**

73. Samsung hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 66 of this Complaint as if fully set forth herein.

74. On information and belief, CM HK owns all right, title, and interest in the ’038 Patent by assignment.

75. Defendants allege that Samsung’s mobile devices infringe the ’038 Patent.

76. The accused Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1 and 13 of the ’038 Patent including, but not limited to recognizing user motion in three-dimensional space for character recognition. To the extent that Samsung mobile devices perform character recognition, the devices perform such operation in two-dimensional space.

77. An actual and justiciable controversy therefore exists between Samsung and Defendants regarding whether the accused Samsung mobile devices infringe claims 1 and 13 of the ’038 Patent. A judicial declaration is necessary to determine the parties’ respective rights regarding the ’038 Patent.

78. Samsung seeks a judgment declaring that Samsung does not infringe and has not infringed claims 1 and 13 of the ’038 Patent directly or indirectly, either literally or under the doctrine of equivalents.

**COUNT III**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '846 PATENT**

79. Samsung hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 66 of this Complaint as if fully set forth herein.

80. On information and belief, CM HK owns all right, title, and interest in the '846 Patent by assignment.

81. Defendants allege that Samsung's mobile devices infringe the '846 Patent.

82. The accused Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1 and 7 of the '846 Patent including, but not limited to obtaining a quaternion by predicting axial accelerations; comparing predicted axial accelerations with measured axial accelerations; and using predicted axial accelerations converted from measured angular velocities. To the extent that Samsung mobile devices calculate quaternions using sensor data, such calculations utilize measured angular velocity and acceleration.

83. An actual and justiciable controversy therefore exists between Samsung and Defendants regarding whether the accused Samsung mobile devices infringe claims 1 and 7 of the '846 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '846 Patent.

84. Samsung seeks a judgment declaring that Samsung does not infringe and has not infringed claims 1 and 7 of the '846 Patent, directly or indirectly, either literally or under the doctrine of equivalents.

**COUNT IV**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '687 PATENT**

85. Samsung hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 66 of this Complaint as if fully set forth herein.

86. On information and belief, CM HK owns all right, title, and interest in the '687 Patent by assignment.

87. Defendants allege that Samsung's mobile devices infringe the '687 Patent.

88. The accused Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1, 14 and 27 of the '687 Patent including, but not limited to obtaining a quaternion by predicting axial accelerations; comparing predicted axial accelerations with measured axial accelerations; and using predicted axial accelerations converted from measured angular velocities. To the extent that Samsung mobile devices calculate quaternions using sensor data, such calculations utilize measured angular velocity and acceleration.

89. An actual and justiciable controversy therefore exists between Samsung and Defendants regarding whether the accused Samsung mobile devices infringe claims 1, 14, and 27 of the '687 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '687 Patent.

90. Samsung seeks a judgment declaring that Samsung does not infringe and has not infringed claims 1, 14, and 27 of the '687 Patent, directly or indirectly, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays for judgment as follows:

A. Declaring that Samsung's mobile devices do not infringe and have not infringed directly or indirectly any claims of the '038 Patent, either literally or under the doctrine of equivalents;

B. Declaring that Samsung's mobile devices do not infringe and have not infringed directly or indirectly any claims of the '072 Patent, either literally or under the doctrine of equivalents;

C. Declaring that Samsung's mobile devices do not infringe and have not infringed directly or indirectly any claims of the '846 Patent, either literally or under the doctrine of equivalents;

D. Declaring that Samsung's mobile devices do not infringe and have not infringed directly or indirectly any claims of the '687 Patent, either literally or under the doctrine of equivalents;

E. Declaring that judgment be entered in favor of Samsung and against CyWee and CM HK on Samsung's claims;

F. Enjoining Defendants and each of their officers, directors, agents, counsel, employees, and all persons in active concert of participation with any of them from directly or indirectly asserting infringement or instituting any action for infringement of the Patents-in-Suit against Samsung or any of its customers or suppliers;

G. Finding that this is an exceptional case under 35 U.S.C. § 285;

H. Awarding Samsung its costs and attorneys' fees in connection with this action; and

I. Awarding Samsung such other and further relief as the Court deems just and proper.

DATED: September 18, 2024

Respectfully submitted,

By: */s/ Elizabeth L. Brann*

ELIZABETH L. BRANN
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Dr., Suite 350
San Diego, CA 92121
Telephone: 1(858) 458-3000
Facsimile: 1(858) 458-3005

Attorneys for Plaintiffs
Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Samsung demands a jury trial on all issues and claims so triable.

DATED: September 18, 2024

Respectfully submitted,

By: */s/ Elizabeth L. Brann*

ELIZABETH L. BRANN
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Dr., Suite 350
San Diego, CA 92121
Telephone: 1(858) 458-3000
Facsimile: 1(858) 458-3005

Attorneys for Plaintiffs
Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.