| | | |
|---|---|---|
| 1 | ELIZABETH L. BRANN | JAMES L. JACOBS |
| | elizabethbrann@paulhastings.com | jjacobs@gcalaw.com |
| 2 | ARIELL N. BRATTON | VALERIE MARGO WAGNER |
| | ariellbratton@paulhastings.com | vwagner@gcalaw.com |
| 3 | SASHA VUJCIC | GCA LAW PARTNERS LLP |
| | sashavujcic@paulhastings.com | 2570 W. El Camino Real, Suite 400 |
| 4 | PAUL HASTINGS LLP | Mountain View, CA 94040 |
| | 4655 Executive Dr., Suite 350 | Telephone: 1(650) 428-3900 |
| 5 | San Diego, CA 92121 | Facsimile: 1(650) 428-3901 |
| | Telephone: 1(858) 458-3000 | |
| 6 | Facsimile: 1(858) 458-3005 | [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE] |
| 7 | [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE] | Attorneys for Defendants |
| 8 | | CM HK, Ltd. and CyWee Group Ltd. |
| | Attorneys for Plaintiffs | |
| 9 | Samsung Electronics Co., Ltd. and | |
| | Samsung Electronics America, Inc. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | CASE NO.: 4:24-CV-06567-JST |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| CM HK, LTD. AND CYWEE GROUP LTD., | Judge: Hon. Jon S. Tigar |
| | Crtm: 6, 2nd Floor |
| Defendants. | Date: January 14, 2025 |
| | Time: 2:00 P.M. |

CASE NO.: 4:24-CV-06567-JST                                         JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's Order Setting Initial Case Management Conference (Dkt. 7), the Clerk's Notice setting the Joint Case Management Conference (Dkt. 19), the Standing Order for All Judges of the Northern District of California dated November 30, 2023, Federal Rule of Civil Procedure 26(f), and Civil Local Rule 16-9, Plaintiffs Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Plaintiffs") and Defendants CM HK, Ltd. ("CM HK") and CyWee Group Ltd. ("CyWee Group") (collectively, "Defendants"), met and conferred regarding a discovery plan and schedule and submit the following Joint Case Management Statement subject to the Defendants' objections to the Court exercising personal and subject matter jurisdiction.

**1.    JURISDICTION AND SERVICE**

The parties agree that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. There are no parties that remain to be served.

**Plaintiffs' Statement**

Plaintiffs assert that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), venue is proper in the Northern District of California, and Northern District of California has personal jurisdiction over Defendants.

**Defendants' Statement**

Defendants assert that venue is improper in the Northen District of California, the Northern District of California Court lacks subject matter jurisdiction as to CyWee Group, and the Northern District of California Court does not have personal jurisdiction over either Defendant. Further, Defendants assert that CyWee Group is not a proper party. A review of the USPTO database shows that CyWee Group is not the assignee of any of the four patents-in-suit. At no time prior to this action's filing has any Defendant threatened the Plaintiff with suit based on any identified patent. CyWee Group could not make such a threat because it lacks any standing to assert any patents against Plaintiffs because it does not own, control or stand as the assignee of any patents at issue.

## 2. FACTS

Plaintiffs filed this action on September 18, 2024, seeking a declaratory judgment of non-infringement of U.S. Patent Nos. 10,852,846 ("the '846 Patent"), 11,698,687 ("the '687 Patent"), 10,275,038 ("the '038 Patent"), and 10,817,072 ("the '072 Patent") (collectively, the "Patents-in-Suit"). Defendants have waived service. The parties have stipulated that Defendants' deadline to file their response to Plaintiffs' complaint has been extended to January 31, 2025.

CM HK, the sole assignee of the Patents-in-Suit, filed an infringement lawsuit on October 31, 2024, in the Eastern District of Texas styled *CM HK Limited v. Samsung Electronics Co., Ltd. et al*, Case No. 2:24-cv-00880-JRG (E.D. Tex) (the "CM HK Suit"). In the CM HK Suit, CM HK accuses Samsung of infringing the '846 Patent and the '687 Patent (the "EDTX Asserted Patents"). The Eastern District of Texas granted Samsung's unopposed motion to extend the deadline to move, answer, or otherwise respond to the CM HK Suit to January 29, 2025. CM HK has not made any allegations of infringement in this case.

Almost seven years ago, CyWee filed an action styled *CyWee Group Ltd. v. Samsung Electronics Co., Ltd. et al*, Case No. 2:17-cv-00140-WCB-RSP (E.D. Tex) (the "CyWee EDTX Action") on February 17, 2017. In the CyWee EDTX Action, CyWee accused Samsung of infringing U.S. Patent Nos. 8,441,438 and 8,552,978 (the "Predecessor Patents"). The '438 Patent is the parent patent to the Patents-in-Suit. On August 14, 2024, the court granted Samsung's motion to dismiss CyWee's claims with prejudice after the Predecessor Patents were invalidated in a series of *inter partes* review proceedings.

Plaintiffs further allege that the CM HK Suit is related to this action.

## 3. LEGAL ISSUES

Plaintiffs allege that the key legal issues concern the following subjects:

A. The proper construction of the Asserted Claims of the Patents-in-Suit;

B. Whether Plaintiffs directly infringe the Patents-in-Suit under 35 U.S.C. § 271(a);

C. Whether Plaintiffs induce the infringement of the Patents-in-Suit under 35 U.S.C. § 271(b);

D. Whether Plaintiffs contribute to the infringement of the Patents-in-Suit under 35 U.S.C. § 271(c); and

E. Whether Plaintiffs are entitled to attorneys' fees under 35 U.S.C. § 285, and the extent thereof.

Defendants allege the key legal issues additionally concern the following subjects:

F. Whether jurisdiction is proper in the Northen District of California;

G. Whether CyWee Group is a proper party and whether the present action was filed against CyWee Group in bad faith for an improper purpose;

H. Whether Plaintiffs' cause of action against CM HK should be dismissed or transferred to the Eastern District of Texas where the CM HK Suit is pending;

I. Whether CyWee Group is entitled to attorneys' fees under 35 U.S.C. § 285, Rule 11, or the Court's inherent powers and the extent thereof; and

K. If discovery reveals infringement of other patents assigned to CM HK, the same issues would arise for those patents if added by amendment.

The parties reserve their right to raise or dispute issues not identified in the foregoing list.

**4.    MOTIONS**

No motions have been filed in this case.

As for anticipated motions, the parties anticipate dispositive motions will be filed in this case, including motions to dismiss and summary judgment motions. The parties also reserve the right to file additional motions as the case develops and the need arises.

At this time, Plaintiffs do not anticipate adding any parties or causes of action to, or dismissing any parties or causes of action from, the operative complaint.

As discussed in § 2, *supra*, Defendants plan to respond to the complaint by January 29, 2025 by filing a motion to dismiss for lack of personal jurisdiction, improper venue, and any other applicable grounds.

**5.    EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P.

26(f) regarding reasonable and proportionate steps to take regarding evidence presentation. The parties anticipate that they will enter a stipulated ESI order.

## 6. DISCLOSURES

The parties anticipate that they will fully and timely comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). Defendants served their Rule 26(a)(1) disclosures on December 26, 2024 subject to their objections to venue and jurisdiction.

**Plaintiffs' Position**

The parties stipulated that Plaintiffs will serve their Rule 26(a)(1) disclosures on January 14, 2025. Counsel Chris Evans made this stipulation with Counsel Elizabeth Brann during the 26(f) conference on December 18, 2024. Then, in an e-mail correspondence from Counsel Michael Shore to Counsel Elizabeth Brann on December 29, 2024, Counsel Michael Shore agreed that "[i]f Samsung makes its disclosures by January 14, CM HK will not complain to the court."

**Defendants' Position**

Plaintiffs not yet complied with their obligations under Federal Rule of Civil Procedure 26(a)(1) but have committed to complying with their disclosure requirements by January 14, 2025. Defendants do not agree that the January 14, 2025 date was stipulated. The email from Mr. Shore referenced above came after Elizabeth Brann, counsel for Samsung, claimed an agreement had been made to extend the disclosure deadline for both parties. Mr. Evans denies such an agreement was made. To avoid burdening the Court with motion practice related to Samsung's disclosures, CM HK accepts a January 14, 2025 disclosure from Defendants.

## 7. DISCOVERY

### A. Discovery Taken to Date

Other than Defendants' Rule 26(a)(1) disclosures, no discovery has been taken to date.

### B. Scope of Anticipated Discovery

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above and the requested relief discussed herein, including related and subsidiary factual and legal issues and matters. The parties' claims and defenses are

anticipated to require both party and potentially third-party discovery on at least the following subjects: infringement and non-infringement, validity and invalidity, attorneys' fees and damages.

### C. Proposed Discovery Plan and Proposed Limitations or Modifications of the Discovery Rules

#### 1. Initial Disclosures

As noted in § 6, *supra*, Defendants already served their initial disclosures pursuant to Rule 26(a)(1)(A). The parties do not propose any change to the form or requirement for the initial disclosures.

**Plaintiffs' Position**

As noted in § 6, *supra*, Plaintiffs will serve initial disclosures pursuant to Rule 26(a)(1)(A) by January 14, 2025.

**Defendants' Position**

See § 6, *supra*.

#### 2. Depositions

Unless otherwise stipulated by the Court or as provided herein, the Federal Rules of Civil Procedure shall apply to deposition limits for each party. The parties agree that depositions of experts do not count towards the limit of total number of depositions per side.

#### 3. Written Discovery

The Federal Rules of Civil Procedure should dictate the limits on interrogatories, requests for production, and requests for admission. The parties agree that the parties shall reproduce any documents from the prior 2017 CyWee EDTX Action that they believe are relevant to this action.

#### 4. Privilege Logs

The parties agree that no party shall be required to log communications protected by the attorney client privilege, the work product doctrine, or other privilege or protection ("Privileged Materials") that were created on or after September 18, 2024, the date of filing of Plaintiffs' complaint. The parties further agree that Privileged Materials created by or on behalf of litigation counsel, communications with litigation counsel, and internal communications within a law firm or corporate legal department do not need to be included on any privilege log, regardless of the

date of their creation. This includes materials prepared by or on behalf of the law firms representing the parties in their capacity as counsel before the U.S. Patent and Trademark Office. The parties reserve the right to request logs of the foregoing Privileged Materials where good cause exists.

### 5.   Protective Order

The parties anticipate that they will stipulate to a protective order.

**8.   CLASS ACTIONS**

This is not a class action.

**9.   RELATED CASES**

Plaintiffs allege the following:

As discussed in § 2, *supra*, the '846 Patent and the '687 Patents, asserted in this case, have been asserted in the CM HK EDTX Action.

Defendants further allege the following:

The patents at issue in that case are continuations of the patents previously asserted in the CyWee EDTX Action. The Predecessor Patents were invalidated in a series of *inter partes* reviews filed by third parties. As a result of those IPRs, on August 14, 2024, Judge Bryson, sitting by designation granted Samsung's motion to dismiss CyWee's claims with prejudice. Prior to the dismissal Judge Bryson had found the Predecessor Patents valid under 35 U.S.C. § 101.[1] The IPR art and PTAB decisions were cited during the prosecution of the CM HK EDTX Patents and the art was overcome through substantive amendments. The EDTX Asserted Patents issued in 2020.

**10.   RELIEF**

Plaintiffs seek an adjudication that they have not infringed and are not infringing any asserted claims of the Patents-in-Suit; a declaration that this case is exceptional under 35 U.S.C. § 285; and an award to Plaintiffs of reasonable attorney's fees.

As discussed in § 2, *supra*, Defendants plan to respond to the complaint by January 29, 2025.

---

[1] *See* Exhibit A attached hereto.

**11.   SETTLEMENT AND ADR**

In accordance with ADR Local Rule 3-5, counsel for the parties have met and conferred regarding ADR options offered by the Northern District of California. The parties agree that this case is best suited for a settlement conference with a magistrate judge. The parties agree that the ADR session should occur within 90 days of the January 14, 2025 initial case management conference. The parties have agreed to meet informally without counsel present in January 2025.

**12.   OTHER REFERENCES**

The parties do not consent to proceed before a magistrate judge for all proceedings. The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**13.   NARROWING OF ISSUES**

The parties will work in good faith to address narrowing of any issues as discovery proceeds and the issues become clearer.

**14.   SCHEDULING**

The parties' specific scheduling proposals are indicated in Exhibit B. As to all deadlines not specifically proposed in Exhibit B, the parties agree that deadlines in this action will be governed by the time limits specified in the Federal Rules of Civil Procedure, the Civil Local Rules and Patent Local Rules of the Northern District of California, and the Court's orders.

**15.   TRIAL**

The parties agree to a trial by jury and anticipate that trial will take approximately eight business days.

**16.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have filed their Certification of Interested Entities as required by Civil Local Rule 3-15. Dkt. No. 5.

**17.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**18.    OTHER**

The parties consent to e-mail service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). The parties agree that documents filed on ECF need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that a courtesy copy of any document to be served by a method other than e-mail or ECF will be sent to the attorneys of record for the receiving party by e-mail on the date service is made.

The parties are not presently aware of any other matters at this time that may facilitate the just, speedy, and inexpensive resolution of this matter.

**19.    PATENT-RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(B)**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

    **A.    Proposed Modification of the Obligations or Deadlines Set Forth in the Patent Local Rules**

The parties' proposed deadlines for the disclosures required by the Patent Local Rules are set forth in Exhibit B. The parties do not propose any modifications to the obligations set forth in the Patent Local Rules at this time except that Defendants ask that they not be required to assert any infringement compulsory counterclaims or make any disclosures related to infringement contentions until after the Court determines if this is the proper venue for this proceeding and determines issues related to jurisdiction.

    **B.    The Scope and Timing of Any Claim Construction Discovery (Including Disclosure of and Discovery From Any Expert Witness Permitted by the Court) and Damages Discovery**

The parties agree that no claim construction discovery is necessary, aside from the depositions of any experts on which the parties rely in connection with claim construction briefing. The parties will conduct any such depositions in accordance with the Patent Local Rules and in the timeframe set out in Exhibit B. The parties anticipate damages discovery will occur in accordance with the Patent Local Rules.

      **C.**    **The Format of the Claim Construction Hearing, Including Whether the Court Will Hear Live Testimony, the Order of Presentation, and the Estimated Length of the Hearing**

The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues, particularly given the nature of the Patents-in-Suit, the technology involved, and the number and nature of claim terms that remain in dispute. The parties do not currently anticipate that they will seek to present live expert witness testimony at the claim construction hearing but wish to follow the Court's preferences on this issue. The parties anticipate that the Claim Construction Hearing (excluding any technology tutorials) can be completed in two hours, with each side entitled to half the total time permitted.

      **D.**    **How the Parties Intend to Educate the Court on the Technology at Issue**

The parties propose that prior to the claim construction hearing, and immediately prior if the court prefers, the parties present technology tutorials. At this time, the parties do not anticipate presenting expert testimony at that tutorial. The parties presently anticipate that two hours will be required, with a one-hour presentation by each side, would allow sufficient time.

      **E.**    **Non-Binding, Good-Faith Estimate of the Damages Range.**

**Plaintiffs' Statement**

Plaintiffs deny that they owe Defendants' any damages. Defendants have not provided the bases on which damages are calculated; therefore, Plaintiffs are also unable to provide a responsive statement regarding the bases on which damages should be calculated if liability is established. To the extent Defendants provide the bases on which damages are calculated, Plaintiffs will be able to better understand Defendants' claims for damages upon receiving adequate damages contentions.

**Defendants' Statement**

As discovery and expert reports for the '846 and '687 patent have not yet been completed, and an investigation is still pending, CM HK reserves the right to amend and supplement its damages disclosures at the appropriate time. CM HK estimates that damages likely exceed $200,000,000.

| | |
|---|---|
| DATED: January 7, 2025 | Respectfully submitted, |
| | By: */s/ Elizabeth L. Brann*<br>ELIZABETH L. BRANN<br>elizabethbrann@paulhastings.com<br>ARIELL N. BRATTON<br>ariellbratton@paulhastings.com<br>SASHA VUJCIC<br>sashavujcic@paulhastings.com<br>PAUL HASTINGS LLP<br>4655 Executive Dr., Suite 350<br>San Diego, CA 92121<br>Telephone:  1(858) 458-3000<br>Facsimile:  1(858) 458-3005<br><br>Robert Laurenzi (*Pro Hac Vice*)<br>robertlaurenzi@paulhastings.com<br>PAUL HASTINGS LLP<br>200 Park Avenue, 26th Floor<br>New York, NY 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 318-6100<br><br>Attorneys for Plaintiffs<br>Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |

By: */s/ Christopher L. Evans*
CHRISTOPHER L. EVANS
chris@offorevans.com
OFFOR EVANS PLLC
1122 Jackson Street, Ste 901
Dallas, TX 75202
Telephone: 1(214) 394-6779

MICHAEL W SHORE
mshore@shorefirm.com
THE SHORE FIRM LLP
5646 Milton Street, Ste 423
Dallas, TX 75206
Telephone: 1(214) 593-9140
Facsimile: 1(214) 593-9111

CHRISTOPHER L. EVANS
chris@offorevans.com
OFFOR EVANS PLLC
1122 Jackson Street, Ste 901
Dallas, TX 75202
Telephone: 1(214) 394-6779

JAMES L. JACOBS
jjacobs@gcalaw.com
VALERIE MARGO WAGNER
vwagner@gcalaw.com
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Telephone: 1(650) 428-3900
Facsimile: 1(650) 428-3901

Attorneys for Defendants
CM HK, Ltd. and CyWee Group Ltd.

## **ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), the undersigned hereby attests that concurrence in the filing of this document has been obtained from all other signatories.

*/s/ Elizabeth L. Brann*
ELIZABETH L. BRANN