CHRISTOPHER L. EVANS
chris@offorevans.com
OFFOR EVANS PLLC
1122 Jackson Street, Ste 901
Dallas, TX 75202
Telephone:  1(214) 394-6779

MICHAEL W SHORE
mshore@shorefirm.com
THE SHORE FIRM LLP
5646 Milton Street, Ste 423
Dallas, TX 75206
Telephone:  1(214) 593-9140
Facsimile:  1(214) 593-9111

Attorneys for Defendants
CM HK, Ltd. and CyWee Group Ltd.

JAMES L. JACOBS
jjacobs@gcalaw.com
VALERIE MARGO WAGNER
vwagner@gcalaw.com
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Telephone:  1(650) 428-3900
Facsimile:  1(650) 428-3901

Attorneys for Defendants
CM HK, Ltd. and CyWee Group Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

SAMSUNG ELECTRONICS CO. LTD.
AND SAMSUNG ELECTRONICS
AMERICA, INC.,
                    Plaintiffs,
     v.
CM HK, LTD. AND CYWEE GROUP
LTD.,
                    Defendants.

Case No. **4:24-CV-06567-JST**

**DEFENDANT CM HK, LTD.'s
NOTICE OF MOTION AND MOTION
TO DISMISS**

Date: March 20, 2025
Time: 2:00 p.m.
Courtroom: Courtroom 6 – 2nd Floor
Judge: Hon. Jon S. Tigar

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 20, 2025 at 2:00 p.m. or as thereafter as the matter may be heard in the above-entitled Court, the Honorable Jon. S. Tigar presiding, located at the Oakland Courthouse, Courtroom 6, 2nd floor, 1301 Clay Street, Oakland, CA 94612, Defendant CM HK Ltd. will and hereby does move this Court for an Order dismissing Plaintiffs Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.'s (collectively "Samsung") Second Corrected Complaint for Declaratory Judgment (Dkt. 24), or the operative complaint, under Article III of the United States Constitution, 28 U.S.C. § 2201 (the Declaratory Judgment Act), Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), the Declaratory Judgment Act, and the first-to-file rule. The motion is made on the grounds that the Court lacks subject matter jurisdiction over the claims, the Court lacks personal jurisdiction over the Defendants, the Complaint fails to state a claim for which relief may be granted, and was filed as an improper anticipatory suit to avoid venue in the Eastern District of Texas.

This motion is based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities below, and Declaration of Dr. Shun-Nan Liou, the other pleadings and filings on record in this action, as well as the other written or oral argument presented to the Court.

Date: January 28, 2025

By: */s/  Christopher L. Evans*
Christopher L. Evans (TX Bar No. 24058901)*
**OFFOR EVANS PLLC**
1122 Jackson Street, #901
Dallas, Texas 75202
Tel: (214) 593-9121
chiji@offorevans.com
chris@offorevans.com
*Pro Hac Vice Pending
*Attorney for Defendant CM HK Ltd.*

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ........................................................................................ 1

II.  STATEMENT OF FACTS ........................................................................ 1

A. CyWee's lawsuit against Samsung in the Eastern District of Texas ................................ 1

B. Samsung filed this case to beat CM HK's suit in the Eastern District of Texas. ................... 2

C. CM HK filed suit in the Eastern District of Texas. ................................................ 2

D. CyWee and CM HK are separate entities with different ownership. ................................ 3

III. ARGUMENT ............................................................................................ 4

A. Samsung's claims should be dismissed under Rule 12(b)(1) because the Court lacks

     subject matter jurisdiction under Article III and the Declaratory Judgment Act .................... 4

B. Samsung's claims should be dismissed under Rule 12(b)(2) because the Court lacks

     general jurisdiction over CM HK. .............................................................. 7

C. Samsung's claims should be dismissed under Rule 12(b)(2) because Court lacks

     specific jurisdiction over CM HK. ............................................................. 7

D. The Court should dismiss under bothe the declaratory judgement act and the first-to-

     file rule because this case is an anticipatory lawsuit brought solely to secure

     Samsung's preferred forum. ................................................................... 14

E. Samsung's claims should be dismissed under Rule 12(b)(6) because Samsung failed

     to plausibly plead a claim of noninfringement. ................................................ 15

IV. CONCLUSION ......................................................................................... 19

1

## **TABLE OF AUTHORITIES**

2

### **CASES:**

3
4
*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ....................................................................... 15

5
6
*Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*,
    480 U.S. 102 (1987) ...................................................................................... 7

7
*Aster Graphics, Inc. v. Static Control Components, Inc.*,
    17-1167-DOC (JDEX), 2018 WL 2425973 (C.D. Cal. Feb. 12, 2018) ........... 17

8
9
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 15

10
11
*Avocent Huntsville Corp. v. Aten Int'l Co.*,
    552 F.3d 1324 (Fed. Cir. 2008) ..................................................................... 11

12
13
*Berkeley Lights, Inc. v. AbCellera Biologics Inc.*,
    No. 20-CV-05957-JSW, 2021 WL 4497874 (N.D. Cal. Jan. 29, 2021) ........... 12

14
*Brillhart v. Excess Ins. Co.*,
    316 U.S. 491 (1942) ...................................................................................... 14

15
16
*Celgard, LLC v. SK Innovation Co.*,
    792 F.3d 1373 (Fed. Cir. 2015) ..................................................................... 8

17
18
*CenterPoint Energy, Inc. v. Superior Ct.*,
    157 Cal. App. 4th 1101 (2007) ...................................................................... 10

19
20
*Chubchai v. AbbVie, Inc.*,
    599 F. Supp. 3d 866 (N.D. Cal. 2022) ........................................................ 8, 9

21
*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
    319 F.R.D. 269 (N.D. Cal. 2017) ............................................................. 16, 17

22
23
*Commc'ns Test Design, Inc. v. Contec, LLC*,
    952 F.3d 1356 (Fed. Cir. 2020) ..................................................................... 14

24
25
*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
    No. 2:17-CV-140-WCB, 2018 WL 5831241 (E.D. Tex. Nov. 7, 2018) .......... 1, 2

26
*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ...................................................................................... 7

27

28

*Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*,
   297 F.3d 1343 (Fed. Cir. 2002) ................................................................................. 12

*Google LLC v. Sonos, Inc.*,
   No. C 20-06754 WHA, 2020 WL 6822880 (N.D. Cal. Nov. 20, 2020) ......................... 17

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ..................................................................................................... 7

*Leek v. Cooper*,
   194 Cal. App. 4th 399 (2011) .................................................................................... 10

*Levita Magnetics Int'l Corp. v. Attractive Surgical, LLC*,
   No. 19-CV-04605-JSW, 2020 WL 4580504 (N.D. Cal. Apr. 1, 2020) ......................... 7

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
   312 U.S. 270 (1941) ..................................................................................................... 5

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) .................................................................................................. 4, 5

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008) ................................................................................... 14

*Microsoft Corp. v. DataTern, Inc.*,
   755 F.3d 899 (Fed. Cir. 2014) ..................................................................................... 5

*Prasco, LLC v. Medicis Pharm. Corp.*,
   537 F.3d 1329 (Fed.Cir. 2008) .................................................................................... 6

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998) .............................................................................. 5, 11

*Serco Servs. Co., L.P. v. Kelley Co.*,
   51 F.3d 1037 (Fed. Cir. 1995) ................................................................................... 14

*Square, Inc. v. Morales*,
   No. C 13-01431 SBA, 2013 WL 6199281 (N.D. Cal. Nov. 27, 2013) ......................... 12

*Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd.*,
   No. 17-CV-02191-SK, 2024 WL 2193311 (N.D. Cal. May 14, 2024) ...................... 8, 10

*Tingley v. Ferguson*,
   47 F.4th 1055 (9th Cir. 2022) ................................................................................... 15

*Walden v. Fiore*,
    571 U.S. 277 (2014) ................................................................................ 11

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .................................................................................. 7

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
    218 F.R.D. 663 (N.D. Cal. 2003)............................................................. 15

*Zoho Corp. Pvt. Ltd. v. HubSpot, Inc.*,
    No. 20-CV-01573-RS, 2020 WL 7133770 (N.D. Cal. Apr. 24, 2020)............................ 15

## STATUTES:

28 U.S.C. § 2201 ....................................................................................1, 2, 4

35 U.S.C. § 101 ............................................................................................ 2

Article III of the United States Constitution ................................................... 1

## RULES:

FED. R. EVID. 201................................................................................... 2

FED. R. CIV. P. 12(b) ........................................................................*passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant CM HK Ltd. ("CM HK") moves to dismiss Samsung's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), the Declaratory Judgment Act, and the first-to-file rule.

From the outset, Samsung cannot meet the constitutional requirement of a concrete, immediate case or controversy because Samsung's complaint fails to identify any instance in which CM HK accused Samsung of infringing the four patents at issue prior to Samsung filing suit. U.S. Const. art. III; 28 U.S.C. § 2201. This lack of an actual case or controversy at the time of filing deprives the Court of subject-matter jurisdiction and the case should be dismissed under Rule 12(b)(1).

Moreover, CM HK is a Hong Kong company with no business operations, offices, or employees in California; it is neither an alter ego nor a successor of CyWee. Consequently, this Court lacks personal jurisdiction over CM HK under Rule 12(b)(2).

In addition, Samsung's race to the courthouse—filed to preempt CM HK's subsequent suit in the Eastern District of Texas—epitomizes "anticipatory" litigation disfavored by courts, and it justifies dismissal under both the Declaratory Judgment Act and the first-to-file rule.

Finally, the complaint does not plausibly allege any factual basis for noninfringement and thus fails under Rule 12(b)(6).

Each of these defects warrant dismissal of the action in its entirety.

### II.    STATEMENT OF FACTS

**A. CyWee's lawsuit against Samsung in the Eastern District of Texas.**

More than seven years ago on February 17, 2017, CyWee Group, Ltd. ("CyWee") filed an action styled *CyWee Group Ltd. v. Samsung Electronics Co., Ltd. et al*, Case No. 2:17-cv-00140-RWS-RSP (E.D. Tex) (the "CyWee 2017 Action"). Dkt. 24 at ¶ 21.

In the CyWee 2017 Action, CyWee accused Samsung of infringing U.S. Patent Nos.

8,441,438 ("'438 Patent") and 8,552,978 ("'978 Patent") (collectively the "Predecessor Patents"). Dkt. 24 at ¶ 21. "The '438 and '978 Patents are in the same family as the Patents-in-Suit and cover similar motion sensing technology." Dkt. 24 at ¶ 15.

Importantly, in the CyWee 2017 Action, Samsung admitted that "it has transacted business in the state of Texas" and did "not dispute personal jurisdiction in the Eastern District of Texas in this case only." Ex. 5 at ¶¶ 9-10. CyWee and Samsung vigorously litigated the CyWee 2017 Action. The Court denied Samsung's Motion for Summary Judgment of Invalidity under 35 U.S.C. § 101 because the claims "are directed to a means of using the inputs from six-axis and nine-axis sensors to track the orientation status of the 3D pointing device and correct errors associated with conventional motion detectors." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140-WCB, 2018 WL 5831241, at *6 (E.D. Tex. Nov. 7, 2018) (Bryson, J.).[1]

However, shortly before trial, the court granted Samsung's motion to stay the case in favor of three third-party *inter partes* reviews. The IPRs eventually resulted in all the asserted claims of the Predecessor Patents being found unpatentable. Dkt. 24 at ¶ 22.

**B. Samsung filed this case to beat CM HK's suit in the Eastern District of Texas.**

On September 18, 2024, Samsung filed this declaratory judgment action seeking a declaration that it does not infringe certain claims of U.S. Patents Nos. 10,275,038 (the "'038 Patent"), 10,817,072 (the "'072 Patent"), 10,852,846 (the "'846 Patent"), and 11,698,687 (the "'678 Patent") (collectively "Patents-at-Issue"). Samsung has since filed two "corrected" complaints on October 16, 2024 and October 24, 2024. Dkts. 20, 24.

**C. CM HK filed suit in the Eastern District of Texas.**

On November 1, 2024, CM HK filed suit against Samsung  in the Eastern District of Texas accusing Samsung of infringing claims 1, 2, 7, and 8 of the '846 Patent and claims 1,

---

[1] CM HK requests that the Court take judicial notice under FED. R. EVID. 201 of all pleadings cited herein from *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140-WCB (E.D. Tex.).

2, 3, 9, 14, 15, 16, 22 of the '678 Patent. Ex. 6. With its complaint, CM HK included detailed infringement allegations mapping each claim element onto specific source code and hardware. *See* Ex. 6. In addition, CM HK served its preliminary infringement contentions and accompanying document production on January 7, 2025. Declaration of Christopher L. Evans ("Evans Decl.") ¶ 10.

**D. CyWee and CM HK are separate entities with different ownership.**

Defendants CyWee and CM HK are separate corporate entities. Declaration of Dr. Shun-Nan Liou ("Liou Decl.") ¶ 21-24.

In 2014, CyWee approved a plan to spin-off its Motion Business Unit into two subsidiaries, CyWee Motion Inc. and CyweeMotion Ltd. Liou Decl. ¶ 12. Shortly after incorporation, directors were appointed at CyweeMotion Ltd. and it began operating independently from CyWee. Liou Decl.¶ 15. CyweeMotion Ltd.'s board appointed Dr. Liou to be its CEO. Liou Decl.¶ 16.

In 2016, to facilitate fund raising, CyweeMotion Ltd. decided to restructure by incorporating a new Cayman Islands company called CyweeMotion Group Ltd. as a fund raising and holding entity. Liou Decl.¶ 17. Several new companies were also incorporated as part of this effort.

On March 8, 2016, CM Investment Inc. was incorporated in Samoa. Liou Decl. ¶ 19. CM Investment Inc. is 100% owned by CyWee Motion Group Ltd. Liou Decl. ¶ 20.

On March 30, 2016, CM HK Ltd. was incorporated in Hong Kong. Liou Decl. ¶ 21. CM HK Ltd. is 100% owned by CM Investment Inc. Liou Decl. ¶ 23.

Defendant CyWee owns approximately 39.28% of CyweeMotion Group Ltd. Liou Decl. ¶ 8. CyweeMotion Group Ltd. maintains its finances in accounts that are separate from CyWee. Liou Decl.¶ 26. CyweeMotion Group Ltd. has seven directors on its board, composed of three appointed by CyWee, three appointed by other entities, and Dr. Liou as the Chairman of the Board. Liou Decl.¶¶ 9-10. CyweeMotion Group Ltd. has always operated independently from CyWee. Liou Decl.¶¶ 9, 10, 15, 18.

CM HK is a separate entity from CyWee, governed by its own management structure. Liou Decl. ¶¶ 21, 24. CM HK makes its decisions independent from the CyWee. Liou Decl. ¶ 24. CM HK maintains its finances in accounts that are separate from the CyWee. Liou Decl. ¶ 26. CM HK has never been CyWee's agent. Liou Decl. ¶ 28. CM HK has never had an office nor has it ever conducted business in California. Liou Decl. ¶¶ 29, 30.

Below is a diagram of the corporate structure of the CyweeMotion business group:



Liou Decl. ¶ 24.

## III.  ARGUMENT

**A. Samsung's claims should be dismissed under Rule 12(b)(1) because the Court lacks subject matter jurisdiction under Article III and the Declaratory Judgment Act.**

Samsung's declaratory judgment complaint must be dismissed because no "actual case or controversy" existed when suit was filed as required by 28 U.S.C. § 2201(a) and Article III of the U.S. Constitution. To invoke federal court jurisdiction for a declaratory judgment action in the patent context requires that the parties must have a concrete dispute regarding specific patents and claims that are allegedly infringed. See *MedImmune, Inc. v. Genentech,*

*Inc.*, 549 U.S. 118, 127 (2007) (requiring "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality").

Declaratory-judgment actions of noninfringement require some identification of the allegedly infringed patents or claims. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014). Yet Samsung's complaint fails to identify a single communication from CM HK that ever identified a specific patent or claim:

> … Defendants' counsel proposed a license to Defendants' patent portfolio and sent a list of 82 patents and applications that either Defendants or its affiliates own worldwide. Dkt. 24 at ¶ 28.
>
> On July 25, 2024, Defendants' counsel informed Samsung via email that CyWee had identified two patents they believed to be infringed by Samsung, both having been prosecuted with art from the IPRs. Dkt. 24 at ¶ 32.
>
> On August 13, 2024, Defendants' counsel and Samsung's counsel met via telephone conference. Defendants' counsel stated that CM HK would not transfer patents back to CyWee. Defendants' counsel state that CM HK was instead was planning to file a new lawsuit based on recently filed patents and stating that CM HK's representative Mr. Shey was available to meet with Samsung to discuss a license. Dkt. 24 at ¶ 37.

CM HK's general mention of two unidentified patents "believed to be infringed" does not create an "actual case or controversy" regarding the *four* patents at issue in the complaint. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("a patentee should not subject itself to personal jurisdiction … solely by informing a party who happens to be located there of suspected infringement").

If mere references to "beliefs" that unidentified patents are possibly infringed or past prosecution efforts were sufficient to create an actual case or controversy, every patent holder's generic statements about its portfolio "being widely used" could trigger declaratory judgment suits. The Constitution requires more. *MedImmune*, 549 U.S. at 127. The Supreme Court has emphasized that an actual controversy must be be "'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Without specific patent numbers or a

meaningful indication that CM HK alleged infringement of those four patents, Samsung's request amounts to a speculative inquiry—asking the Court to declare noninfringement of patents CM HK never actually placed at issue or threatened to sue upon. This falls short of satisfying the actual case-or-controversy requirement of Article III and the Declaratory Judgment Act.

And allowing a declaratory judgment action to proceed on unspecified patents would undermine judicial economy and risk opening the courts to broad fishing expeditions. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed.Cir. 2008) (no declaratory judgment jurisdiction where there was no "showing that this threat was real, imminent, and traceable to defendants"). This is underscored by CM HK's subsequent lawsuit filed in the Eastern District of Texas where it alleged infringement of only two patents, not the four at issue here. Ex. 6 at ¶ 16. Below is a table of summarizing Samsung's noninfringement allegations from this case compared to CM HK's infringement allegations in the E.D. Texas:

| Patent | N.D. Cal. | E.D. Tex. |
|---|---|---|
| 10,275,038 | 1 & 13 | Not Asserted |
| 10,817,072 | 1 & 10 | Not Asserted |
| 10,852,846 | 1 & 7 | 1, 3, 7, 9 |
| 11,698,687 | 1, 14, & 27 | 1, 2, 3, 4, 5, 6, 7, 12, 14, 25 |

Dkt. 24 at ¶¶ 70, 76, 82, 88; Evans Decl. ¶ 5. Samsung's inability to identify the actual patents or the claims that CM HK intended to assert against it only underscores the lack of an actual controversy at the inception of this suit.

Because CM HK never specifically accused Samsung of infringing any of the four patents and subsequently sued on only two of them in the Eastern District of Texas—

1    thereby confirming no controversy exists as to the others—there is no actual case or

2    controversy as required for declaratory relief. The Court should dismiss Samsung's

3    declaratory judgment claims for lack of subject matter jurisdiction.

4    **B. Samsung's claims should be dismissed under Rule 12(b)(2) because the Court lacks**

5    **general jurisdiction over CM HK.**

6    Under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction.

7    *Levita Magnetics Int'l Corp. v. Attractive Surgical, LLC*, No. 19-CV-04605-JSW, 2020 WL

8    4580504, at *2 (N.D. Cal. Apr. 1, 2020). General jurisdiction exists only when a foreign

9    corporation's contacts are so continuous and systematic that it is "at home" in the forum—

10   typically where it is incorporated or maintains its principal place of business. *Daimler AG v.*

11   *Bauman*, 571 U.S. 117, 127, 137 (2014).

12   CM HK is not incorporated in California, has no physical presence or operations there,

13   does not own or rent property in the state, and has no employees in California. Liou Decl.

14   ¶¶ 20, 21, 27, 28, 30. Samsung makes no contrary allegations. Accordingly, the Court

15   should dismiss the complaint against CM HK for lack of general jurisdiction.

16   **C. Samsung's claims should be dismissed under Rule 12(b)(2) because Court lacks**

17   **specific jurisdiction over CM HK.**

18   Samsung has also failed to demonstrate that the Court may exercise specific jurisdiction

19   over CM HK. The specific jurisdiction analysis is two-fold. First, the Court must determine

20   whether a defendant has such minimum contacts with California that the defendant "should

21   reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson*,

22   444 U.S. 286, 297 (1980). Then, if a defendant's actions create sufficient minimum contacts,

23   the Court must consider whether the exercise of personal jurisdiction over the defendant

24   offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co., Ltd.*

25   *v. Superior Court of California, Solano County*, 480 U.S. 102, 105 (1987) (quoting *Int'l Shoe Co.*

26   *v. Washington,* 326 U.S. 310, 316 (1945)).

27   Samsung has failed to demonstrate that CM HK has sufficient minimum contacts with

28

1  California for the Court to exercise specific jurisdiction. Samsung is seeking a declaratory

2  judgment that none of its mobile devices (an undefined term) infringe certain claims of the

3  Patents-in-Suit. Dkt. 24 at ¶ 1. And Samsung makes two allegations to show that the Court

4  has specific jurisdiction over CM HK: (1) CM HK is CyWee's agent, alter ego, or successor

5  and (2) CM HK's "numerous communications asserting patent infringement directed

6  towards Samsung's counsel in California." Dkt. 24 at ¶¶ 11, 12, 17, 18. Neither allegation is

7  adequate for the Court to exercise specific jurisdiction over CM HK.

8      **1. Samsung has failed to plead any facts sufficient to show that CM HK is an alter**

9          **ego, successor, or agent of CyWee.**

10     Samsung's attempt to cast CM HK as CyWee's "agent, alter ego, and/or successor" is

11 wholly unsupported. Under Federal Circuit law, an alter ego theory must satisfy the

12 pertinent state standard—here, California's two-prong test requiring: (1) such a unity of

13 interest and ownership that the entities' separate personalities cease to exist, and (2) an

14 inequitable result if the corporate form is honored. *Celgard, LLC v. SK Innovation Co.*, 792

15 F.3d 1373, 1379 (Fed. Cir. 2015); *Chubchai v. AbbVie, Inc.*, 599 F. Supp. 3d 866, 874 (N.D.

16 Cal. 2022).

17     The first prong requires "such 'pervasive control' that it can only be met where a parent

18 corporation 'dictates every facet of the subsidiary's business—from broad policy decisions to

19 routine matters of day-to-day operation.'" *Chubchai*, 599 F. Supp. 3d at 875. And when

20 assessing this prong court's consider nine factors: "[1] the commingling of funds and other

21 assets of the entities, [2] the holding out by one entity that it is liable for the debts of the

22 other, [3] identical equitable ownership of the entities, [4] use of the same offices and

23 employees, [5] use of one as a mere shell or conduit for the affairs of the other, [6]

24 inadequate capitalization, [7] disregard of corporate formalities, [8] lack of segregation of

25 corporate records, and [9] identical directors and officers." *Id.*

26     "The second prong of the alter ego test thus requires Sun to show "facts sufficient to

27 demonstrate that conduct amounting to bad faith makes it inequitable for the corporate

28 MOTION TO DISMISS: CASE NO. 4:24-cv-06567-JST

1    owner to hide behind the corporate form." *Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp.*

2    *Ltd.*, No. 17-CV-02191-SK, 2024 WL 2193311, at *14 (N.D. Cal. May 14, 2024). And

3    "merely being unable to collect is not inequity." *Id.*

4        Samsung has failed to allege facts sufficient to meet either prong. First, Samsung's

5    allegations that CM HK and CyWee Group have "some of the same employees, directors,

6    officers, and ownership" are insufficient to show the level of *pervasive control* required to

7    meet the first prong. *Chubchai*, 599 F. Supp. 3d at 874. In reality, CM HK is wholly owned

8    by CM Investment Inc.—not CyWee. ¶¶ 23-24. CyWee has a minority stake in CM HK's

9    great grand-parent company, CyWeeMotion Group Ltd. Liou Decl. ¶¶ 8, 24.



21   There are no commingling of funds and CM HK observes corporate formalities, including

22   separate board meetings and records. Liou Decl. ¶¶ 25, 27, 28, 29, 32, 34. This refutes any

23   notion of "pervasive control."

24        Second, Samsung cannot show the requisite inequitable result. In fact, Samsung has

25   failed to allege any "conduct amounting to bad faith" that would create an "injustice."

26   Samsung's only allegation of purported injustice is "[f]ailure to disregard the separate

27

28

identifies of Defendants would result in fraus or injustice to Samsung's ability to seek the declaratory judgment relief it seeks with this complaint and to recover any damages resulting from this lawsuit." Dkt. 24 ¶ 55. But "[d]ifficulty in enforcing a judgment does not alone satisfy this element," it requires allegations of "some conduct amounting to bad faith." *Leek v. Cooper*, 194 Cal. App. 4th 399, 418 (2011). And as this Court has held, "merely being unable to collect is not inequity." *Sun Grp. U.S.A. Harmony City*, 2024 WL 2193311, at *14. Accordingly, Samsung has also failed to plead the requisite injusitice to support its alter ego theory.

Nor can Samsung salvage its case through a successor-liability theory. California law recognizes successor liability only when a transaction "amounts to a consolidation or merger" with the predecessor. *CenterPoint Energy, Inc. v. Superior Ct.*, 157 Cal. App. 4th 1101, 1120 (2007). Samsung's only alleged transaction is "transferring CyWee's IP to CM HK," which is factually incorrect. Dkt. 24 at ¶ 52. CyWee assigned its IP to CyweeMotion HK Ltd. in 2016, and it was CyweeMotion HK Ltd.—not CyWee—that later transferred the IP to CM HK. Liou Decl. ¶¶ 35-42; Exs. 1–4. So no consolidation or merger could have occurred between CM HK and CyWee because no transaction between them occurred.

Finally, the suggestion that CM HK serves as CyWee's "agent" similarly fails. CM HK has never assumed CyWee's liabilities, never acted on its behalf, and never disregarded corporate formalities. Liou Decl. ¶ 25, 27, 28, 29, 32, 34. Because Samsung fails to show unity of interest, commingling, or any injustice—let alone a de facto merger—its allegations fall far short of establishing alter ego, agency, or successor liability.

Accordingly, Samsung's alter ego, agency, and successor liability allegations fail.

**2. CM HK's communications with an attorney representing Samsung who happens to live in California is not a sufficient basis for exercising personal jurisdiction over CM HK.**

Next, Samsung's alleges that CM HK's Dallas-based attorney sent emails to Samsung's San Diego-based counsel are also not sufficient to establish personal jurisdiction over CM

HK. Dkt. 24 at ¶ 11.

In the context of an accused infringer's declaratory judgment action, the specific personal jurisdiction inquiry looks to determine to what extent has the defendant patentee "purposefully directed [such enforcement activities] at residents of the forum," and the extent to which the declaratory judgment claim "arises out of or relates to those activities." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). For the Court to exercise personal jurisdiction there must be activities directed at the forum and related to the cause of action in addition to letters threatening an infringement suit because to exercise jurisdiction in such a situation would not 'comport with fair play and substantial justice.'" *Id.* at 1333. As a result, "a patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement." *Red Wing Shoe*, 148 F.3d at 1361. Likewise, the Supreme Court has confirmed that "the plaintiff cannot be the only link between the defendant and the forum;" rather, personal jurisdiction must arise from the defendant's own contacts with the forum state, not merely contacts with an individual residing there. *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Here, the connections to California are even more attenuated because neither Plaintiff resides in California—Samsung Electronics Co. Ltd. is incorporated and headquartered in Korea, and Samsung Electronics America, Inc. is incorporated in New York and headquartered in New Jersey. Dkt. 24 ¶¶ 5–6. And CM HK's counsel, who is alleged to have sent the communications, resides in Texas.

As a result, this cases only connection to California is that Samsung's counsel happens to be located there. Dkt. 24 at 18 ("This Court has personal jurisdiction over both Defendants in light of their numerous communications asserting patent infringement directed towards Samsung's counsel in California."). None of the parties reside in California. None of the alleged enforcement communications were sent by CM HK personnel located in California. All CM HK is alleged to have done is authorize its counsel

in Texas to send emails to Samsung's counsel in San Diego that were intended for Samsung's decisionmakers in Korea. Dkt. 24 at ¶ 11. And these alleged communications were sent by CM HK's counsel in the context of his prior representation of CyWee against Samsung in the CyWee 2017 Action. Dkt. 24 at ¶¶ 20-46.

Accordingly, nothing sent by CM HK through counsel was intentionally targeted toward a party residing in California. Even if those emails were targeted at a California resident, they would still not be sufficient because "a patent owner may … send [infringement] letters to a suspected infringer … without being subjected to personal jurisdiction in the suspected infringer's home state." *Berkeley Lights, Inc. v. AbCellera Biologics Inc.*, No. 20-CV-05957-JSW, 2021 WL 4497874, at *6 (N.D. Cal. Jan. 29, 2021). This Court has held that a patentee sending "a series of emails … accusing Square of infringing" and trying to "meet in person with Square's legal counsel in San Francisco" were "insufficient to satisfy the requirements of due process to subject Morales to specific personal jurisdiction in this forum." *Square, Inc. v. Morales*, No. C 13-01431 SBA, 2013 WL 6199281, at *5 (N.D. Cal. Nov. 27, 2013). CM HK's contacts with California are more attenuated than either of those cases.

Therefore, Samsung failed to plead facts sufficient to demonstrate that the Court has specific jurisdiction over CM HK. Samsung's claims against CM HK must be dismissed under Rule 12(b)(2).

**3. Exercising jurisdiction over CM HK would not be constitutionally reasonable.**

Even if the purposeful availment requirement for specific jurisdiction is satisfied, the relevant "fair play and substantial justice" factors must be weighed to determine if jurisdiction would be constitutionally reasonable. The Federal Circuit has articulated five factors to consider whether the exercise of personal jurisdiction is constitutionally reasonable: "1) the burden on the defendant, 2) the interests of the forum state, 3) the plaintiff's interest in obtaining relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and 5) the shared interest of the several states in furthering fundamental substantive social policies." *Deprenyl Animal Health, Inc. v.*

1   *University of Toronto Innovations Foundation*, 297 F.3d 1343, 1355 (Fed. Cir. 2002). Here all

2   four relevant factors weigh against jurisdiction.

3       First, CM HK would be heavily burdened if forced to adjudicated in California. CM HK

4   is a small company headquartered in Hong Kong. Liou Decl. ¶ 22. It has never done

5   business in California. Liou Decl. ¶¶ 30-33. Being required to defend this action here while

6   simultaneously prosecuting its affirmative infringement case in the Eastern District of Texas

7   would be a substantial burden on the company's time and resources.

8       Second, California has no interest in this case. None of the parties are California

9   residents, three of the four parties are overseas corporations, and the only domestic party is

10  a New York corporation with its principal place of business in New Jersey. Dkt. 24 at ¶¶ 5-

11  8. The only connection to California is that Samsung's counsel lives in San Diego and

12  allegedly received emails there. That is the only tenous connection to California.

13      Third, Samsung can obtain its desired relief in other forums. While a plaintiff has an

14  interest in obtaining relief in its home forum, Plaintiffs are Korean and New York/New

15  Jersey residents respectively. Dkt. 24 at ¶¶ 5-6. California is not Plaintiffs' home forum and

16  there is no allegation or suggestion that any relevant witnesses, employees, or documents

17  are located in California.

18      Fourth, the interstate judicial system would benefit from dismissal of this case because it

19  will be more efficiently adjudicated in the Eastern District of Texas. The Eastern District of

20  Texas has substantial experience adjudicating the Predecessor Patents through claims

21  construction and summary judgment. And Samsung has admitted jurisdiction and venue

22  are proper in the Eastern District of Texas. Ex. 5 at ¶¶ 8-10.

23      Fifth, this case does not involve any substantive social policies. This factor is not

24  relevant.

25      Accordingly, the Court should decline to exercise jurisdiction because all four relevant

26  factors weigh against jurisdiction.

27

28  MOTION TO DISMISS: CASE NO. 4:24-cv-06567-JST

**D. The Court should dismiss under bothe the declaratory judgement act and the first-to-file rule because this case is an anticipatory lawsuit brought solely to secure Samsung's preferred forum.**

This Court should exercise its discretion under the Declaratory Judgment Act and the first-to-file rule to dismiss Samsung's declaratory judgment action in favor of the infringement suit filed by CM HK in the Eastern District of Texas. The Supreme Court has emphasized that district courts have broad discretion to refuse declaratory relief "where it would be uneconomical as well as vexatious for a federal court to proceed…." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).

The general rule is that the first-filed action is preferred, even if it is declaratory, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995). But "trial courts have discretion to make exceptions to this general rule in the interest of justice or expediency," and the Federal Circuit has recognized that such "exceptions are not rare." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). For example, a district court may consider "a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory action…" *Id.*. "Other factors include the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation." *Id.*

Importantly, in circumstances like those here, when one of two competing suits in a first-to-file analysis is a declaratory judgment action, district courts enjoy a "double dose" of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions. *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020). Facing an almost identical fact pattern (anticipatory declaratory judgment filed after threat of infringement suit in another forum), the Federal Circuit upheld the district court's

1    decision to exercise its discretion to dismiss the declaratory judgment action. *Id.* at 1363-
2    1366.

3    And this suit is an example of a "bad faith, anticipatory suit, and forum shopping."
4    *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (internal citations
5    omitted). Samsung raced to file this declaratory judgment action to gain a perceived venue
6    advantage and to try and prevent it from having to litigate against CM HK in the Eastern
7    District of Texas. Dkt. 24 at ¶¶ 20-46. This Court disfavors such "anticipatory suits …
8    because they are examples of forum shopping" *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218
9    F.R.D. 663, 665 (N.D. Cal. 2003) (internal citations omitted). "'The Declaratory Judgment
10   Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and
11   timing, precipitating a disorderly race to the courthouse.'" *Zoho Corp. Pvt. Ltd. v. HubSpot,
12   Inc.*, No. 20-CV-01573-RS, 2020 WL 7133770, at *4 (N.D. Cal. Apr. 24, 2020) (quoting *Z-
13   Line Designs*, 218 F.R.D. at 665). Equity "militates in favor of allowing the second-filed
14   action to proceed to judgment rather than the first when "a declaratory judgment action has
15   been triggered by a cease and desist letter." *Id.*

16   Accordingly, the Court should exercise its "double dose" of discretion and dismiss
17   Samsung's declaratory action claims under both the first-to-file doctrine and the Declaratory
18   Judgment Act.

19   **E. Samsung's claims should be dismissed under Rule 12(b)(6) because Samsung failed**
20   **to plausibly plead a claim of noninfringement.**

21   Separately, this Court should also dismiss this case because Samsung has failed to state a
22   claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal under
23   Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual
24   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.
25   Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Dismissal is appropriate when there is a
26   "lack of a cognizable legal theory or the absence of sufficient facts alleged under a
27   cognizable legal theory." *Tingley v. Ferguson*, 47 F.4th 1055, 1066 (9th Cir. 2022).

28

And since noninfringement claims are the "mirror image" of infringement claims, they must also comply with the *Twombly/Iqbal* pleading standard. *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017) ("… inasmuch as a pleading seeking declaratory judgment of non-infringement is the "mirror image" of a pleading asserting claims of infringement, both are subject to the same pleading standard."). A claim of noninfringement "must also set forth factual allegations showing *how* each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent." *Id.* Merely identifying a patent claim element and stating it is not present in the accused product is not sufficient.

Samsung's complaint simply identifies patent claim elements that it alleges that its mobile devices do not "include or practice":

> 70. The accused *Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1 and 10 of the '072 Patent including, but not limited to*: mapping resultant angles onto a plane selected based on orientation, where that orientation is derived from sensor fusion to obtain a trajectory; and recognizing user motion in three-dimensional space for character recognition. To the extent that Samsung mobile devices calculate trajectories or perform character recognition, the devices perform such operation without the need for angle mapping with sensor fusion data.

> 76. The accused *Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1 and 13 of the '038 Patent including, but not limited to* recognizing user motion in three-dimensional space for character recognition. To the extent that Samsung mobile devices perform character recognition, the devices perform such operation in two-dimensional space.

> 82. The accused *Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1 and 7 of the '846 Patent including, but not limited to* obtaining a quaternion by predicting axial accelerations; comparing predicted axial accelerations with measured axial accelerations; and using predicted axial accelerations converted from measured angular velocities. To the extent that Samsung mobile devices calculate quaternions using sensor data, such calculations utilize measured angular velocity and acceleration.

> 88. The accused *Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1, 14 and 27 of the '687 Patent including, but*

1

2

3

4

> *not limited to* obtaining a quaternion by predicting axial accelerations; comparing predicted axial accelerations with measured axial accelerations; and using predicted axial accelerations converted from measured angular velocities. To the extent that Samsung mobile devices calculate quaternions using sensor data, such calculations utilize measured angular velocity and acceleration.

5

Dkt. 24 at ¶¶ 70, 76, 82, 88 (emphasis added).

6

7

8

9

This Court is under no obligation to accept Samsung's legal conclusions as true. *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 272 (N.D. Cal. 2017) ("a court deciding a motion to dismiss must accept as true all factual allegations in the complaint, it is not bound to accept as true legal conclusions couched as factual allegations.").

10

11

12

13

And this scarcity of information is especially notable because Samsung is the party best positioned to analyze its own products and compare its hardware and source code to the claims. This case is nearly identical to the *Google LLC v. Sonos, Inc.* case where the Honorable Judge William Alsup stated that Google's complaint:

14

15

16

17

18

> offers no allegations of fact in support of its five claims of noninfringement. This order repeats, to emphasize that this is not an exaggeration, that Google's complaint offers no allegation of fact in support of the claims of noninfringement. Five times, the complaint alleges "Google does not directly or indirectly infringe the [relevant] patent, either literally or under the doctrine of equivalents, at least because the Google Accused Products do not comprise [a word-for-word recitation of the claim language]."

19

20

21

22

23

24

25

*Google LLC v. Sonos, Inc.*, No. C 20-06754 WHA, 2020 WL 6822880, at *2 (N.D. Cal. Nov. 20, 2020). Other courts have also reached the same result in similar circumstances. *See Aster Graphics, Inc. v. Static Control Components, Inc., No.*, SA CV 17-1167-DOC (JDEX), 2018 WL 2425973, at *6 (C.D. Cal. Feb. 12, 2018) (granting motion to dismiss because the "allegations of noninfringment are sparse: for each noninfringement counterclaim, Aster merely identifies a claim element, and alleges—with no explanation as to how or why—that each element is absent from Aster's products.").

26

Finally, Samsung's noninfringement allegations, even if true, do not plausibly allege a

27

28

---

claim of noninfringement. For example, below are Samsung's identical noninfringment arguments concerning the claims of the '846 and '687 Patents:

> 82. The accused Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1 and 7 of the '846 Patent including, but not limited to obtaining a quaternion by predicting axial accelerations; comparing predicted axial accelerations with measured axial accelerations; and using predicted axial accelerations converted from measured angular velocities. **To the extent that Samsung mobile devices calculate quaternions using sensor data, such calculations utilize measured angular velocity and acceleration**.

> 88. The accused Samsung mobile devices do not include or practice multiple claim limitations of at least claims 1, 14 and 27 of the '687 Patent including, but not limited to obtaining a quaternion by predicting axial accelerations; comparing predicted axial accelerations with measured axial accelerations; and using predicted axial accelerations converted from measured angular velocities. **To the extent that Samsung mobile devices calculate quaternions using sensor data, such calculations utilize measured angular velocity and acceleration**.

The only fact alleged in support of noninfringement is that Samsung's mobile devices "calculate quaternions using sensor data, including measured angular velocity and acceleration." Dkt. 24 ¶¶ 82, 88. But even if true, this allegation would not establish noninfringement. The claims of both the '846 and '687 Patents also utilize measured angular velocity and acceleration to calculate quaternions, as illustrated by claim 1 of the '687 Patent below:

> 1. An electronic device subject to movements and rotations in a spatial reference frame, comprising:

> a motion sensor module having sensor circuitry configured to generate **measured angular velocities** and **measured axial accelerations**; and

> a computing processor having processor circuitry configured to calculate a resulting deviation associated with the movements and the rotations of the electronic device in the spatial reference frame by performing the following in sequence:

> providing a **previous quaternion** corresponding to time T-1 based on the **measured axial accelerations** corresponding to time T-1 and the **measured angular velocities** corresponding to time T-1, without using the **measured angular velocities** corresponding to time T;

converting **measured angular velocities** corresponding to time T, based on the **previous quaternion**, into a **current quaternion** corresponding to time T, without using measured axial accelerations corresponding to time T;

converting variables of the **current quaternion** into predicted axial accelerations corresponding to time T, which is associated with the pitch and roll angles of the electronic device and without being associated with the yaw angle of the electronic device;

comparing the predicted axial accelerations with the **measured axial accelerations** corresponding to time T to obtain a first comparison result;

obtaining an **updated quaternion** associated with time T based on the current quaternion and the first comparison result;

using the **updated quaternion** as a next occurrence of the **previous quaternion**; and

providing the resulting deviation based on the **updated quaternion**;

wherein the processor circuitry is further configured to provide content based on the resulting deviation in the spatial reference frame.

Samsung's allegations are as much an admission of liability as they are proof of noninfringement. Accordingly, the Court should also dismiss Samsung's declaratory action claims under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss Samsung's declaratory judgment complaint. First, Samsung fails to establish an actual case or controversy sufficient to confer Article III standing. Second, CM HK is neither subject to general nor specific personal jurisdiction in California. Third, even if any jurisdiction existed, the Court should exercise its broad discretion to dismiss this anticipatory action under the Declaratory Judgment Act and the first-to-file rule. Finally, Samsung's boilerplate allegations of noninfringement do not meet the Rule 12(b)(6) pleading standard. Dismissing this action will conserve judicial resources and avoid an unnecessary duplication of efforts considering the related action already pending in the Eastern District of Texas. Accordingly, this Court should grant Defendants' motion and dismiss Samsung's claims against CM HK.

Date: January 28, 2025

By: /s/ Christopher L. Evans
Christopher L. Evans (TX Bar No. 24058901)*
OFFOR EVANS PLLC
1122 Jackson Street, #901
Dallas, Texas 75202
Tel: (214) 593-9121
chiji@offorevans.com
chris@offorevans.com
*Pro Hac Vice

*Attorneys for Defendant*
CM HK, LTD.