CHRISTOPHER L. EVANS
chris@offorevans.com
OFFOR EVANS PLLC
1122 Jackson Street, Ste 901
Dallas, TX 75202
Telephone:  1(214) 394-6779

MICHAEL W SHORE
mshore@shorefirm.com
THE SHORE FIRM LLP
5646 Milton Street, Ste 423
Dallas, TX 75206
Telephone:  1(214) 593-9140
Facsimile:  1(214) 593-9111

Attorneys for Defendants
CM HK, Ltd. and CyWee Group Ltd.

JAMES L. JACOBS
jjacobs@gcalaw.com
VALERIE MARGO WAGNER
vwagner@gcalaw.com
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Telephone:  1(650) 428-3900
Facsimile:  1(650) 428-3901

Attorneys for Defendants
CM HK, Ltd. and CyWee Group Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                        Plaintiffs,<br><br>          v.<br><br>CM HK, LTD. AND CYWEE GROUP LTD.,<br><br>                        Defendants. | Case No. **4:24-CV-06567-JST**<br><br>**DEFENDANT CYWEE GROUP LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date: March 20, 2025<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 20, 2025 at 2:00 p.m. or as thereafter as the matter may be heard in the above-entitled Court, the Honorable Jon. S. Tigar presiding, located at the Oakland Courthouse, Courtroom 6, 2nd floor, 1301 Clay Street, Oakland, CA 94612, Defendant CyWee Group Ltd. ("CyWee") will and hereby does move this Court for an order dismissing Plaintiffs Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.'s (collectively "Samsung") Second Corrected Complaint for Declaratory Judgment (Dkt. 24), or the operative complaint, under Article III of the United States Constitution, 28 U.S.C. § 2201 (the Declaratory Judgment Act), Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Dr. Shun-Nan Liou, the Declaration of Chauncy Shey, the Declaration of Christopher L. Evans, the other pleadings and filings on record in this action, as well as the other written or oral argument presented to the Court.

Date: January 28, 2025

By: */s/ Christopher L. Evans*
Christopher L. Evans (TX Bar No. 24058901)*
**OFFOR EVANS PLLC**
1122 Jackson Street, #901
Dallas, Texas 75202
Tel: (214) 593-9121
chiji@offorevans.com
chris@offorevans.com
*Pro Hac Vice Pending
*Attorneys for Respondent*

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     STATEMENT OF FACTS ..................................................................................1

        A. CM HK has been assigned all rights in the Patents-at-Issue since 2017 ......................... ..............1

III.    ARGUMENT ......................................................................................................2

        A.  Samsung's claims should be dismissed under Rule 12(b)(1) because the Court

            lacks subject matter jurisdiction under Article III and the Declaratory Judgment

            Act. .........................................................................................................2

        B. Samsung's claims should be dismissed because the Court lacks general jurisdiction

            over CyWee because CyWee is a foreign entity with no presence in California..........................4

        C. Samsung's claims should be dismissed because the Court lacks specific

            jurisdiction over CyWee because CyWee does not have sufficient contacts with

            California. ................................................................................................4

                1. CyWee has never had a California office.............................................................5

                2. CyWee's Dallas-based counsel's communications with Samsung's San Diego-based

                    attorney does not support specific personal jurisdiction. ...........................................5

                3. CyWee's prior lawsuits were not intentionally directed at California; they were

                    required to be filed in there by the patent venue statute. ...........................................7

IV.     CONCLUSION..................................................................................................8

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>CASES:</u>

3

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County,*
4
   480 U.S. 102 (1987) ............................................................................................ 4

5

*Avocent Huntsville Corp. v. Aten Int'l Co.,*
   552 F.3d 1324 (Fed. Cir. 2008) ......................................................................... 5
6

7

*Berkeley Lights, Inc. v. AbCellera Biologics Inc.,*
   No. 20-CV-05957-JSW, 2021 WL 4497874 (N.D. Cal. Jan. 29, 2021)............ 6
8

*Burger King Corp. v. Rudzewicz,*
9
   471 U.S. 462 (1985) ............................................................................................ 7

10

*CyWee Group Ltd. v. Samsung Electronics Co., Ltd. et al.,*
   Case No. 2:17-cv-00140-RWS-RSP E.D. Tex) .............................................. 1
11

12

*Daimler AG v. Bauman,*
   571 U.S. 117 (2014) ............................................................................................ 4
13

14

*Fina Research, S.A. v. Baroid Ltd.,*
   141 F.3d 1479 (Fed. Cir. 1998) ......................................................................... 2
15

16

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.,*
   248 F.3d 1333 (Fed. Cir. 2001) ......................................................................... 2

17

*Int'l Shoe Co. v. Washington,*
18
   326 U.S. 310 (1945) ............................................................................................ 5

19

*Levita Magnetics Int'l Corp. v. Attractive Surgical, LLC,*
   No. 19-CV-04605-JSW, 2020 WL 4580504 (N.D. Cal. Apr. 1, 2020)............ 4
20

21

*MedImmune, Inc. v. Genentech, Inc.,*
   549 U.S. 118 (2007) ............................................................................................ 2

22

*Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.,*
23
   No. C 10-00129 JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010)............. 3

24

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
25
   148 F.3d 1355 (Fed. Cir. 1998) .....................................................................6, 8

26

*Square, Inc. v. Morales,*
   No. C 13-01431 SBA, 2013 WL 6199281 (N.D. Cal. Nov. 27, 2013) ............ 6

27

28

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC,*
   137 S. Ct. 1514 (2017) ..............................................................................7, 8

*Top Victory Elecs. v. Hitachi Ltd.,*
   No. C 10-01579 CRB, 2010 WL 4722482 (N.D. Cal. Nov. 15, 2010) ............................ 2

*Walden v. Fiore,*
   571 U.S. 277 (2014) ...................................................................................6, 7

*World-Wide Volkswagen Corp. v. Woodson,*
   444 U.S. 286 (1980) ..................................................................................... 4

**STATUTE:**

28 U.S.C. § 2201 ............................................................................................ 2

Title 28 U.S.C. § 1400.................................................................................7, 8

**RULES:**

Fed. R. Civ. P. 12(b) ...............................................................................1, 2, 4, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant CyWee Group Ltd. ("CyWee") moves to dismiss Samsung's claims against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) because CyWee does not own or exclusively license any of the four patents at issue and CyWee is a foreign corporation with no operations in California. These fatal flaws require dismissal of Samsung's claims against CyWee in their entirety

## II.    STATEMENT OF FACTS

**A. CM HK has been assigned all rights in the Patents-at-Issue since 2017.**

CM HK is the current assignee of U.S. Patents Nos. 10,275,038 ("the '038 Patent"), 10,817,072 ("the '072 Patent"), 10,852,846 ("the '846 Patent"), and 11,698,687 ("the '678 Patent") (collectively, "Patents-in-Suit"), as listed on the face of all four of the Patents-in-Suit and in the PTO's assignment database.

On March 28, 2016, CyWee assigned its worldwide patent portfolio, except the two patents asserted in the CyWee 2017 Action,[1] to CyweeMotion HK Ltd. Ex. 1.

On March 31, 2017, CyweeMotion HK Ltd. assigned the entire portfolio to CM HK. Ex. 2. The '038 Patent issued on April 30, 2019, the '072 Patent on October 27, 2020, the '846 Patent on December 1, 2020, and the '678 Patent on July 11, 2023. Exs. 7-10.

On September 25, 2024, CyweeMotion HK Ltd. reaffirmed its assignment of all U.S. patents, including the Patents-in-Suit, to CM HK. Ex. 3. The assignment was publicly recorded at the USPTO on September 25, 2024—a month before Samsung filed its Second Corrected Complaint for Declaratory Judgement on October 24, 2024. Ex. 4; Dkt. 24.

Samsung's complaint contains no allegations that CyWee is an assignee, owner, or licensee to any of the Patents-in-Suit. Instead, Samsung admits that "CM HK owns all right, title, and interest" in each of the four patents that Samsung seeks a declaration of

---

[1] *CyWee Group Ltd. v. Samsung Electronics Co., Ltd. et al*, Case No. 2:17-cv-00140-RWS-RSP (E.D. Tex).

noninfringement. Dkt. 24 at ¶¶ 68, 74, 80, 86.

## III. ARGUMENT

### A. Samsung's claims should be dismissed under Rule 12(b)(1) because the Court lacks subject matter jurisdiction under Article III and the Declaratory Judgment Act.

Samsung's complaint for declaratory relief does not present a case or controversy as it relates to CyWee because CyWee is neither the owner nor the exclusive licensee of any of the Patents-in-Suit.

Jurisdiction under the Declaratory Judgment Act and Article III of the Constitution requires an "actual controversy." 28 U.S. § 2201(a); *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (explaining that "the phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases" and "Controversies' that are justiciable under Article III). According to the Federal Circuit to "determine whether there is an actual controversy in declaratory judgment actions involving allegations of patent noninfringement, invalidity, or unenforceability" there must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998).

And the burden is on the plaintiff Samsung "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [complaint] was filed." *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1340 (Fed. Cir. 2001). This Court has held that "[i]n order for a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant must have a legal right in the patent at issue that would allow the defendant to bring suit for infringement." *Top Victory Elecs. v. Hitachi Ltd.*, No. C 10-01579 CRB, 2010 WL 4722482, at *2 (N.D. Cal. Nov. 15, 2010).

Accordingly, a declaratory judgment action "must be dismissed for lack of standing if

1  the plaintiff fails to name the patent owner, assignee, or exclusive licensee, even if the

2  plaintiff was led to believe that the named defendant was in fact the patent owner." *Id.*; *see*

3  *also Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*, No. C 10-00129 JSW, 2010 WL

4  1691862, at *3 (N.D. Cal. Apr. 23, 2010) ("In a case brought as a declaratory relief claim, a

5  district court must dismiss the complaint where the party sued is neither the patent owner or

6  the exclusive licensee of the patent owner.").

7    CyWee is not the owner, assignee, or exclusive licensee of any of the four Patents-in-

8  Suit, has never had standing to assert the Patents-in-Suit, and has never threatened to do so.

9    On March 28, 2016, CyWee assigned to CyweeMotion HK Ltd. all "patents and patent

10  applications set forth on **Annex A**" and "all technologies CyWee owns or licenses in

11  relation to the 3D motion business." Ex. 1 at 1. Annex A included Patent Application

12  Number 13/072,794 that is the direct parent of the '846 patent and is also directly related to

13  the other three patents at issue in this case. Dkt. 24 at 15.

14    Approximately a year later, CyweeMotion HK Ltd. assigned to CM HK its "entire right,

15  title and interest in and to: (a) the patent applications and patents listed below; and (b) all

16  reissues, reexaminations, and extensions … of such patent." Ex. 2 at 1. The assignment also

17  included "all rights (i) in and to causes of action and enforcement rights for the Patent

18  Rights including all rights to pursue damages, injunctive relief and other remedies for past,

19  present, and future infringement of the Patent Rights, (ii) the right to apply (or continue

20  prosecution) in any and all countries of the world for patents …" *Id.* at 2.

21    On September 24, 2024, CyweeMotion HK Ltd. quitclaim assigned the '846, '687, '038,

22  and '072 Patents to CM HK and recorded that assignment at the PTO. Ex. 3 at 3-4; Ex. 4.

23  As a result, CM HK is correctly listed as the assignee on the face of each of the Patents-in-

24  Suit. Exs. 7-10.

25    Samsung's also alleges that "CM HK owns all right, title, and interest" in each of the

26  asserted patents. Dkt. 24 at ¶¶ 68, 74, 80, 86. Samsung's complaint never alleges that

27  CyWee has any interest in any of the Patents-in-Suit, yet Samsung sued CyWee anyway. *See*

28

1    *generally* Dkt. 24.

2        And since it is not the assignee, owner, or exclusive licensee, CyWee lacks standing to

3    file suit against Samsung for infringement of any of the four patents at issue and has never

4    possessed such standing.

5        Therefore, all claims against CyWee should be dismissed under Rule 12(b)(1) because

6    the Court lacks subject matter jurisdiction over the claims against CyWee.

7    **B. Samsung's claims should be dismissed because the Court lacks general jurisdiction**

8       **over CyWee because CyWee is a foreign entity with no presence in California.**

9        Under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction.

10   *Levita Magnetics Int'l Corp. v. Attractive Surgical, LLC*, No. 19-CV-04605-JSW, 2020 WL

11   4580504, at *2 (N.D. Cal. Apr. 1, 2020). General jurisdiction exists only when a foreign

12   corporation's contacts are so continuous and systematic that it is "at home" in the forum—

13   typically where it is incorporated or maintains its principal place of business. *Daimler AG v.*

14   *Bauman*, 571 U.S. 117, 127, 137 (2014).

15       CyWee is not incorporated in California, has no physical presence or operations there,

16   does not own or rent property in the state, and has no employees in California. Declaration

17   of Chauncey Shey ("Shey Decl.") ¶¶ 4-11, 10, 11. Samsung makes no contrary allegations.

18   Accordingly, the Court lacks general jurisdiction over CyWee.

19   **C. Samsung's claims should be dismissed because the Court lacks specific jurisdiction**

20       **over CyWee because CyWee does not have sufficient contacts with California.**

21       Samsung has also failed to demonstrate that the Court may exercise specific jurisdiction

22   over CyWee. The specific jurisdiction analysis is two-fold. First, the Court must determine

23   whether a defendant has such minimum contacts with California that the defendant "should

24   reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson*,

25   444 U.S. 286, 297 (1980). Then, if a defendant's actions create sufficient minimum contacts,

26   the Court must consider whether the exercise of personal jurisdiction over the defendant

27   offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co., Ltd.*

28

1  *v. Superior Court of California, Solano County*, 480 U.S. 102, 105 (1987) (quoting *Int'l Shoe Co.*

2  *v. Washington,* 326 U.S. 310, 316 (1945)).

3      Samsung has failed to demonstrate that CyWee has sufficient minimum contacts with

4  California for the Court to exercise specific jurisdiction. Samsung is seeking a declaratory

5  judgment that its mobile devices (an undefined term) do not infringe certain claims of the

6  Patents-in-Suit. Dkt. 24 at ¶ 1. Samsung makes three specific jurisdiction allegations

7  concerning CyWee: (1) CyWee has an office in Santa Clara, California, (2) CyWee's

8  "numerous communications asserting patent infringement directed towards Samsung's

9  counsel in California," and (3) CyWee's prior lawsuits in California enforcing related

10  patents. Dkt. 24 at ¶¶ 11, 12, 14, 15, 16, 17, 18. But these allegations do not support this

11  Court's exercise of specific jurisdiction over CyWee in this case.

12          **1. CyWee has never had a California office.**

13      CyWee has not had any California business operations since March 27, 2014, which is

14  the date it dissolved its California-subsidiary, CyWee USA Corporation. Shey Decl. ¶ 6-11.

15  Conduct before March 27, 2014 cannot support the exercise specific personal jurisdiction

16  over a decade later.

17          **2. CyWee's Dallas-based counsel's communications with Samsung's San**

18          **Diego-based attorney does not support specific personal jurisdiction.**

19      Next, Samsung's argues jurisdiction exists based on emails sent by CyWee's Dallas-

20  based attorney to Samsung's San Diego-based counsel. Dkt. 24 at ¶ 11. But these allegations

21  do not establish jurisdiction over CyWee.

22      In the context of an accused infringer's declaratory judgment action, the specific

23  personal jurisdiction inquiry looks to determine to what extent has the defendant patentee

24  "purposefully directed [such enforcement activities] at residents of the forum," and the

25  extent to which the declaratory judgment claim "arises out of or relates to those activities."

26  *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). For the Court

27  to exercise personal jurisdiction there must be activities directed at the forum and related to

28

1    the cause of action in addition to letters threatening an infringement suit because to exercise

2    jurisdiction in such a situation would not 'comport with fair play and substantial justice.'"

3    *Id.* at 1333. As a result, "a patentee does not subject itself to personal jurisdiction in a forum

4    solely by informing a party who happens to be located there of suspected infringement." *Red*

5    *Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). Likewise,

6    the Supreme Court in *Walden v. Fiore* confirmed that "the plaintiff cannot be the only link

7    between the defendant and the forum;" rather, personal jurisdiction must arise from the

8    defendant's own contacts with the forum state, not merely contacts with an individual

9    residing there. *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

10    Here, the connections to California are even more attenuated because neither Plaintiff

11    resides in California—Samsung Electronics Co. Ltd. is incorporated and headquartered in

12    Korea, and Samsung Electronics America, Inc. is incorporated in New York and

13    headquartered in New Jersey. Dkt. 24 ¶¶ 5–6. And CyWee's counsel, who is alleged to have

14    sent the communications, resides in Texas.

15    As a result, this cases only connection to California is Samsung's counsel, who happens

16    to live in San Diego, California. Dkt. 24 at ¶ 18 ("This Court has personal jurisdiction over

17    both Defendants in light of their numerous communications asserting patent infringement

18    directed towards Samsung's counsel in California.").

19    Accordingly, nothing sent by CyWee or its lawyers was intentionally targeted toward

20    any California resident(s). And even if those emails were targeted at a California resident,

21    they would still not be sufficient because "a patent owner may … send [infringement] letters

22    to a suspected infringer … without being subjected to personal jurisdiction in the suspected

23    infringer's home state." *Berkeley Lights, Inc. v. AbCellera Biologics Inc.*, No. 20-CV-05957-JSW,

24    2021 WL 4497874, at *6 (N.D. Cal. Jan. 29, 2021). And this Court has held that a patentee

25    sending "a series of emails … accusing Square of infringing" and trying to "meet in person

26    with Square's legal counsel in San Francisco" were "insufficient to satisfy the requirements

27    of due process to subject Morales to specific personal jurisdiction in this forum." *Square, Inc.*

28

1   *v. Morales*, No. C 13-01431 SBA, 2013 WL 6199281, at *5 (N.D. Cal. Nov. 27, 2013).

2   CyWee's attorney's contacts with California are more attenuated than either of those cases.

3       Therefore, Samsung failed to plead facts sufficient to demonstrate that the Court has

4   specific jurisdiction over CyWee. So, Samsung's claims against CyWee must be dismissed

5   under Rule 12(b)(2).

6           **3. CyWee's prior lawsuits were not intentionally directed at California;**

7           **they were required to be filed in there by the patent venue statute.**

8       Samsung's assertion that prior patent-enforcement actions in California automatically

9   establish personal jurisdiction over CyWee in this case overlooks the reality of the patent

10  venue statute. Title 28 U.S.C. § 1400(b) dictates that a patent infringement action "may be

11  brought in the judicial district where the defendant resides, or where the defendant has

12  committed acts of infringement and has a regular and established place of business." *TC*

13  *Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). In many

14  instances, major technology companies, including the defendants in CyWee's prior

15  enforcement actions—Apple, LG, and ZTE—maintain substantial operations in

16  California—thereby compelling suit in California as the most appropriate forum.

17      The mere fact that CyWee followed the law by enforcing *other, related* patents in a

18  mandatory venue does not rise to the level of "purposeful availment." Indeed, compliance

19  with statutory venue requirements is a necessary component of federal civil procedure; it is

20  not an affirmative choice to seek the benefits of any one state's laws. Courts have recognized

21  that resorting to the forum required by statute does not automatically create jurisdiction in

22  subsequent, unrelated suits. *Cf. Walden v. Fiore*, 571 U.S. 277, 285 (2014) (holding that a

23  plaintiff's location alone cannot establish the constitutionally required link).

24      Personal jurisdiction hinges on a defendant's own "deliberate" or "purposeful" contacts

25  with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Where a party

26  is effectively required by federal statute to file in a given forum, the choice of forum is not a

27  "voluntary" act sufficient to confer general or even specific jurisdiction in a later case. As

28  _____

CyWee's Motion to Dismiss: 4:24-cv-06567-JST

the Federal Circuit has stated in the patent context, sending demand letters or even filing suit does not, on its own, create personal jurisdiction for unrelated patent claims or for a separate, subsequent suit. *See Red Wing Shoe*, 148 F.3d at 1361.

CyWee did not deliberately target California's legal protections in choosing to bring its earlier actions there; rather, it was adhering to the *TC Heartland*-reinforced limitations on patent venue. *TC Heartland,* 581 U.S. at 265; 28 U.S.C. § 1400(b). And there are no allegations that CyWee continues to maintain business operations, litigation, or ongoing relationships in California. Instead, CyWee's presence was limited to the prior, discrete enforcement actions required by the patent venue state statute.

Accordingly, CyWee's prior enforcement actions filed in 2014 and 2017 cannot be the basis of personal jurisdiction in this case.

## IV.  CONCLUSION

For the foregoing reasons, CyWee respectfully requests that the Court grant this Motion to Dismiss. Specifically, the Court should dismiss all claims against CyWee under Rule 12(b)(1) and 12(b)(2). Dismissing CyWee from this action will avoid subjecting a non-owner of the Patents-in-Suit to litigate in a forum with which it has no meaningful ties. Accordingly, CyWee asks the Court to enter an order dismissing all claims against it.

1

Date: January 28, 2025

2

By: */s/ Christopher L. Evans*
Christopher L. Evans (TX Bar No. 24058901)*
**OFFOR EVANS PLLC**
1122 Jackson Street, #901
Dallas, Texas 75202
Tel: (214) 593-9121
chiji@offorevans.com
chris@offorevans.com
*Pro Hac Vice

3

4

5

6

7

*Attorney for Defendant*
CyWee Group Ltd.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CYWEE'S MOTION TO DISMISS: 4:24-cv-06567-JST

9