1   ELIZABETH L. BRANN (SB# 222873)
    elizabethbrann@paulhastings.com
2   ARIELL N. BRATTON (SB# 317587)
    ariellbratton@paulhastings.com
3   SASHA VUJCIC (SB# 332766)
    sashavujcic@paulhastings.com
4   PAUL HASTINGS LLP
    4655 Executive Dr., Suite 350
5   San Diego, CA 92121
    Telephone:  1(858) 458-3000
6   Facsimile:  1(858) 458-3005

7   [ADDITIONAL COUNSEL LISTED
    ON SIGNATURE PAGE]
8
    Attorneys for Plaintiffs
9   Samsung Electronics Co., Ltd. and
    Samsung Electronics America, Inc.
10
                    UNITED STATES DISTRICT COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12
                    OAKLAND DIVISION
13

14

15  SAMSUNG ELECTRONICS CO., LTD.       CASE NO. 4:24-CV-06567-JST
    AND SAMSUNG ELECTRONICS
16  AMERICA, INC.,                      **PLAINTIFFS SAMSUNG
                                        ELECTRONICS CO., LTD. AND
17              Plaintiffs,             SAMSUNG ELECTRONICS AMERICA,
                                        INC.'S OPPOSITION IN RESPONSE TO
18      vs.                             DEFENDANT CYWEE GROUP LTD.'S
                                        MOTION TO DISMISS**
19  CM HK, LTD. AND CYWEE GROUP
    LTD.,                               REDACTED VERSION OF
20                                      DOCUMENT FILED UNDER SEAL
                Defendants.
21                                      Date:     March 27, 2025
22                                      Time:     2:00 p.m.
                                        Ctrm:     6, 2nd Floor
23                                      Judge:    Hon. Jon S. Tigar

24                                      DEMAND FOR JURY TRIAL

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   STATEMENT OF FACTS .............................................................................. 1

    A.    History of Communications ................................................................. 1

    B.    Ownership of the Patents-in-Suit Is Cloudy........................................ 4

    C.    CyWee Has Numerous Contacts in This Forum .................................. 6

III.  LEGAL STANDARDS.................................................................................... 7

IV.   ARGUMENT ................................................................................................... 7

    A.    The Court Has Subject Matter Jurisdiction Over CyWee...................... 7

        1.    CyWee May Own the Patents-in-Suit and Has Refused to Produce Documents Clarifying Ownership ................................. 7

        2.    CyWee Holds Equitable Title to the Patents-in-Suit. ................ 9

        3.    There Is a Case or Controversy Between CyWee and Samsung ............... 9

    B.    The Court Has Specific Jurisdiction Over CyWee .............................. 11

        1.    CyWee Has Minimum Contacts with the Forum...................... 11

        2.    CyWee's Threats to Sue Samsung Confer Jurisdiction ........... 13

        3.    Jurisdiction Is Proper Under the Alter-Ego Theory. ............... 14

        4.    It Would Be Reasonable and Fair to Confer Personal Jurisdiction on CyWee........................................... 14

        5.    Jurisdictional Discovery Should Be Permitted in Lieu of Dismissal........ 15

V.    CONCLUSION ............................................................................................... 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

*Acorda Therapeutics Inc. v. Mylan Pharms. Inc*,
817 F.3d 755 (Fed. Cir. 2016) ............................................................................... 15

*ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*,
975 F. Supp. 2d 1083 (N.D. Cal. 2013) ........................................................... 11, 12

*Apple Inc. v. VoIP-Pal.com, Inc.*,
506 F. Supp. 3d 947 (N.D. Cal. 2020) ................................................................... 11

*AT&T v. Compagnie Bruxelles Lambert*,
94 F.3d 586 (9th Cir. 1996) ................................................................................... 15

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ............................................................................... 15

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................................... 14

*Calix Networks, Inc. v. Wi–Lan, Inc.*,
No. 09-06038-CRB-DMR, 2010 WL 3515759 (N.D. Cal. Sept. 8, 2010) ...... 15, 16

*CyWee Grp. Ltd. v. Google LLC*,
59 F.4th 1263 (Fed. Cir. 2023) ................................................................................ 2

*CyWee Grp. Ltd. v. ZTE (USA), Inc.*,
90 F.4th 1358 (Fed. Cir. 2024) ................................................................................ 1

*Delacruz v. Service Corp. Int'l*,
No. 1:18-cv-154-LJO-EPG, 2018 WL 2287962 (E.D. Cal. May 18, 2018) .......... 15

*Ebates Performance Mktg., Inc. v. MyMail, Ltd.*,
No. 20-cv-4768-LHK, 2021 WL 121130 (N.D. Cal. Jan. 13, 2021) ...................... 11

*eMag Sols., LLC v. Toda Kogyo Corp.*,
No. 02-1611-PJH, 2006 WL 3783548 (N.D. Cal. Dec. 21, 2006) .......................... 15

*Fina Rsch, S.A. v. Baroid Ltd.*,
141 F.3d 1479 (Fed. Cir. 1998) ......................................................................... 9, 10

*Google LLC et al. v. CyWee Grp. Ltd.*,
IPR2019-01257 (PTAB Jan. 9, 2020) ...................................................................... 1

*Google LLC et al. v. CyWee Grp. Ltd.*,
IPR2019-01258 (PTAB Jan. 9, 2020) ...................................................................... 1

*Inamed Corp. v. Kuzmak*,
  249 F.3d 1356 (Fed. Cir. 2001)................................................................................... 12

*Le Fiell v. United States*,
  162 Ct. Cl. 865 (Fed. Cl. 1963)..................................................................................... 9

*LegalForce RAPC Worldwide, P.C. v. LegalForce, Inc.*,
  No. 22-cv-3724-TLT, 2023 WL 6930330 (N.D. Cal. Oct. 19, 2023)...................................... 7

*Lyft, Inc. v. Quartz Auto Techs. LLC*,
  No. 21-cv-01871-JST, 2021 WL 6618867 (N.D. Cal. Sept. 7, 2021)................................ 13, 14

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*,
  890 F.3d 995 (Fed. Cir. 2018)....................................................................................... 14

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007).............................................................................................. 9, 10

*Newmatic Sound Systems, Inc. v. Magnacoustics, Inc.*,
  No. C 10-00129 JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010)....................................... 9

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998)..................................................................................... 13

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004)........................................................................................ 7

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004)......................................................................................... 7

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990)........................................................................................ 7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  581 U.S. 258 (2017).................................................................................................. 12

*Top Victory Elecs. v. Hitachi Ltd.*,
  No. C 10-01579 CRB, 2010 WL 4722482 (N.D. Cal. Nov. 15, 2010).............................. 8, 9

*Trimble Inc. v. PerDiemCo LLC*,
  997 F.3d 1147 (Fed. Cir. 2021)..................................................................................... 13

*Twitter, Inc. v. Voip-Pal.com, Inc.*,
  No. 21-cv-02769-LHK, 2021 WL 5085959 (N.D. Cal. Nov. 2, 2021)............................ 11, 12

*United States v. Ogden*,
  No. 20-cv-01691-DMR, 2021 WL 858467 (N.D. Cal. Mar. 8, 2021)...................................... 9

*Walden v. Fiore*,
  571 U.S. 277 (2014).................................................................................................. 12

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
   848 F.3d 1346 (Fed. Cir. 2017) ................................................................................................ 15

*ZTE (USA), Inc. et al. v. CyWee Grp. Ltd.*,
   IPR2019-00143, Dkt. 87 (PTAB Feb. 17, 2021) ......................................................................... 1

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................... 7

Fed. R. Civ. P. 12(b)(2) ................................................................................................................... 7

1    **I.    INTRODUCTION**

2          CyWee Group Ltd.'s ("CyWee") motion to dismiss (Dkt. 52) should be denied.

3    Considered in concert with co-defendant CM HK Ltd.'s ("CM HK") motion to dismiss (Dkt. 51),

4    which was filed separately, Defendants' attempts to circumvent jurisdiction are clear. Both

5    defendants separately threatened to assert infringement of the patents in this case against

6    Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"). Both

7    defendants claimed to have rights to assert the patents or that they could obtain rights. When

8    Samsung requested confidential documents to determine whether CyWee owns or has other rights

9    in the patents, Defendants refused. Defendants then disclosed some documents that they allege

10   show that CM HK owns the patents, but they failed to disclose the documents Samsung

11   specifically requested that call this title into question. Accordingly, it is not appropriate to dismiss

12   CyWee from this case. Personal jurisdiction is also appropriate and fairly applied to CyWee at

13   least considering previous cases CyWee has filed in California on related patents and CyWee's

14   contacts with Samsung's counsel in California. Thus, CyWee's motion should be dismissed. In

15   the alternative, Samsung requests jurisdictional discovery.

16   **II.    STATEMENT OF FACTS**

17          **A.    History of Communications**

18          Defendant CyWee filed a lawsuit against Samsung in February 2017 in the Eastern

19   District of Texas claiming that Samsung infringed U.S. Patent Nos. 8,441,438 ("the '438 Patent")

20   and 8,552,978 ("the '978 Patent") ("EDTX CyWee Action"). Dkt. 1 ("Compl.") ¶ 21. The patents

21   at issue in this case (U.S. Patent Nos. 10,852,846 ("the '846 Patent"), 11,698,687 ("the '687

22   Patent"), 10,275,038 ("the '038 Patent"), and 10,817,072 ("the '072 Patent") (collectively, the

23   "Patents-in-Suit")) are continuations-in-part of the '438 Patent.

24          The claims asserted in the EDTX CyWee Action were invalidated through *inter partes*

25   review proceedings. *ZTE (USA), Inc. et al. v. CyWee Grp. Ltd.*, IPR2019-00143, Dkt. 87 (PTAB

26   Feb. 17, 2021) ("the ZTE IPR"), *Google LLC et al. v. CyWee Grp. Ltd.*, IPR2019-01257 (PTAB

27   Jan. 9, 2020); *Google LLC et al. v. CyWee Grp. Ltd.*, IPR2019-01258 (PTAB Jan. 9, 2020) ("the

28   Google IPRs"). The Federal Circuit affirmed those decisions. Compl. ¶ 22; *CyWee Grp. Ltd. v.*

*ZTE (USA), Inc.*, 90 F.4th 1358 (Fed. Cir. 2024); *CyWee Grp. Ltd. v. Google LLC*, 59 F.4th 1263 (Fed. Cir. 2023).

Soon after the Federal Circuit's affirmance of the IPR decisions, on April 4, 2024, CyWee contacted Samsung regarding the EDTX CyWee Action to ask if Samsung would agree to a non-suit with prejudice of all claims and counterclaims with each side bearing their costs and fees, stating that CyWee had been "financially decimated" by the lawsuit. Compl. ¶ 23; Ex. 1.[1]

Then on April 26, 2024, Defendants attempted to work out a covenant not to sue and licensing deal with Samsung. Compl. ¶ 25; Ex. 2. Defendants' counsel further explained that "[CyWee was] in the process of being foreclosed upon by Softbank China." *Id.* On May 20, 2024, Defendants' counsel emailed Samsung's counsel an offer to license the patents including the entire portfolio, which was allegedly owned by CM HK, for $38.25 million. Ex. 3. The email is the first time Defendants' counsel claimed that the Patents-in-Suit were owned by CM HK.

On June 19, 2024, CyWee made its first threat to assert the patents against Samsung requesting a "conference on a motion to amend the complaint to add new patents to" the EDTX CyWee Action. *Id.* Samsung's counsel offered to forgo collecting fees and costs stemming from the EDTX CyWee Action in exchange for a covenant not to sue for CyWee's U.S. patents. Ex. 4. On June 21, 2024, Defendants' counsel stated that CM HK would be the one to grant rights and that it would not grant rights to any U.S. patents "without payment." *Id.* Counsel further stated that whether "CyWee obtains more patents from CM HK, Ltd. to add to the present case is under consideration." *Id.*

On July 25, 2024, Defendants' counsel informed Samsung via email that CyWee (not CM HK) had identified two patents they believed to be infringed by Samsung, both having been prosecuted with art from the IPRs. Compl. ¶ 32; Ex. 5. An email from Defendants' counsel on May 20, 2024 stating that "[t]he '438 IPRs and the art relied on to invalidate was cited in the '438 CIPs and the examiner in those cases conducted interviews where the IPRs and art were discussed and overcome" made clear that the "art from the IPRs" that Defendants' counsel was referring to

---

[1] Unless otherwise stated, all exhibits referenced herein are attached to the Declaration of Elizabeth L. Brann, filed concurrently herewith.

was U.S. Patent No. 7,089,148 to Bachmann ("Bachmann reference."). Ex. 3. Defendants' counsel was referring to the examiner interview on February 16, 2022, in which the Applicant and the Examiner discussed "the teachings of Bachmann." Ex. 6. The four patents at issue in this case are the only patents that fit this criteria. *See* Ex. 16; Dkt. 52 ("Mot."), Exs. 7-10.

In the July 25, 2024 email discussed above, Defendants' counsel stated that claim charts and other due diligence would be completed "soon" and once again noted an intention to ask the court in the EDTX CyWee Action to grant a motion to amend the complaint to add those two patents. Ex. 5.

In the ensuing months, Defendants repeatedly threatened to file an infringement action on behalf of CM HK or, alternatively, that the patents would be transferred to CyWee so that CyWee could add the patents to the EDTX CyWee Action. Defendants repeatedly identified dates it would file the actions, but did not follow through. Compl. ¶¶ 30-44; Exs. 5, 7-9. For example on August 2, 2024 Defendants' counsel alleged CyWee would amend the claims in the EDTX CyWee Action because there were "up to 5 patents to assert" against Samsung, later clarifying that same day, "there are likely as many [as] 8 patents to assert now." Ex. 5. On July 29, 2024 Defendants' counsel reiterated that CyWee would assert patents and that "CyWee (or another assignee)" would file the suit. *Id*. On August 5, 2024, counsel for Defendants stated "CyWee assumes from your lack of response to the meeting invitation and Samsung's filing of a motion to dismiss [the EDTX CyWee Action] that Samsung has decided to litigate this matter through all trials and appeals. CyWee will proceed based on that assumption." Ex. 7. Weeks later, on August 22, 2024, Defendants' counsel emailed Samsung's counsel asking it to accept service "of the new lawsuit" because "I'm going to get authorization to file soon." Ex. 8. Two weeks later on September 5, 2024 Defendants' counsel reached out yet again asking if Samsung would accept service of CM HK's complaint, which was allegedly "ready to file" and also claiming damages of $600 million. Ex. 9. Yet again, on September 10, 2024 Defendants' counsel asked Samsung to accept service of the forthcoming complaint. *Id*. Then once again on September 11, 2024, Defendants' counsel stated it "has a complaint ready to file next week" but also took the

contradictory position that it was still determining what patents to assert (stating it will assert two patents but "perhaps more"). *Id.*

Regarding the costs from the EDTX CyWee Action, on September 10, 2024, Defendants' counsel sent an email stating that CyWee opposed but offered to "carry" $25,000 of costs to be payable upon conclusion of a new lawsuit for patent infringement in exchange for several conditions, including that "Samsung will agree to answer or otherwise respond to the new suit within 45 days of service or November 1, 2024, whichever is later." Compl. ¶ 42; Ex. 9.

On September 18, 2024, after approximately three months of Defendants' counsel's threatening Samsung with an infringement suit, Samsung filed this action against CM HK and CyWee seeking a declaratory judgment of non-infringement of the Patents-in-Suit. Compl. ¶ 1.

Almost a month later on October 10, 2024, Defendants' counsel emailed Samsung once again stating it would bring suit and that "[o]ur experts are finalizing the claim charts and we expect to be ready to file in a week or two[.]" Ex. 10.

Over three weeks later on October 31, 2024 (nearly five months after it first threatened to sue Samsung and a month and a half after Samsung filed its declaratory judgment action), CM HK filed a complaint styled *CM HK Ltd. v. Samsung Electronics Co., Ltd. et al*, No. 2:24-cv-00880-JRG (E.D. Tex) (the "EDTX CM HK Action"). Dkt. 51 at 1:24-26. In the EDTX CM HK Action, CM HK accuses Samsung of infringing the '846 and '687 Patents, which are also at issue in this case. *Id.* at 1:27-2:2.

**B.    Ownership of the Patents-in-Suit Is Cloudy**

As Samsung stated in its complaint, "[e]ach Defendant has represented at various times that they own the Patents-in-Suit and/or intend to transfer rights between one another so that one entity or the other may sue Samsung for alleged infringement of the Patents-in-Suit." Compl. ¶ 20. None of the information produced by Defendants to date has cleared up who has what rights to the Patents-in-Suit.

On March 1, 2016, CyWee assigned patents and patent applications "identified in Exhibit A" to CyWeeMotion HK Limited ("CyWee Motion") "subject to the reservations stated in the Patent Assignment Agreement." Ex. 11 (the "March 1, 2016 Agreement"). CyWee has not

1    produced a "Patent Assignment Agreement" dated on or before March 1, 2016. Neither the

2    Patents-In-Suit, nor their corresponding patent applications, were listed in Exhibit A. *Id*.

3    Although U.S. Patent Application No. 13/072,794 (the "Parent Application" of the Patents-in-

4    Suit) was identified in Exhibit A, the continuations of the identified patents were not assigned,

5    and the invention was not assigned. *Id*. Neither of the patents asserted in the EDTX CyWee

6    Action, nor their corresponding patent applications, were listed in Exhibit A. *Id.*

7         On January 10, 2025, Samsung's counsel requested that Defendants provide the "Patent

8    Assignment Agreement," referred to in the March 1, 2016 Agreement in order to "further

9    evaluate your request to drop CyWee Group." Ex. 12. Defendants responded that "[i]t is

10   Samsung's obligation to prove it sued the correct entity." *Id*. To date, Defendants have not

11   provided this agreement. This is a missing piece that is directly relevant to determining CyWee's

12   ownership in any patents.

13        On March 28, 2016, CyWee assigned patents and patent applications "set forth on Annex

14   A" to CyWeeMotion "free of charge" (the "March 28, 2016 Agreement"). Dkt. 52, Ex. 1.

15   Although Annex A includes the Parent Application, neither the Patents-In-Suit, nor their

16   corresponding patent applications, were listed in Exhibit A. *Id*. The continuations of the identified

17   patents were not assigned, and the invention was not assigned. *Id*. CyWee also explicitly retained

18   ownership of the two patents asserted in the EDTX CyWee Action, although it licensed them to

19   CyWeeMotion. *Id.* CyWee produced this document for the first time as an exhibit to the present

20   motion to dismiss. *Id.*

21        On March 29, 2017, CyWeeMotion assigned patents to CM HK (the "March 29, 2017

22   Agreement"). Ex. 13. However, like in the March 1, 2016 Agreement and March 28, 2016

23   Agreements, this agreement does not list the Patents-in-Suit. This agreement further states that

24   "the Assignor and Assignee, prior to this conveyance, enjoyed a joint ownership interest in the

25   listed patents." *Id*. It is unclear what this is referring to. In the January 10, 2025 email mentioned

26   above, Samsung's counsel requested that Defendants' counsel provide the document defining this

27   joint ownership to "further evaluate your request to drop CyWee Group," but Defendants'

28   counsel has not provided it. Ex. 12.

1    On March 31, 2017, CyWeeMotion assigned a list of patents to CM HK (the "March 31,

2    2017 Agreement"). Mot., Ex. 2. This agreement does not list the Patents-in-Suit.

3    On September 25, 2024, after Samsung filed the instant suit, CyWeeMotion and CyWee

4    both purportedly assigned the Patents-in-Suit to CM HK (the "September 25, 2024 Agreement").

5    Mot., Ex. 3; Compl. ¶ 1. This is the first assignment specifically referring to the patents at issue in

6    this case. The September 25, 2024 Agreement refers to CyWee as the "ORIGINAL ASSIGNOR"

7    and CyWeeMotion as the "ASSIGNOR" and states that "CyWee Group Ltd. intended to assign

8    all the ASSIGNED PATENTS (and additional foreign patents) to CyweeMotion HK Limited in a

9    Patent Assignment and License Agreement that was executed on March 28, 2016." *Id.*

10   **C.    CyWee Has Numerous Contacts in This Forum**

11   CyWee spends much of its motion painting a picture that it has zero connection to this

12   state. In so doing, it omits key contacts it has here. Although it was vague about the details,

13   CyWee has filed three separate actions in California, one of which was in this district. *See CyWee*

14   *Grp. Ltd. v. Apple Inc.*, No. 4:14-cv-01853 (N.D. Cal.); *CyWee Grp. Ltd. v. LG Elecs., Inc. et al*,

15   No. 3:17-cv-01102 (S.D. Cal.); and *CyWee Grp. Ltd. v. ZTE Corp. et al*, No. 3:17-cv-02130 (S.D.

16   Cal.). In each of those cases, CyWee asserted the related '438 and '978 Patents against mobile

17   devices. *Id.*

1

2

3

4

5

6  **III.    LEGAL STANDARDS**

7        "[T]he court may consider extrinsic evidence when deciding factual challenges to

8  jurisdiction under Rules 12(b)(1) and 12(b)(2)." *LegalForce RAPC Worldwide, P.C. v.*

9  *LegalForce, Inc.*, No. 22-cv-3724-TLT, 2023 WL 6930330, at *4 (N.D. Cal. Oct. 19, 2023)

10  (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) and *Schwarzenegger*

11  *v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004)). Regarding personal jurisdiction,

12  where "the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff

13  need only make a prima facie showing of jurisdictional facts'" and "[c]onflicts between parties

14  over statements contained in affidavits must be resolved in the plaintiff's favor."

15  *Schwarzenegger*, 374 F.3d at 800 (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

16  **IV.    ARGUMENT**

17        **A.    The Court Has Subject Matter Jurisdiction Over CyWee**

18              **1.    CyWee May Own the Patents-in-Suit and Has Refused to Produce**

19                   **Documents Clarifying Ownership**

20        Samsung has standing for the declaratory relief sought in this action because CyWee may

21  have sufficient rights to the Patents-in-Suit. Rather than disclosing information that could clarify

22  whether it has such rights, CyWee is actively withholding the information.

23        Two agreements are relevant to this issue. First, the March 1, 2016 Agreement, which

24  purported to assign the parent application of the Patents-in-Suit from CyWee to CyWeeMotion,

25  stated that it is "subject to the reservations stated in the Patent Assignment Agreement." Ex. 11.

26  This "Patent Assignment Agreement" is critical to understanding CyWee's interest in the Patents-

27  in-Suit. Second, the March 29, 2017 Agreement, which purported to assign the parent patent

28  application of the Patents-in-Suit from CyWeeMotion to CM HK, disclosed that "the Assignor

and Assignee, prior to this conveyance, enjoyed a joint ownership interest in the listed patents." Ex. 13. This "joint ownership" document is also necessary to determining CyWee's interest in the Patents-in-Suit, including by way of the ownership rights it had in the parent application of the Patents-in-Suit.

Samsung's counsel requested that Defendants' counsel provide these documents to "further evaluate [Defendants'] request to drop CyWee Group." Ex. 12. Defendants' counsel has refused to provide the requested documents for over a month. However, resolution of the ownership dispute is not possible without the requested documents. Thus, without cooperation from Defendants, Samsung cannot verify with certainty whether CyWee presently has rights to the Patents-in-Suit. As evidence that this dispute is not as cut and dry as CyWee suggests, the September 25, 2024 Agreement states that "CyWee Group Ltd. *intended* to assign all the ASSIGNED PATENTS (and additional foreign patents) to CyweeMotion HK Limited in a Patent Assignment and License Agreement that was executed on March 28, 2016." Mot. at 3:7-8; *id.*, Ex. 3 (emphasis added). Moreover, even the veracity of the September 25, 2024 assignment is called into question in light of the prior, missing agreements that apparently conferred some rights to CyWee.

All that CyWee argues is that "[a] declaratory judgment action must be dismissed for lack of standing if the plaintiff fails to name the patent owner, assignee, or exclusive licensee, even if the plaintiff was led to believe that the named defendant was in fact the patent owner." *Top Victory Elecs. v. Hitachi Ltd.*, No. C 10-01579 CRB, 2010 WL 4722482, at *2 (N.D. Cal. Nov. 15, 2010). This standard has not been met in this case. CyWee has prohibited Samsung and the Court from making a determination regarding who the owner, assignee, or exclusive licensee is by refusing to produce key agreements, and instead selectively producing agreements that appear favorable to it. Thus, not only has CyWee led Samsung "to believe that [CyWee] was in fact the patent owner" (*id.*), for example by threatening repeatedly that it would assert patents against Samsung (*see* Section II.A, *supra*), it also may actually have the power to do so. Thus, Samsung has not failed to name the "patent owner, assignee, or exclusive licensee." *Id*.

CyWee cites *Top Victory* and *Newmatic Sound Systems, Inc. v. Magnacoustics, Inc.*, No. C 10-00129 JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010), but they are easily distinguishable. In *Top Victory*, the defendants properly assigned the patents at issue prior to the declaratory judgment action. 2010 WL 4722482, at *1. Here, there are missing pieces critical to complete the puzzle of who has rights to the Patents-in-Suit. In *Newmatic*, the defendant company never had ownership rights and no assignment was alleged by either party (2010 WL 1691862, at *4). Here, in contrast, CyWee admits to at least previously having rights in the Patents-in-Suit. And, to date, CyWee has refused to provide documents that would clarify questions regarding its rights. Ex. 12.

### 2.    CyWee Holds Equitable Title to the Patents-in-Suit.

To the extent that CyWee does not hold legal title to the Patents-in-Suit, it holds equitable title to them. *Top Victory* indicates that standing is conferred on a defendant of a declaratory judgment action if that defendant has equitable title to the patent at issue by way of being an alter ego of the patent holder. 2010 WL 4722482, at *1, 3; *see also Le Fiell v. United States*, 162 Ct. Cl. 865, 868, 870 (Fed. Cl. 1963) (finding that a company had standing because it was an equitable owner of a patent owned by the inventor, principal stockholder, and alter ego of the company); *United States v. Ogden,* No. 20-cv-01691-DMR, 2021 WL 858467, at *6 (N.D. Cal. Mar. 8, 2021) ("Declaratory relief 'is a traditional remedy in equity.'" (citation omitted)).

As discussed in the opposition to CM HK's motion to dismiss, filed concurrently herewith, CyWee is an alter ego of CM HK. Accordingly, CyWee is at least an equitable title holder in the Patents-in-Suit, which confers standing on CyWee.

### 3.    There Is a Case or Controversy Between CyWee and Samsung

CyWee contends that the test for determining an actual controversy is "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." Mot. at 2:14-18; *Fina Rsch, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998) (citation omitted). However, *Fina*'s "reasonable apprehension" prong was replaced by standard in *MedImmune, Inc.*

1   *v. Genentech, Inc.*, 549 U.S. 118 (2007), which looked at whether the facts alleged, under all the

2   circumstances, show that there is a substantial controversy, between parties having adverse legal

3   interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

4   *Id.* at 127.[2]

5          Under the *MedImmune* standard, there is an actual controversy between CyWee and

6   Samsung. CyWee asserts that it has "never threatened" to assert the Patents-in-Suit. Mot. at 3:7-8.

7   This is false. CyWee made repeated threats to assert the Patents-in-Suit against Samsung.

8   Specifically, on July 25, 2024, Defendants' counsel stated that CyWee had identified two patents

9   it believed to be infringed by Samsung, both having been prosecuted with art from the IPRs.

10  Compl. ¶ 32; Ex. 5. On July 29, 2024, Defendants' counsel stated via email that CyWee proposed

11  a meeting in Korea to present claim charts for the new patents and that that "[i]f Samsung refuses

12  to meet, CyWee will simply file suit on these patents or seek to amend the current suit in the

13  Eastern District of Texas." Compl. ¶ 33; Ex. 5. On August 2, 2024, Defendants' counsel stated

14  via email that "we are up to 5 patents to assert" and indicated that CyWee is planning to move to

15  "amend the claims to add these patents." *Id.* That same day, Defendants' counsel stated via email

16  that there are "as many [as] 8 patents to assert." *Id.* On August 5, 2024, Defendant's counsel

17  stated "CyWee assumes from your lack of response to the meeting invitation and Samsung's

18  filing of a motion to dismiss [the EDTX CyWee Action] that Samsung has decided to litigate this

19  matter through all trials and appeals. CyWee will proceed based on that assumption." Ex. 7.

20  Under the *MedImmune* standard, these threats, in addition to uncertainty as to whether CyWee

21  actually assigned the Patents-in-Suit to CM HK, were more than sufficient to show an actual

22  controversy between CyWee and Samsung and Samsung's suit was not anticipatory. *See also*

23  Samsung's Opposition to CM HK's Motion to Dismiss (Dkt. 51), filed concurrently herewith, at

24  Section IV.A.2.

25

26

27

28  ---
    [2] The "present activity" purportedly constituting infringement (required by *Fina*) is not in dispute.
    *Fina*, 141 F.3d at 1481. Samsung sells Galaxy Phones in the United States. Mot., Ex. 6 ¶ 44.

**B.**     **The Court Has Specific Jurisdiction Over CyWee**

      **1.**     **CyWee Has Minimum Contacts with the Forum.**

CyWee has sufficient contacts in the NDCA to confer specific jurisdiction by virtue of the three separate litigations it brought in California and agreements it has made consenting to jurisdiction here. Courts in this District have repeatedly found that they can exercise personal jurisdiction over a patentee in view of prior infringement suits brought in the forum. For example, in *Twitter, Inc. v. Voip-Pal.com, Inc.*, the court found that "[a] defendant's previous assertion of patents in the forum easily qualifies as an enforcement activity that is 'purposefully directed' at the forum." No. 21-cv-02769-LHK, 2021 WL 5085959, at *12–15 (N.D. Cal. Nov. 2, 2021) (citation omitted). Similarly, in *ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, the court held that the defendant was subject to personal jurisdiction because the "defendant ha[d] engaged in judicial patent enforcement (with respect to the patents at issue or a related patent)" in the forum. 975 F. Supp. 2d 1083, 1097–98 (N.D. Cal. 2013). As in those cases, CyWee asserted related patents in California repeatedly. *See also Ebates Performance Mktg., Inc. v. MyMail, Ltd.*, No. 20-cv-4768-LHK, 2021 WL 121130, at *10-11 (N.D. Cal. Jan. 13, 2021) (finding personal jurisdiction was proper where defendant litigated two prior cases against a different defendant in the forum, never contested personal jurisdiction in those cases, and sent enforcement letters into the forum).

"[T]he claim at issue in the instant cases arises out of or relates to these activities because the activities described above relate to patent enforcement." *Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 964 (N.D. Cal. 2020) (citation omitted). It matters not that "not all these activities relate to the enforcement of the patents at issue in this case . . . courts have found personal jurisdiction even where the enforcement activities were tied to related patents." *Id*. Indeed, the Patents-in-Suit are closely related to the patents from CyWee's prior litigations in California. *See also Twitter*, 2021 WL 5085959, at *13 (finding that "Twitter's claim arises directly out of Defendant's patent enforcement activities in this District.") Thus, specific personal jurisdiction is clearly appropriate.

1  ███████████████████████████████████████████

2  ███████████████████████████████████████████

3  ██████████████████████████████  In *ActiveVideo*, the court denied a motion to dismiss a

4  declaratory judgment action for lack of personal jurisdiction, finding specific personal jurisdiction

5  was proper where the patentee had litigated several infringement actions over related patents in

6  the forum and had nonexclusively licensed others in the forum as a result of its enforcement

7  actions. 975 F. Supp. 2d at 1097–98 (specifically noting that "licensing agreements with forum

8  resident[] Apple. . . are also part of the calculus"). CyWee has done the exact same thing here.

9  Specific jurisdiction is thus appropriate. Indeed, the Federal Circuit has reversed dismissal of a

10  declaratory judgment complaint against patentee for lack of personal jurisdiction because

11  patentee's negotiations with a California resident for patent licenses coupled with a letter patentee

12  sent to a resident after terminating licenses provided sufficient minimum contacts for California

13  district court to exercise personal jurisdiction. *See also Inamed Corp. v. Kuzmak*, 249 F.3d 1356,

14  1360–62 (Fed. Cir. 2001). CyWee has done all of the above here.

15      CyWee claims that its prior litigations in California do not confer personal jurisdiction. In

16  so doing, it misreads the legal authority it cites and in effect asks the Court to extend the cases

17  beyond their reach. For example, CyWee claims that *TC Heartland* made it "mandatory" that

18  CyWee file its other cases in California. Mot. at 7. First, nothing *made* CyWee file three cases; it

19  simply decided to do so. And California was not a "mandatory" venue for those cases. *TC*

20  *Heartland* merely states that venue is proper in any district where defendant resides or where they

21  committed acts of infringement and have a regular and established place of business. *TC*

22  *Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 265 (2017). Instead, CyWee

23  chose California as the venue for those actions. Indeed, Apple is subject to patent infringement

24  suits in venues across the country.

25      CyWee baldly states, without any support, that the fact it filed suit enforcing "other,

26  related patents . . . does not rise to the level of 'purposeful availment.'" Mot. at 7. As outlined

27  above, CyWee is incorrect. Numerous courts in this District have found the opposite. *Twitter*,

28  2021 WL 5085959, at *12–15; *ActiveVideo* 975 F. Supp. 2d at 1097–98. CyWee cites *Walden v.*

*Fiore*, 571 U.S. 277 (2014) for the proposition that "a plaintiff's location alone cannot establish the constitutionally required link." Mot. at 7. Samsung agrees; that is why the focus is on Defendant CyWee's links to this forum. And, contrary to CyWee's unsupported statement, *Red Wing Shoe* does not appear to discuss whether specific jurisdiction is appropriate over a defendant who previously filed suit in the same forum. *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998).

CyWee also argues that it "did not deliberately target California's legal protections in choosing to bring its earlier actions there." Mot. at 8. That does not make sense. ███████ ████████████████████████████████████████████████████████████ ████████████████████████████████ Accordingly, CyWee has sufficient minimum contacts.

### 2.      CyWee's Threats to Sue Samsung Confer Jurisdiction

Defendants have the same counsel. Their counsel reached out to counsel for Samsung in California alleging infringement to the asserted patents via 12 emails over the span of 3 months. Brann Decl. ¶ 2. "'[C]ommunications sent into a state may create specific personal jurisdiction, depending on the nature and scope of such communications,' and, 'in the context of patent litigation, communications threatening suit or proposing settlement or patent licenses can be sufficient to establish personal jurisdiction.'" *Lyft, Inc. v. Quartz Auto Techs. LLC*, No. 21-cv-01871-JST, 2021 WL 6618867, at *1 (N.D. Cal. Sept. 7, 2021) (citing *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1155 (Fed. Cir. 2021)).

In the *Lyft* case, this Court found there was personal jurisdiction where counsel for Lyft, who is located in this district, was contacted by Defendant's counsel "by telephone eight times and by email twice during the seven-month period." *Id.* As in this case, the contacts began with the parties' attempt to discuss resolution of another case. Also as in *Lyft*, the subsequent communications provided additional details regarding Defendants' claims of infringement including "the patents to be included, a more specific settlement range, and the basis for [Defendants'] settlement valuation" as well as an offer to provide claim charts. *Id.* The Court should find as it did in *Lyft* that Defendants' "conduct relevant to the patents at issue in this case

was sufficient to subject [them] to personal jurisdiction. [Defendants] 'deliberately reached out beyond [their] home,' and [Plaintiffs'] claims 'arise out of or relate to [Defendants'] contacts' with this forum." *Id.* at \*2 (citation omitted).

Because CyWee "'purposefully has directed [its] activities at forum residents,' it must, to defeat jurisdiction, 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Lyft*, 2021 WL 6618867, at \*2 (citation omitted). The Supreme Court has recognized five factors to consider when making this determination: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1002 (Fed. Cir. 2018) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)). CyWee has not addressed these factors.

Regardless, CyWee cannot present a compelling case rendering jurisdiction unreasonable. With respect to factor one, there is no burden to CyWee that it has not already consented to when it elected to litigate in California three times before. The other factors are, at least, neutral or weigh against CyWee because related patents have been litigated in the state (at CyWee's request).

### 3.   Jurisdiction Is Proper Under the Alter-Ego Theory.

To the extent that the Court finds personal jurisdiction over CM HK, then personal jurisdiction is also proper over CyWee as CM HK's alter ego. Samsung refers the Court to its opposition to CM HK's motion to dismiss (Dkt. 51), filed concurrently herewith, which details i) why CM HK and CyWee are alter egos of one another (at Section IV.B.1) and ii) why personal jurisdiction is proper over CM HK (at Sections IV.B.1-3).

### 4.   It Would Be Reasonable and Fair to Confer Personal Jurisdiction on CyWee

CyWee makes no specific argument as to why application of personal jurisdiction would be unfair. Indeed, there is none. "The lack of significant burden on [the defendant] is also

1  evidenced by [the defendant's] prior litigations in California itself." *See Xilinx, Inc. v. Papst*

2  *Licensing GmbH & Co. KG*, 848 F.3d 1346, 1357–58 (Fed. Cir. 2017); *see also Acorda*

3  *Therapeutics Inc. v. Mylan Pharms. Inc*, 817 F.3d 755, 764 (Fed. Cir. 2016) (concluding that the

4  burden on defendant "will be at most modest, as [the defendant] . . . has litigated many . . .

5  lawsuits" in the forum). Indeed, in at least two other agreements CyWee has consented to the

6  burden of being hailed into California.

7        **5.**      **Jurisdictional Discovery Should Be Permitted in Lieu of Dismissal**

8        In deciding this issue, uncontroverted allegations "must be taken as true, and 'conflicts

9  between the facts contained in the parties' affidavits must be resolved in [Samsung's] favor for

10  purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *AT&T v.*

11  *Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Accordingly, numerous facts

12  should be decided in Samsung's favor. For example, CyWee submitted declarations claiming that

13  CM HK makes decisions independent of CyWee. Dkt. 52-1 ¶ 25. But, as is clear from the

14  correspondence, CyWee claims to have the power to obtain and assert patents purportedly owned

15  by CM HK. Exs. 3, 5, 7. CyWee also asserts via declarations that CyWee does not have any

16  ownership in CM HK. Dkt. 52-3 ¶ 12. That too is incorrect because CyWee owns 40% of the

17  parent company that wholly owns CM HK. Thus, although CyWee alleges that it is independent

18  from CM HK, these facts are credibly disputed, and the disputes must resolve in Samsung's

19  favor.

20        Should the Court disagree, Samsung requests jurisdictional discovery. "[T]he threshold

21  for granting jurisdictional discovery is low." *Delacruz v. Service Corp. Int'l*, No. 1:18-cv-154-

22  LJO-EPG, 2018 WL 2287962, at *8 (E.D. Cal. May 18, 2018); *see also Boschetto v. Hansing*,

23  539 F.3d 1011, 1020 (9th Cir. 2008) (Jurisdictional discovery may be appropriate "where

24  pertinent facts bearing on the question of jurisdiction are controverted or where a more

25  satisfactory showing of the facts is necessary." (citation omitted)). "[A] plaintiff need not make

26  out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Calix*

27  *Networks, Inc. v. Wi–Lan, Inc*., No. 09-06038-CRB-DMR, 2010 WL 3515759, at *4 (N.D. Cal.

28  Sept. 8, 2010) (citing *eMag Sols., LLC v. Toda Kogyo Corp.,* No. 02-1611-PJH, 2006 WL

1    3783548, at *2 (N.D. Cal. Dec. 21, 2006) ("It would . . . be counterintuitive to require a plaintiff,

2    *prior to* conducting discovery, to meet the same burden that would be required to defeat a motion

3    to dismiss.")). A plaintiff must merely present "a 'colorable basis' for jurisdiction, or 'some

4    evidence' constituting a lesser showing than a prima facie case." *Id.* (citations omitted).

5    Accordingly, should the Court have reservations about whether jurisdiction is proper over

6    CyWee, jurisdictional discovery (not dismissal) is the answer. ████████████████████

7    ████████████████████████████████████████████████████████████████████████

8    ████████████████████████████

9    **V.    CONCLUSION**

10           Contrary to the statements that CyWee made its motion to dismiss, it has threatened to

11   assert the Patents-in-Suit against Samsung and it is still a live question whether CyWee has rights

12   to those patents. Thus, subject matter jurisdiction is appropriate. Regarding personal jurisdiction,

13   CyWee made its bed when it filed three separate lawsuits here and entered into agreements with

14   California companies. Now, it must lie in it, and its motion to dismiss should be denied.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DATED: February 11, 2025      Respectfully submitted,

2          By: */s/ Elizabeth L. Brann*

3             ELIZABETH L. BRANN (SB# 222873)
            elizabethbrann@paulhastings.com
            ARIELL N. BRATTON (SB# 317587)

4             ariellbratton@paulhastings.com
            SASHA VUJCIC (SB# 332766)

5             sashavujcic@paulhastings.com
            PAUL HASTINGS LLP

6             4655 Executive Dr., Suite 350
            San Diego, CA 92121

7             Telephone: 1(858) 458-3000
            Facsimile: 1(858) 458-3005

8

9             Robert Laurenzi (*Pro Hac Vice*)
            robertlaurenzi@paulhastings.com

10             PAUL HASTINGS LLP
            200 Park Avenue, 26th Floor

11             New York, NY 10166
            Telephone: (212) 318-6000

12             Facsimile: (212) 318-6100

13             Attorneys for Plaintiffs
            Samsung Electronics Co., Ltd. and Samsung

14             Electronics America, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2          The undersigned hereby certifies that a true and correct copy of the above and foregoing

3   document has been served on February 11, 2025, to all counsel of record who are deemed to have

4   consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-1. Any

5   documents filed under seal will be served by electronic mail, first class mail, facsimile and/or

6   overnight delivery.

7                                                    */s/  Elizabeth L. Brann*
                                                     Elizabeth L. Brann

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28