CHRISTOPHER L. EVANS
chris@offorevans.com
CHIJIOKE E. OFFOR
chiji@offorevans.com
OFFOR EVANS PLLC
1122 Jackson Street, Ste 901
Dallas, TX 75202
Telephone: 1(214) 394-6779

MICHAEL W. SHORE
mshore@shorefirm.com
THE SHORE FIRM LLP
5646 Milton Street, Ste 423
Dallas, TX 75206
Telephone: 1(214) 593-9140
Facsimile: 1(214) 593-9111

Attorneys for Defendant
CM HK, Ltd.

JAMES L. JACOBS
jjacobs@gcalaw.com
VALERIE MARGO WAGNER
vwagner@gcalaw.com
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Telephone: 1(650) 428-3900
Facsimile: 1(650) 428-3901

Attorneys for Defendant
CM HK, Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>               Plaintiffs,<br><br>   v.<br><br>CM HK, LTD.,<br><br>               Defendant. | **Case No. 4:24-CV-06567-JST**<br><br>**DEFENDANT CM HK, LTD.'s NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>Date: TBD<br>Time: _____<br>Courtroom: Courtroom 6 – 2nd Floor<br>Judge: Hon. Jon S. Tigar |

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST

- 1 -

1

## NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3     PLEASE TAKE NOTICE that on_____ __, 2025 at _____ o'clock. or as thereafter as

4   the matter may be heard in the above-entitled Court, the Honorable Jon. S. Tigar presiding,

5   located at the Oakland Courthouse, Courtroom 6, 2nd floor, 1301 Clay Street, Oakland,

6   California  94612, Defendant CM HK, Ltd. will and hereby does respectfully move for

7   reconsideration of the Order Denying its Motion to Transfer this case to the Eastern District

8   of Texas under 28 U.S.C. §§ 1404(a) and 1406(a).

9     This motion is authorized and brought on the grounds that a manifest failure to consider

10   timely presented material facts occurred when the Court denied Defendant's transfer motion

11   without considering the convenience factors as prescribed by the Federal Circuit. Dkt. 108

12   (granting Defendant's motion for leave to file motion for reconsideration); Loc. R. 7-

13   9(b)(2)–(3). Reasoned consideration of such factors supports transfer.

14     This motion is based on this Notice of Motion and Motion for Reconsideration,

15   including the Memorandum of Points and Authorities below, Defendant's Motion to

16   Transfer Venue (Dkt. 81), including the Memorandum of Points and Authorities (*id.*), the

17   Declaration of Christopher L. Evans (Dkt. 81-12), and all exhibits (Dkt. 81-1–Dkt. 81-11)

18   filed in support, Plaintiffs' Opposition to (Dkt. 82, Dkt. 83) and Defendant's Reply in

19   Support of (Dkt. 87) Defendant's Motion to Transfer Venue, together with all pleadings and

20   filings in this action, all matters of which this Court may take judicial notice or find to be

21   incorporated by reference, and such other evidence or argument as may be presented.

22

23

24

25

26

27

28

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST                    - 2 -

Date: September 5, 2025

By: */s/ Christopher L. Evans*
Christopher L. Evans (TX Bar No. 24058901)*
Chijioke E. Offor (TX Bar No. 24065840)*

OFFOR EVANS PLLC
1122 Jackson Street, No. 901
Dallas, Texas 75202
Tel: (214) 593-9121
chiji@offorevans.com
chris@offorevans.com
*Pro Hac Vice

MICHAEL W. SHORE
mshore@shorefirm.com

THE SHORE FIRM LLP
5646 Milton Street, Ste 423
Dallas, TX 75206
Telephone: 1(214) 593-9140
Facsimile: 1(214) 593-9111

JAMES L. JACOBS
jjacobs@gcalaw.com
VALERIE MARGO WAGNER
vwagner@gcalaw.com
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Telephone: 1(650) 428-3900
Facsimile: 1(650) 428-3901

Attorneys for Defendant CM HK, Ltd.

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST

- 3 -

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ............................................................................................. 1

II.  LEGAL STANDARD ...................................................................................... 2

   A. Local Rule 7-9(b)(2) and (3) ...................................................................... 2

   B. 28 U.S.C. § 1404(a) and The Declaratory Judgment Act ......................................... 2

III. ARGUMENT .................................................................................................. 4

   A. The August 21 Order Does Not Apply Undisputed Facts Showing the § 1404 Factors Favor Texas. . 4

   B. Samsung's Action Does Not Serve The Purposes of the Declaratory Judgment Act. ..................... 6

IV.  CONCLUSION ................................................................................................ 6

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**<u>CASES:</u>**

3

*Commc'ns Test Design, Inc. v. Contec, LLC*,

4
    952 F.3d 1356 (Fed. Cir. 2020) ................................................................................. 3

5

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
    518 F.3d 897 (Fed. Cir. 2008) ............................................................................2, 3, 4

6

7

*Sensus USA Inc v. Badger Meter Inc.*,
    No. 16-cv-03376-LHK, 2016 WL 5390300 (N.D. Cal. Sept. 27, 2016) .........................2, 4

8

*Wilton v. Seven Falls Co.*,

9
    515 U.S. 277 (1995) ............................................................................................ 2

10

**<u>STATUTES:</u>**

11

28 U.S.C. § 1404 .................................................................................................... 2

12

28 U.S.C. § 1406 .................................................................................................... 2

13

28 U.S.C. § 2201 .................................................................................................... 2

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST

i

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The issue is whether the Eastern District of Texas is the more convenient and suitable forum to determine whether Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") infringe two United States patents assigned to CM HK, Ltd.[1]

On Thursday, August 21, 2025, the Court denied CM HK's Motion to Transfer Venue to the Eastern District of Texas (the "August 21 Order").[2]

> "In light of the issuance of the stay in *CM HK, Ltd., v. Samsung Electronics Co. Ltd.*, Case No. 2:24-cv-00880 (E.D. Tex.), the motion to transfer [81] is denied. (This is a text-only entry generated by the court. There is no document associated with this entry.) (cwlc2, COURT STAFF) (Filed on 8/21/2025)."

Shortly before the Court entered the August 21 Order, the parties had filed a Notice informing the Court that the CM HK Action was stayed pending a decision by this Court disposing of this action. *See* Dkt. 100 (the "Notice") (Informing Court of Texas district court's stay order which requests notice of "any dispositive decision"). The August 21 Order indirectly references the Notice as the Court's basis to deny the Motion to Transfer (Dkt. 81). Having obtained leave to file a motion for reconsideration, *see* Dkts. 107 and 108, CM HK now moves for reconsideration of the August 21 Order.

The August 21 Order denies the Motion to Transfer without undertaking the analysis prescribed for such decisions by the Federal Circuit. There was no objection from Samsung that any evidence offered or facts pled by CM HK in support of the Motion to Transfer were inadmissible or otherwise contested. *See* Dkt. 82. Reasoned consideration of the undisputed record, and application of those undisputed facts to the law requires this action's dismissal

---

[1] *See CM HK, Ltd., v. Samsung Electronics Co. Ltd.*, Case No. 2:24-cv-00880 (E.D. Tex.) (the "CM HK Action"). The CM HK Action accuses Samsung of infringing 2 of the 4 patents Samsung put at issue in this matter.

[2] Dkt. No. 101.

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST                                                    1

or transfer to the Eastern District of Texas, the more convenient and suitable venue.

## II.  LEGAL STANDARD

### A. Local Rule 7-9(b)(2) and (3)

A motion for reconsideration may be granted in this District upon showing "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *See* N.D. Cal. Civ. L.R. 7-9(b)(2) and (3).

### B. 28 U.S.C. § 1404(a) and The Declaratory Judgment Act

Under 28 U.S.C. § 1404(a), a case may be transferred to a district in which it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice. . . ." 28 U.S.C. § 1404(a). "In this analysis, a court balances the convenience of the parties, witnesses, and access to evidence, and the interest of justice or expediency." *Sensus USA Inc v. Badger Meter Inc.*, No. 16-cv-03376-LHK, 2016 WL 5390300, at *5 (N.D. Cal. Sept. 27, 2016) (citing *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008)). The same factors considered "in [patent] cases involving the dismissal of a declaratory judgment action and 'competing forum interests'" are considered when determining whether to transfer an action under § 1404(a). *Sensus USA*, 2016 WL 5390300, at *5; *Micron Tech.*, 518 F.3d at 904–05 (recognizing "the jurisdiction question is basically the same as a transfer action under § 1404(a)" and "[t]he considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action").

The Declaratory Judgment Act ("DJA" or "Statute") confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). On its face, the Statute provides that a district court "***may*** declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The DJA grants a district court broad discretion, but in deciding whether to hear a DJA case, the court is directed to exercise its

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST

2

1  jurisdiction to "act[] in accordance with the purposes of the Declaratory Judgment Act and

2  the principles of sound judicial administration." *Commc'ns Test Design, Inc. v. Contec, LLC*,

3  952 F.3d 1356, 1361–62 (Fed. Cir. 2020) (citations and internal quotations omitted). The

4  first issue is whether keeping this case on the Court's docket is consistent with the DJA's

5  purpose.

6      In patent cases, "the purpose of the Declaratory Judgment Act . . . is to provide the

7  allegedly infringing party *relief from uncertainty and delay* regarding its legal rights." *Id.* at

8  1362 (citations omitted) (Emphasis added). Thus, when deciding whether this case remains

9  in California, the Court must ask first, "Which forum is more certain to yield a final, certain

10  result?" The answer to that question is "The forum where neither side is contesting

11  jurisdiction or venue." Certainty and finality favor the Eastern District of Texas.

12      The second part of the analysis is which venue will be able to hear the dispute faster,

13  thereby meeting the DJA's stated purpose to avoid delay. Setting aside the lack of personal

14  jurisdictional and assuming the case is tried only one time, this Court's past practice applied

15  here would set a schedule and allow discovery only *after* Samsung completes jurisdictional

16  discovery, files an amended complaint, CM HK files a Rule 12 motion, the Rule 12 issues

17  are fully briefed, the Court hears argument (if required), and the Court issues a reasoned

18  opinion and order. The Eastern District of Texas is the forum with the most efficient path to

19  a certain result.

20      CM HK also asks the Court to consider the convenience and suitability of the competing

21  forums holistically, considering the venues' relative pros and cons as to convenience. *Micron*

22  *Tech.*, 518 F.3d at 904 ("[T]he district court judge faced with reaching a jurisdictional

23  decision about a declaratory judgment action with an impending infringement action either

24  filed or on the near horizon should not reach a decision based on any categorical rules. The

25  first-filed suit rule . . . will not always yield the most convenient and suitable forum.

26  Therefore, the trial court weighing jurisdiction additionally must consider the real

27  underlying dispute: the convenience and suitability of competing forums.").

28

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST                                    3

The Federal Circuit made clear in *Micron Tech.* that in such cases, "[t]he convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, or considerations relating to the interest of justice **must** be evaluated." *Id.* at 905 (emphasis added). These factors can be sound reasons that would make it unjust or inefficient to continue a first-filed declaratory action. *Sensus USA*, 2016 WL 5390300, at *2; *see also Micron Tech.*, 518 F.3d at 905.

## III.   ARGUMENT

The undisputed facts show the most convenient forum for the parties, witnesses, and evidence is the Eastern District of Texas, a forum that includes a Samsung regional headquarters. Samsung employees with relevant knowledge reside and work  in the Eastern District of Texas. One of those Samsung Eastern District of Texas workers has already been deposed in the CyWee Action.  Documents are maintained in the Eastern District of Texas. No documents or witnesses are located in this district. Judicial economy favors Texas.

Although now stayed, the CM HK Action, less than a month ago, had a July 2026 trial setting. If this case was dismissed or transferred soon, the July 2026 trial may be reinstated or only moved a few weeks. The CM HK Action is the most convenient and suitable vehicle in the most appropriate venue for fully and efficiently resolving the parties' disputes. Samsung's claims lack *any* connection to the Northern District of California and could have been brought in Texas.

### A. The August 21 Order Does Not Apply Undisputed Facts Showing the § 1404 Factors Favor Texas.

Since 2019, Samsung has maintained a major presence in Plano, Texas, a city in the Eastern District of Texas. Dkt. 81 at 6, 10; Dkt. 81-1 at 1–2. Specifically, Samsung's campus located 6625 Excellence Way, Plano Texas 75023 has "over 84-acres and 1,000,000 square feet of office space" and "is home to Samsung Electronics America's second biggest employee population in the U.S. across multiple divisions – Customer Care, Mobile, Mobile R&D and Engineering." *See id.*

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST

4

Moreover, the parties agree the Eastern District of Texas enjoys jurisdiction over all parties and any claims between them. The CM HK Action asserts 2 of the 4 patents in suit.[3] *See* Dkt. 81 at 8, 10. The parties had secured a scheduling order, exchanged initial disclosures, commenced discovery, and were set for trial in July 2026. *See* Dkt. 81 at 8, 10; Dkt. 81-13 at 3 (Declaration of Christopher Evans) ("Evans Decl."); Dkt. 81-2 (containing Samsung's initial disclosures in the Texas action); Dkt. 81-5 (reflecting discovery and depositions in Texas action). That schedule or something close to it would be reinstated if this action were dismissed or transferred soon.

While Samsung has identified potential witnesses in Taiwan and Korea and potentially someone from Qualcomm, Samsung also identified multiple of its Plano, Texas-based employees as having information concerning the marketing or the "sale of the accused products in the United States," which Samsung may rely on to rebut or limit claims and acts of direct infringement. Dkt. 81 at 10; Dkt. 81-2 at 7 (disclosing Texas employees Guy Waitley and Sean Diaz as witnesses Samsung may rely on); Dkt. 81-3 (Diaz LinkedIn profile); Dkt. 81-4 (Waitley LinkedIn profile). CM HK has identified additional Plano-based Samsung employees with potential knowledge relevant to acts of direct infringement. Dkt. 81 at 10; Dkt. 81-13 at 3; Dkt. 81-5; Dkt. 81-6; Dkt. 81-7. It is undisputed these Texas witnesses are subject to the compulsory process of the Eastern District of Texas.

This Court does not possess personal jurisdiction over CM HK. Any trial here carries the risk of reversal on grounds not raisable in the Eastern District of Texas. Samsung's declaratory actions have no connection to California beyond a lawyer representing Samsung lives, or works in San Diego. Dkt. 73 at 12–18; *see* Dkt. 81 at 11–12. The Court found the Samsung entities "are [not] California corporations, and neither entity has a principal place

---

[3] The Texas case involves U.S. Patent No. 10,852,846 (the "'846 patent") and U.S. Patent No. 11,698,687 (the "'687 patent"), both of which are the subject of Samsung's declaratory judgment action. *Compare* Dkt. 51-2 at 50–52 ¶¶ 88–101 (pleading infringement of the '846 and '687 patents in the Texas case) *with* Dkt. 24 at 13–15 ¶¶ 79–90 (seeking declaratory judgment of non-infringement of the '846 and '687 patents here); *see also* Dkt. 81-2 at 3-4.

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST                    5

of business in California" and that Samsung's declaratory action has no connection to California other than the fact that Samsung's lawyers happened to be in California. *Id.* at 13, 18–19.

Samsung's strategy has always been to use this action for delay and to drive up expenses for CM HK. Samsung waited 25 days to *begin* seeking Court-permitted jurisdictional discovery and proposed that the parties spend the remainder of 2025 resolving an insufficiently pled alter ego theory. *See* Dkt. 81 at 11–12 (illustrating schedule proposed by Samsung).

**B. Samsung's Action Does Not Serve The Purposes of the Declaratory Judgment Act.**

The parties have no connection to California. Between 2017 and 2024, first CyWee, then patent assignee CM HK, directed activities toward Samsung, which has maintained a regional headquarters in the Eastern District of Texas since 2019. Samsung was actually in litigation with CyWee in the Eastern District of Texas when this action was filed. Thus, if Samsung could have brought this case under an alter ego theory, it could have used that same theory in the Eastern District of Texas.

Finally, Samsung's filing of this declaratory judgment action and its subsequent actions in delaying its resolution are contrary to the objectives of the Declaratory Judgment Act.[4]

## IV.  CONCLUSION

CM HK has demonstrated the convenience of the parties and witnesses, the location of evidence, and the interests in conserving judicial resources for matters where certainty can be provided on the merits of the parties' dispute all favor transfer to the Eastern District of Texas. CM HK respectfully requests that the Court reconsider the August 21 Order and transfer this case to the Eastern District of Texas, or alternatively to exercise its broad discretion to decline declaratory judgment jurisdiction in accordance with the objectives of

---

[4] *See* Dkt. 93 (CM HK's Rule 11 Motion for Sanctions).

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST                                    6

the Declaratory Judgment Act.

Date: September 5, 2025                  By: /s/ Christopher L. Evans

                                        Christopher L. Evans (TX Bar No. 24058901)*
                                        Chijioke E. Offor (TX Bar No. 24065840)*

                                        OFFOR EVANS PLLC
                                        1122 Jackson Street, #901
                                        Dallas, Texas 75202
                                        Tel: (214) 593-9121
                                        chiji@offorevans.com
                                        chris@offorevans.com
                                        *Pro Hac Vice

                                        MICHAEL W. SHORE
                                        mshore@shorefirm.com

                                        THE SHORE FIRM LLP
                                        5646 Milton Street, Ste 423
                                        Dallas, TX 75206
                                        Telephone: 1(214) 593-9140
                                        Facsimile: 1(214) 593-9111

                                        JAMES L. JACOBS
                                        jjacobs@gcalaw.com
                                        VALERIE MARGO WAGNER
                                        vwagner@gcalaw.com
                                        GCA LAW PARTNERS LLP
                                        2570 W. El Camino Real, Suite 400
                                        Mountain View, CA 94040
                                        Telephone: 1(650) 428-3900
                                        Facsimile: 1(650) 428-3901

                                        Attorneys for Defendant CM HK, Ltd.

Defendant's Motion for Reconsideration
of Order Denying Motion to Transfer Venue
Case No. 4:24-cv-06567-JST                                    7