UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>CM HK, LTD.,<br><br>   Defendant. | Case No. 24-cv-06567-JST<br><br>**ORDER DENYING DEFENDANT CM HK, LTD.'S MOTION FOR SANCTIONS**<br><br>Re: ECF No. 93 |

Pending before the Court is Defendant CM HK, Ltd.'s motion for sanctions. ECF No. 93 ("Mot."). The Court will deny the motion.

## I. BACKGROUND

On September 18, 2024, Plaintiffs Samsung Electronics, Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") filed this case seeking a declaratory judgment of noninfringement of U.S. Patent Nos. 10,852,846 ("the '846 Patent"), 11,698,687 ("the '687 Patent"), 10,275,038 ("the '038 Patent"), and 10,817,072 ("the '072 Patent") ("collectively the "Patents-in-Suit") against CM HK and CyWee.[1] ECF No. 1. On October 31, 2024, CM HK filed a case against Samsung in the Eastern District of Texas alleging infringement of the '846 and '687 Patents.

In January 2025, CM HK moved to dismiss Samsung's complaint. ECF No. 51. CM HK moved to dismiss Samsung's complaint for lack of subject matter jurisdiction, for lack of personal jurisdiction, and for failure to state a claim. *Id*. The Court found it lacked personal jurisdiction over CM HK, but granted Samsung jurisdictional discovery after finding a "'colorable basis' to

---

[1] On February 20, 2025, Samsung voluntarily dismissed CyWee. ECF No. 64.

believe there may be a commingling or manipulation of assets between CM HK and CyWee that would render CM HK the alter ego of CyWee." ECF No. 73 at 19. Jurisdictional discovery is ongoing. *See* ECF No. 144.

## II.      LEGAL STANDARD

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

## III.     DISCUSSION

CM HK seeks sanctions against Samsung under Rule 11. CM HK specifically asks the Court to dismiss Samsung's alter ego and noninfringement claims with prejudice and award CM HK attorney's fees and costs in defending this case. Mot. at 19. CM HK argues that sanctions against Samsung are appropriate for three reasons: (1) "Samsung has demonstrated procedural gamesmanship by repeatedly refusing to disclose what it believes [the] claim term 'predicted axial accelerations' means[]" (*id*. at 12); (2) "Samsung . . . knew, or should have known, that their alter ego allegations were legally deficient on their face" (*id*. at 14); and (3) Samsung had a "strategic intent to delay adjudication and escalate CM HK's litigation costs" (*id*. at 17). CM HK's arguments are not persuasive.

### A.      Samsung's Claim Construction Arguments

First, CM HK argues that Samsung's proposed construction of "predicted axial accelerations" violates Rule 11. Mot at 12–14. A party's proposed claim construction may warrant sanctions under Rule 11 when it is "so unreasonable that no reasonable litigant could believe it would succeed . . . ." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361,

1368 (Fed. Cir. 2012) (quoting *iLor, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011)). CM HK has not shown that that Samsung's proposed construction meets this high standard. CM HK argues that Samsung's proposed construction is "objectively frivolous[,]" because it "lacks intrinsic support" and "contradicts its own IPR filings and the [patent] specification."[2] Mot. at 14. CM HK specifically argues that Samsung's construction of "predicted axial accelerations" to mean "a composite acceleration value . . . at 'some future time'" is "wrong," because the claims and specification show that "predicted axial accelerations" means "the expected gravitational accelerations along the devices axis at time T based on the current orientation." Mot. at 13–14. The Court is not persuaded that Samsung's construction of "predicted axial accelerations" warrants sanctions.

As an initial matter, the issue of claim construction is not before the Court, nor has a claim construction hearing been set. This alone is sufficient to deny Samsung's motion on this ground. Without a full record on which to examine the parties' claim construction positions, the Court cannot determine whether Samsung's proposed construction of "predicted axial accelerations" is "so unreasonable that no reasonable litigant could believe it would succeed . . . ." *Raylon*, 700 F.3d at 1368. Based on the limited record before the Court now, the Court does not find that Samsung's proposed construction is "objectively frivolous" or that it "contradicts the intrinsic record."[3] Mot. at 13. Accordingly, CM HK's motion for sanctions on this ground is denied.

### B.  Samsung's Alter Ego Theory

Next, CM HK argues that "Samsung and its counsel violated Rule 11 because [it] knew, or should have known, that [its] alter ego allegations were legally deficient on their face." Mot. at 14. CM HK specifically argues that Samsung's alter-ego allegations are "objectively baseless[,]" as Samsung "cannot show unity of interest" or "inequitable consequences." *Id.* at 14–16. CM HK also argues that Samsung's "overly broad discovery requests" and decision not to "assert[] alter

---

[2] The Court also notes that there is currently no set deadline for the parties to exchange proposed constructions of disputed terms. All case deadlines were vacated pending the filing of Samsung's amended complaint. ECF No. 80.

[3] To be clear, the Court does not make any determination on whether the specification does or does not support CM HK's claim construction position.

3

1  ego allegations in the co-pending CM HK [c]ase" further support an award of sanctions. *Id*. at 17.
2  Samsung's arguments are not persuasive.

3  Although the Court previously found that it lacked personal jurisdiction over CM HK, the Court found Samsung's alter ego theory credible enough to grant jurisdictional discovery on the issue. This undermines CM HK's argument that Samsung's alter ego theory is "objectively baseless." Additionally, Samsung's discovery requests do not strike the Court as overly broad, as the requested information would help clarify the chain of ownership between CyWee and CM HK. Further, that Samsung does not allege an alter ego theory in the Eastern District of Texas case does not alter the Court's conclusion. CM HK was the party who initiated litigation in the Eastern District of Texas, and accordingly, there are no disputes regarding personal jurisdiction in that case. The Court therefore finds that an award of sanctions is not warranted on this ground.

### C. Samsung's Litigation Conduct

Finally, CM HK argues that "Samsung's conduct reveals a strategic intent to delay adjudication and escalate CM HK's litigation costs." Mot. at 17. CM HK argues that Samsung "chose this venue because the Northern District of California is statistically more likely to grant IPR-related stays than the Eastern District of Texas[,]" and Samsung "deliberately limited its complaint to noninfringement claims to preserve its ability to later file IPR petitions— sidestepping the statutory bar against doing so after challenging validity in court." *Id*. These allegations are nothing more than attorney argument without any factual support. CM HK also argues that "[i]f Samsung were truly interested in resolving the merits," Samsung would have agreed to litigate this dispute in the Eastern District of Texas. This is essentially the same argument CM HK raised in its motion to dismiss, in which it argued that Samsung's lawsuit was "an example of bad faith, anticipatory suit, and forum shopping" and "filed to preempt CM HK's subsequent suit in the Eastern District of Texas." ECF No. 51 at 21, 7. The Court rejected this argument then, as it does now. It should come as no surprise that antagonists in litigation do not always agree with each other's strategic choices. That Samsung is not litigating this case in a manner consistent with CM HK's preferences does not subject Samsung to sanctions. Accordingly, CM HK's motion for sanctions on this ground is denied.

4

**CONCLUSION**

For the foregoing reasons, the Court denies CM HK's motion for sanctions.

**IT IS SO ORDERED.**

Dated:  December 19, 2025



_____
JON S. TIGAR
United States District Judge