UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CM HK, LTD.,<br><br>Defendant. | Case No. 24-cv-06567-JST   (LJC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DISCOVERY LETTER**<br><br>Re: Dkt. No. 147 |

Before the Court is the parties' joint discovery letter regarding Defendant CM HK, Ltd.'s (CM HK's) interrogatories and 30(b)(6) deposition notice served on Plaintiffs Samsung Electronics Co, Ltd. and Samsung Electronics America, Inc. (together, Samsung). ECF No. 147. Having reviewed the letter, Judge Tigar's Order granting CM HK's motion to dismiss and authorizing jurisdictional discovery, the relevant authorities, and the record in this case, CM HK's request for discovery relief is DENIED in PART and GRANTED in PART. The undersigned denies CM HK's request for an order compelling Samsung to identify corporate witness(es) and provide dates for the depositions on the noticed topics. The undersigned, however, grants CM HK's request to have Samsung verify the interrogatory response Samsung has already provided. Samsung need not supplement its responses at this time.

Judge Tigar's order clearly contemplated jurisdictional discovery pertaining to the unity of interest and ownership prong of the alter ego test. *See* ECF No. 73 at 19-20 (authorizing Samsung to obtain discovery to evaluate "the extent of the connection between CM HK and CyWee"). This is discovery that Samsung is authorized to seek because it has the burden to establish the court's jurisdiction over a defendant. The alter ego test's second prong relates to whether the failure to

disregard or ignore the separateness of the two entities would result in "fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (internal quotations omitted). Judge Tigar recognized the test's second prong, but did not address to what extent jurisdictional discovery regarding that part of the alter-ego test was warranted, as "Samsung has not satisfied the first prong of the alter ego analysis." ECF No. 73 at 18. Given that to prevail under the second prong of the alter ego test, Samsung must "plead facts sufficient to demonstrate that conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form," and given that discovery under Rule 26 is generally reciprocal, CM HK may serve limited discovery to understand Samsung's view of the harm it has suffered or inequity that would result. *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669, 2017 WL 201703, at *8 (N.D. Cal. Jan. 18, 2017) (internal quotations omitted). However, "jurisdictional discovery must comport with Fed. R. Civ. P. 26," and CM HK's 30(b)(6) deposition addressing the range of noticed topics, at this stage of the litigation, is disproportionate to the needs of the case. *See Fleites v. MindGeek S.A.R.L.*, No. 21-04920, 2023 WL 3526180, at *1 (C.D. Cal. Apr. 7, 2023). At the present time, jurisdictional discovery is undertaken simply to determine whether Samsung can establish a prima facie basis for jurisdiction, such that the claims may survive a further motion to dismiss on jurisdictional grounds. *See In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d 716, 741 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) ("When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction … However, the plaintiff must make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.") (internal quotations and citation omitted). Given the scope of jurisdictional discovery, a wide-ranging 30(b)(6) deposition of Samsung's corporate representative is not warranted.

Although CM HK argues that "Samsung seeks to replay alter-ego jurisdiction based on alleged harm known only to Samsung," Samsung has identified the types "of injustice and harm" caused by CM HK and CyWee's alleged alter ego relationship. ECF No. 147-1 at 1-2. As facts regarding CM HK and CyWee's relationship are in CM HK's possession, the Court is skeptical that additional jurisdictional discovery from Samsung is necessary to enable CM HK to present a

fulsome argument at the motion to dismiss stage regarding the Court's purported lack of jurisdiction.

This order is without prejudice to future requests CM HK may raise that are more precisely tailored to disputed facts that CM HK seeks to challenge.

**IT IS SO ORDERED.**

Dated: December 29, 2025

LISA J. CISNEROS
United States Magistrate Judge

3