UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMSUNG ELECTRONICS CO, LTD., et al.,

        Plaintiffs,

    v.

CM HK, LTD.,

        Defendant.

Case No.  24-cv-06567-JST   (LJC)

**ORDER RESOLVING DISCOVERY BRIEF**

Re: Dkt. No. 162

The parties dispute whether Defendant CM HK, Ltd. (CM HK) has sufficiently responded to Plaintiffs Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s (collectively, Samsung's) Requests for Production of Documents.  ECF No. 162.[1]  The close of jurisdictional discovery was on January 27, 2026.  Samsung's deadline to file an amended complaint is February 23, 2026.  ECF No. 150.  The undersigned assumes the parties' familiarity with the procedural and factual background of the case and the relevant legal standards, and rules as follows:

Samsung's request that CM HK produce additional bank statements is granted.  If it has not already done so, CM HK shall produce all bank statements for CyWee Motion Inc. from the accounts ending in *2233 and *1536 that are in its possession, custody, or control from January 1, 2014 to the commencement of this action.  If CM HK has no additional responsive documents in its possession, custody, or control, it shall update its response to RFP No. 16 accordingly.

Samsung's request that CM HK produce documents evidencing royalty payments is denied.  Although documents evidencing royalty payments from third parties reasonably falls

---

[1] A redacted version of the discovery brief is filed on the public docket at ECF No. 162.  An unredacted has been filed under seal at ECF No. 160-3.

within the scope of "all financial records," ordering production at this stage in the jurisdictional discovery process is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b).

Samsung's request that CM HK produce additional documents regarding transfer of funds between CyWee Entities is granted in part. CM HK shall produce the accounting books for each CyWee Entity[2] from January 1, 2014 to the commencement of this action. The accounting books are responsive to RFP No. 17's request for "all financial records." ECF No. 162-6 at 4. Although CM HK contends that the bank statements they provided contain the same substantive information as the accounting books, Suzanna Wu's testimony suggests that, at minimum, the accounting books contain labels identifying the recipient or transferor of payments that the bank statements lack. *See* ECF No. 160-6 at 5-6; ECF No. 160-3 at 2 ("The accounting books include both the names of the transacting parties and the purposes of the transactions, which are not reflected in the bank statements."). As Judge Tigar authorized jurisdictional discovery to allow Samsung to investigate "the possible manipulation of assets between CyWee and CM HK," Samsung is entitled to thorough accounting recordings showing the recipients and sourcees of payments from and to the CyWee Entities. ECF No. 73 at 19. Samsung may depose CM HK's 30(b)(6) witness for up to an additional three hours on the record following CM HK's production in compliance with this Order.

CM HK references a request by Samsung for "post-filing … board materials." ECF No. 160-3 at 5. The undersigned does not construe Samsung's portion of the letter brief as requesting these materials. If Samsung is requesting post-filing board materials, such request is denied.

Samsung requests that "its deadline to amend its complaint be extended to four weeks after the completion of any additional discovery that the Court orders." ECF No. 160-3 at 3. Judge Tigar, not the undersigned, sets the overall schedule in this case, and unless modified by Judge

---

[2] For purposes of this order, "CyWee Entities" means CyWee Group, CyWeeMotion Group Ltd., CyWee Motion Ltd., CyWee Motion Inc., CyWeeMotion, CM Investment Inc., and CM HK. See ECF No. 162-6 at 3. For the avoidance of doubt, CM HK is not required to produce accounting books for the fifteen additional entities Samsung identifies at page two of the letter brief. Expanding discovery to include those entities at this stage is disproportionate to the needs of the case.

Tigar, the parties shall comply with the scheduling order at ECF No. 150. Accordingly, CM HK is ordered to produce documents in compliance with this Order by February 12, 2026. Samsung may then depose CM HK's 30(b)(6) witness for an additional three hours on the record on or before February 18, 2026. The undersigned recognizes that this is a somewhat compressed timeline and expects the parties to work together in good faith to comply with this Order and the existing case schedule.

**IT IS SO ORDERED.**

Dated: February 5, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

3