UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>CM HK, LTD.,<br><br>            Defendant. | Case No. 24-cv-06567-JST<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: ECF No. 177 |

Before the Court is Plaintiffs' administrative motion to consider whether another party's material should be sealed in its amended complaint.  ECF No. 177.  Defendant filed a response pursuant to Civil Local Rule 79-5(f).  ECF No. 179.   The Court will deny the motion without prejudice.

## I.    LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).  An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d).  "Reference to a stipulation or protective order that

allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required to overcome the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal citations omitted).

On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012).

## II.    DISCUSSION

Because the materials sought to be sealed are contained within an amended complaint, the Court applies the "compelling reasons" standard. *See Fed. Trade Comm'n v. S. Glazers Wine & Spirits, LLC*, No. 8:24-CV-02684-FWS-ADS, 2025 WL 819070, at *1 (C.D. Cal. Feb. 4, 2025) (applying the "compelling reasons" standard to a complaint because that document "is the foundation of a lawsuit" and "more than tangentially related to [the] merits" of the case (citation modified)). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for

2

improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598.  The *Nixon* Court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing."  435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b).  In that case, applying *Kamakana* and *Nixon*, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard.  *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569.  The Federal Circuit has similarly concluded that under Ninth Circuit law, detailed product-specific financial information, customer information, and internal reports are appropriately sealable under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage.  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

Defendant here seeks to seal portions of paragraphs 11, 17–18, 20–21, 55, 58–59, 67–91, 93–94, 96–103, 106–15, 117, 119, 121, 122, 125–26 in Plaintiff's Amended Complaint.  ECF No. 179 at 4–8.  Defendant contends that those paragraphs contain confidential business information, including excerpts of agreements between CyWee Group Ltd. (an entity alleged to be related to Defendant) and various third parties, including licensing and settlement agreements.  ECF No. 179-1 ¶¶ 5–9; Am Compl. ¶¶ 11, 17.  Defendant claims that the amended complaint also contains Defendant's and CyWee Motion Group, Ltd.'s confidential financial and business strategy information.  ECF No. 179-1 ¶ 10.

Defendant categorizes the information it seeks to seal as "Confidential Licensing Agreement," "Confidential material of a third-party," "Confidential business information," "personal information of a non-party," "financial information not subject to public disclosure," "testimony designated Highly Confidential," "internal Shareholder agreement not subject to public

United States District Court
Northern District of California

disclosure," or "financial records of non-party entities." ECF No. 179 at 4–8. It provides little other explanation for its sealing requests. Those descriptions do not suffice to provide a "compelling reason" for the pleading to be sealed. *See Corvello v. Wells Fargo Bank N.A.*, No. 10-cv-05072-VC, 2016 WL 11730952, at *1 (N.D. Cal. Jan. 29, 2016) ("conclusory statements that publication of the information 'could pose significant commercial harm to [the party seeking to maintain information under seal]' . . . does not come close to establishing compelling reasons to conceal this material from the public").

Defendant also makes no argument about why disclosure of any of the information sought to be sealed would be harmful to itself or a third party. *See* ECF No. 179. And it provides no explanation how it has safeguarded this information outside of confidentiality designations. *See* Civil L.R. 79-5(d)(1)(A) (explaining that a confidentiality designation "is not sufficient to establish that a document, or portions thereof, are sealable"). It appears that some of the information contained in the amended complaint could be properly sealed, *see Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking, and financial records, which would expose [the defendant] to competitive harm if disclosed"), but the Court cannot evaluate explanations Defendant hasn't given.

The Court also finds that the requested sealing is not sufficiently tailored. For example, Defendant seeks to seal information in ¶¶ 18, 20, 21, 58 that is left unsealed in ¶ 16. *See* Am. Compl. ¶¶ 16, 18, 20, 21, 58. Defendant seeks to seal other portions of the amended complaint without any apparent indication that disclosure of the information would be harmful. *See* Am. Compl. ¶¶ 55, 61, 63 (mentioning individuals' roles in CyWee), Am. Compl. ¶ 66 (referencing publicly available patent information).

### CONCLUSION

The Court denies Defendant's motion to seal without prejudice. ECF No. 179. Defendant may refile an amended response within seven days of this Order. If Defendant does not amend its response within seven days, the Court will not consider the documents as to which the motion is denied unless the filing party files those documents in the public record without redaction within

United States District Court
Northern District of California

4

fourteen days from the date of this Order.

**IT IS SO ORDERED.**

Dated: May 6, 2026

_____
JON S. TIGAR
United States District Judge