United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMSUNG ELECTRONICS CO, LTD., et al.,

Plaintiffs,

v.

CM HK, LTD.,

Defendant.

Case No. 24-cv-06567-JST

**ORDER GRANTING MOTION TO DISMISS; ORDER TERMINATING AS MOOT MOTION FOR RECONSIDERATION AND MOTION TO STAY PENDING INTER PARTES REVIEW; DENYING ADMINISTRATIVE MOTION**

Re: ECF No. 122, 182, 184, 202

Now pending before the Court is Defendant CM HK, Ltd.'s ("CM HK") motion to dismiss, ECF No. 182; Defendant's administrative motion to take judicial notice, ECF No. 202; and Plaintiffs Samsung Electronics Co., Ltd. ("Samsung Korea") and Samsung Electronics America, Inc.'s ("Samsung USA") (collectively, "Samsung") motion to stay pending *inter partes* review. ECF No. 184. The Court will grant the motion to dismiss, ECF No. 182, deny the administrative motion, ECF No. 202, and terminate as moot the motion to stay pending *inter partes* review. ECF No. 184.[1]

## I. BACKGROUND

### A. Prior Litigation Activity[2]

This case is one of many patent infringement disputes between Samsung Korea, Samsung USA, CM HK, Ltd. ("CM HK"), and non-party CyWee Group Ltd. ("CyWee"). Samsung Korea is a Korean corporation with its principal place of business in Korea; Samsung USA is a New

[1] CM HK's motion to reconsider the Court's prior motion to dismiss order, ECF No. 122, is also terminated as moot.

[2] For ease of reference, the Court repeats some of the factual background from its May 15, 2025 order. ECF No. 73.

York corporation with its principal place of business in New Jersey; CM HK is a Chinese corporation with its principal place of business in Hong Kong; and CyWee is a British Virgin Islands corporation with its principal place of business in Taipei. ECF No. 177 ¶¶ 5–7, 81.

In February 2017, CyWee filed suit against Samsung in the Eastern District of Texas, Case No. 2:17-cv-00140-RSW-RSP, accusing Samsung of infringing U.S. Patent Nos. 8,441,438 (the "'438 Patent") and 8,552,978 (the "'978 Patent"). ECF No. 177 ¶ 25. CyWee also asserted the '438 and '978 Patents against Apple in this District, Case No. 4:14-cv-01853, and against LGE and ZTE in the Southern District of California, Case Nos. 3:17-cv-01102, 3:17-cv-02130. *Id.* ¶¶ 14–16.

On September 18, 2024, Samsung filed this suit against CM HK and CyWee, seeking declaratory judgment of non-infringement of U.S. Patent Nos. 10,275,038 (the "'038 Patent"), 10,817,072 (the "'072 Patent"), 10,852,846 (the "'846 Patent"), and 11,698,687 (the "'687 Patent") (collectively, the "Asserted Patents"). ECF No. 1. The Asserted Patents are in the same patent family as the previously asserted '438 and '978 Patents. Compl. ¶ 15.

On October 31, 2024, CM HK filed suit against Samsung in the Eastern District of Texas, accusing Samsung of infringing the '846 and '687 Patents. ECF No. 50 ¶ 1.

On January 28, 2025, CM HK and CyWee moved to dismiss Samsung's complaint. ECF Nos. 51, 52. On February 20, 2025, Samsung filed a notice of voluntary dismissal as to CyWee based on representations made in CyWee's reply brief regarding CyWee's rights to the Asserted Patents. ECF No. 64 at 2.

On May 15, 2025, the Court granted CM HK's motion to dismiss for lack of personal jurisdiction. ECF No. 73. The Court found that "CM HK's contacts with California are not sufficient to confer specific jurisdiction over CM HK," *id.* at 14; and that jurisdiction on the basis of alter ego was not appropriate because "Samsung has not shown that CyWee controls CM HK 'to such a degree as to render [CM HK] the mere instrumentality of [CyWee]," *id.* at 18 (quoting *Chubchai v. AbbVie, Inc.*, 599 F. Supp. 3d 866, 874–75 (N.D. Cal. 2022)). The Court found, however, that Samsung had presented a "'colorable basis' to believe there may be a commingling or manipulation of assets between CM HK and CyWee that would render CM HK the alter ego of

CyWee," *id.* at 19-20, and granted jurisdictional discovery on that basis.

Following the conclusion of that discovery, CM HK again moved to dismiss. ECF No. 182. Samsung opposed, ECF No. 195, and CH HK replied, ECF No. 198. The Court took the motion under submission without a hearing. ECF No. 204.

**B. The Relevant CyWee Entities**

Following the Court's order granting the prior motion to dismiss, the parties do not dispute that CM HK's contacts, standing alone, are insufficient to support a finding of specific jurisdiction. Rather, Samsung now argues that such jurisdiction lies because CM HK and the following entities ("CyWee Entities") "operate as a single entity": CyweeMotion Group Ltd.; CyweeMotion Ltd.; CyweeMotion HK Ltd.; Shunnan Investment, Inc.; Cywee Motion Inc.; CM Investment Inc.; and CyWee Group. ECF No. 195 at 14.

The CyWee Entities are organized as follows:




ECF No. 184 at 11.

**C. CyWee Group's Enforcement Actions**

Samsung also bases its jurisdictional arguments on CyWee Group's litigation activity. CyWee Group has sued various companies for infringing the '978 and'438 Patents, which CyWee Group still owns. In this district, CyWee Group sued Apple, Inc. before CM HK's formation. *See Second Am. Compl.*, *CyWee Group Ltd. v. Apple, Inc.*, No. 3:14-cv-1853-HSG (N.D. Cal. May 12,

2016), ECF No. 87. CyWee also filed suit against LG Electronics, Inc. and ZTE Corporation in the Southern District of California. Am. Compl. ¶¶ 19, 97 n.2. In February 2017, CyWee Group brought a similar case against Samsung in the Eastern District of Texas. *Id.* ¶ 25. These cases only asserted claims for infringing the '438 and '978 Patents. Am. Compl. ¶¶ 16, 18–19.

On March 1, 2017, CyWee Group and Apple reached a settlement ("Apple Agreement") pursuant to which CyWee agreed to license its patents. ECF No. 194-42. [redacted] CM HK was an affiliate or subsidiary of CyWee Motion Group as those terms were defined in the Apple Agreement. [redacted] At some point thereafter, the patents were transferred to CM HK. Samsung emphasizes that "[d]espite the fact that Cywee Motion HK Ltd. (and later CM HK) owned a majority of the licensed patents, the payments from Apple for these licenses went to CyWee Group."

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

When a defendant moves to dismiss a patent case for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court applies Federal Circuit law "because the jurisdictional issue is intimately involved with the substance of the patent laws." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (internal quotation marks omitted); *see also Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002) ("[W]e apply Federal Circuit law to personal jurisdiction inquiries over out-of-state patentees as declaratory judgment defendants.").

The Federal Circuit "employs a three-prong test, in which [the court] determine[s] whether: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is

reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006) (citation omitted). "With respect to the last prong, the burden of proof is on the defendant, which must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in *Burger King*." *Id.* In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), the Court listed as relevant considerations "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *Id.* at 476–77.

This standard also applies to actions for declaratory judgment of noninfringement. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017). In such an action, the relevant inquiry for specific jurisdiction "becomes to what extent has the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (internal quotation marks and citation omitted). "Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action." *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) (citation omitted).

When the plaintiff has received jurisdictional discovery and the facts are not in dispute, plaintiff must establish personal jurisdiction by a preponderance of the evidence. *Pieczenik v. Dyax Corp.,* 265 F.3d 1329, 1334 (Fed. Cir. 2001).

## III. JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## IV. ANALYSIS

### A. Motion to Dismiss

CM HK moves to dismiss for lack of personal jurisdiction, arguing that its contacts with

California are insufficient to establish jurisdiction and it is not the alter ego of former defendant CyWee. Samsung responds that jurisdiction is present because: (1) CM HK was a party to the Apple Agreement; CyWee Group and the CyWee Entities share assets and do not observe corporate formalities; CyWee Group and CM HK's threats "are an injustice" to Samsung; and CM HK and the other CyWee Entities operate as a single entity. ECF No. 195.

**1. CM HK Does Not Have Sufficient Contacts with California to Support a Finding of Specific Jurisdiction**

In its prior order, the Court found that CM HK's own contacts with California were insufficient to support a finding of specific jurisdiction. ECF No. 73 at 13. Nothing about the present motion changes that holding.

**2. The Apple Settlement Agreement and Other Enforcement Activities**

Samsung argues that the Court has personal jurisdiction over CM HK because CM HK was a party to, and submitted to the Court's jurisdiction in, the Apple Agreement, and because it "purposefully availed itself of this forum through its enforcement activities in this state." ECF No. 195 at 17. It notes that the Apple Agreement defines "parties" to include CyWee Group's subsidiaries and affiliates, and CM HK was a subsidiary or affiliate at the time the Agreement was executed. *Id.* It further notes that the Apple Agreement states [redacted] Am. Compl. ¶ 17.

CM HK responds that it was not a party to the Apple Agreement, "and CM HK was not assigned any patents until after that agreement was executed." ECF No. [183] at 17. It argues that "[a]t most, [the Apple Agreement] reflects a historical settlement with a different party involving different products and different patents. That attenuated relationship does not constitute forum-directed enforcement activity giving rise to this dispute." ECF No. [183] at 27. Finally, it argues that regardless of the extent to which the Apple Agreement involves enforcement activities, those activities were not directed at residents of this forum and the present declaratory judgment claim does not arise out of or relate to those activities. *Id.* at 28.

Samsung is correct that prior patent lawsuits in a forum can constitute a relevant enforcement activity. *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d 1083, 1097 (N.D. Cal. 2013). Also, the Court previously found that the Apple Agreement was an enforcement act by CyWee because the patents in the Apple case, while not identical, are related to those at issue here. "[A] history of patent litigation between the same parties involving related technologies, products, and patents is another circumstance to be considered, which may weigh in favor of the existence of subject matter jurisdiction, as it does here." *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1331 (Fed. Cir. 2014). Moreover, the Court agrees that CM HK is a "party" to the Apple Agreement according to the agreement's explicit terms.

Nonetheless, the Court concludes that the Apple Agreement is not an enforcement activity *by CM HK*. In order to have engaged in enforcement activity, the defendant must have committed an "affirmative act." *Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 20-CV-02397-LHK, 2020 WL 7342733, at *7 (N.D. Cal. Dec. 14, 2020). Examples of the "activities" that will support a finding of specific jurisdiction include "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Invellop, LLC v. Bovino*, No. 3:14-CV-00033-SI, 2014 WL 3478866, at *4 (D. Or. July 11, 2014) (quoting *Avocent*, 552 F.3d at 1334). CM HK did not do those things. Instead, it was added to a Settlement Agreement by another party that itself "initiated judicial patent enforcement within the forum."

In the cases of which the Court is aware, prior litigation *by a party* was found to be a relevant affirmative enforcement activity *by that party*. *See, e.g., Twitter*, 2020 WL 7342733, at *7; *Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1358 (Fed. Cir. 2013); *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d at 1097. The Court is aware of no case, however, and Samsung has cited none, in which inclusion as an affiliate in one party's settlement agreement constituted an affirmative enforcement activity by another party. Accordingly, the Court finds that CM HK's inclusion in the Apple Agreement does not constitute "intentional conduct by the defendant" directed at California. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) (quoting *Walden v. Fiore*, 571 U.S. 277, 286

(2014)). CM HK's connection to the Apple litigation is simply too attenuated to count as relevant enforcement activity. *Cf. id.* (finding that patent infringement lawsuit filed in California against Tennessee corporation did not constitute enforcement activity in Tennessee, even though requested injunction might apply to a Tennessee resident and non-party).

### 3. CM HK is Not the Alter Ego of the CyWee Entities

Samsung next argues that CM HK is the alter ego of the CyWee Entities and as such, it would be unjust not to treat them as a single entity for personal jurisdiction purposes.

#### a. Choice of Law

As an initial matter, CM HK argues that the internal affairs doctrine requires the Court to apply Hong Kong law to determine whether CM HK is the alter ego of any other CyWee Entity. ECF No. 184 at 19. Pursuant to that doctrine, "the law of the state of incorporation normally determines issues relating to the internal affairs of a corporation." *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983). In support of its argument, CM HK cites *First Nat'l City Bank*, *supra*; *Max Sound Corp. v. Google, Inc.*, 147 F. Supp. 3d 948 (N.D. Cal. 2015); and *Medimpact Healthcare Sys., Inc. v. IQVIA Inc.*, 646 F. Supp. 3d 1266 (S.D. Cal. 2022).[3]

The Court finds CM HK's argument unpersuasive. First, as the Supreme Court made clear in *First Nat'l City Bank*, "[a]s a general matter, the law of the state of incorporation normally determines issues relating to the *internal* affairs of a corporation." 462 U.S. at 621 (emphasis in original). The Court explained the policy reasons for that limitation as follows:

> Application of that body of law achieves the need for certainty and predictability of result while generally protecting the justified expectations of parties with interests in the corporation. *See* Restatement (Second) of Conflict of Laws § 302, Comments *a* & *e,* (1971). Cf. *Cort v. Ash,* 422 U.S. 66, 84 (1975). Different conflicts principles apply, however, where the rights of third parties *external* to the corporation are at issue. See Restatement (Second) of Conflict of Laws, *supra,* § 301. To give conclusive effect to the law of the chartering state in determining whether the separate juridical status of its instrumentality should be respected would permit the state to violate with impunity the rights of third parties under international

[3] In *Max Sound*, the court referred to the internal affairs doctrine but did not apply it. 147 F. Supp. 3d at 954 n.3.



United States District Court
Northern District of California

> law while effectively insulating itself from liability in foreign courts. We decline to permit such a result.

*Id.* This is not a lawsuit about "the internal affairs of the corporation"; rather, this lawsuit very much pertains to the rights of third parties external to the corporation. Similarly, "California courts describe a corporation's internal affairs as matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders." *Medimpact* 646 F. Supp. 3d at 1274 (citation omitted). Applying these precepts, the Court concludes that the internal affairs doctrine likely does not apply. The Court need not decide that question definitively, however, because it concludes that even under California law, Samsung's jurisdictional arguments fail.

**b. Merits**

The Court must begin from "the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." *3D Sys., Inc. v. Aarotech Lab'ys, Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998). "[T]he corporate form is not to be lightly cast aside." *Id.* However, "if a corporation is the alter ego of an individual defendant, or one corporation the alter ego of another, the [c]ourt may pierce the corporate veil jurisdictionally and attribute contacts accordingly." *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 635 (N.D. Cal. 2020) (quotations and citation omitted). "In order to demonstrate that an alter ego relationship exists, the plaintiff must make a prima facie case '(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" *Id.* (quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015)). "Both factors must be met to establish alter ego liability." *New High Ltd. v. Glob. Merch Grp., LLC*, No. 2:21-CV-09608-CAS (PVCX), 2025 WL 50113, at *5 (C.D. Cal. Jan. 6, 2025).

"The first prong of the alter ego test requires a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Chubchai*, 599 F. Supp. 3d at 874–75. "It requires such 'pervasive control' that it can only be met where a parent corporation 'dictates every facet of the subsidiary's business—from broad policy

decisions to routine matters of day-to-day operation.'" *Id.* (citation omitted). In determining whether the first prong has been satisfied, courts generally consider nine factors: "(1) inadequate capitalization, (2) commingling of funds and other assets, (3) disregard of corporate formalities and failure to maintain an arm's length relationship, (4) holding out by one entity that is liable to the debts of the other, (5) identical equitable ownership, (6) use of the same offices and employees, (7) lack of segregation of corporate records, (8) manipulating assets between entities so as to concentrate the assets in one and the liabilities in another, and (9) identical directors and officers." *Purdue Pharma*, 491 F. Supp. 3d at 635 (citing *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F. 3d 1241, 1250 (9th Cir. 2017)). "These factors help determine whether the parent corporation totally controls the actions of the subsidiary so that the subsidiary is the mere alter ego of the parent, such that the Court may exercise jurisdiction over both the parent and its subsidiary." *Id.* (quotations and citation omitted).

**i. Unity of Interest and Ownership**

Samsung argues that several facts demonstrate the unity of interest and ownership necessary to an alter ego finding.

**Commingling Funds and Other Assets:** Samsung argues that "CM HK, CyWee Group, and the Other Cywee Motion Entities commingled and manipulated assets and disregarded formalities through inter-company transfers, licensing, and other activities." ECF No. 195 at 8. Some of the evidence it points to involves CM HK. For example, Samsung cites a 2018 loan taken out by CyweeMotion Group Ltd. from Softbank China Venture Capital ("SBCVC") "with some of the proceeds going to CM HK." *Id.* Samsung also identifies CM HK's payment of $972 for a notarization in connection with *CyWee Group Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-WCB-RSP (E.D. Tex.). ECF No. 195 at 11.

However, most of Samsung's commingling examples involve only entities other than CM HK. For example, Samsung cites the licensing of CyWee Group's patents to STMicroelectronics ("STM"), in which the benefits and rights under that license "made their way to the Cywee Motion Entities," including CyWee Group's wholly-owned Singaporean subsidiary, CyWee Technology Pte, Ltd. and Cywee Motion Inc. *Id.* Similarly, Samsung refers to Cywee Motion Ltd.'s receipt of



United States District Court
Northern District of California

royalties and NRE fees from CyWee Group's patents through a royalty-bearing license agreement Cywee Motion Ltd. entered with Broadcom Corporation on January 5, 2015. *Id.* at 9. And it notes that Cywee Motion Inc. also received royalties and NRE fees from CyWee Group's patents through a royalty-bearing license agreement Cywee Motion Inc. entered with NXP Semiconductors Netherlands B.V. in October 2014. *Id.* at 10. Absent from these events is any mention of CM HK.[4] And the two transfers involving CM HK it does identify are insubstantial.

**Disregarding of Corporate Formalities:** Samsung argues that "Cywee Group and the Cywee Motion Entities failed to maintain an arm's length relationship as evidenced by the lack of agreements governing any of the arrangements involving Cywee Group and a Cywee Motion Entity." ECF No. 195 at 11. For the most part, this section of Samsung's brief merely rehashes the commingling section discussed above.[5] To the extent there is anything new, Samsung lumps all the CyWee Entities together, including CM HK, and suggests they should all be treated as each other's alter ego. The only evidence specifically concerning CM HK is that "CM HK paid for some of Dr. Liou's travel expenses for his deposition on behalf of CyWee Group in the CyWee EDTX Suit." ECF No. 195 at 12. CH HK does not respond to this contention, and the payment seems potentially disconnected from CM HK's business responsibilities. But this single payment does not establish a "disregard of corporate formalities and failure to maintain an arm's length relationship."

**Assuming Each Other's Debts:** With regard to this factor, Samsung's sole example is CyWee Group's payment towards a loan taken out by CyweeMotion Group, and CyWee's offer to "'carry' $25,000 to be payable upon conclusion of the CM HK lawsuit." *Id.* at 12. Notwithstanding the passing reference to CM HK, however, neither of these transactions actually

---

[4] Some of the transactions Samsung identifies are intercompany transfers. CM HK argues, without citing authority, that "ordinary intercompany accounting practices" do not constitute "commingling." ECF No. 198 at 10. Intercompany transfers, however, can be evidence of commingling "where the evidence shows that the related companies transfer assets among themselves for no ascertainable reason." *City of Escondido v. Gen. Reinsurance Corp.*, No. 19-CV-868-MMA (BGS), 2019 WL 6917983, at *6 (S.D. Cal. Dec. 18, 2019) (quoting *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015)).

[5] As evidence, Samsung's brief refers the reader to "Section II.C, *supra*," but the statement is within Section II.C. *Id.*



United States District Court
Northern District of California

involved CM HK. *See* ECF No. 178 ¶ 47. Thus, there is no reference to CM HK concerning this factor.

**Remaining Factors:** Samsung describes at length the common management and shared offices of various CyWee Entities—but not CM HK. Nor does Samsung allege that CM HK is inadequately capitalized.

**ii. Fraud or Injustice**

Samsung argues that it would be unjust to allow CM HK to maintain its separate identity because "CM HK, CyWee Group, and the other Cywee Motion Entities are seeking to misuse their corporate form as a shell game to accuse Samsung of patent infringement, while evading jurisdiction for declaratory judgment actions in venues they disfavor." ECF No. 195 at 24.

As a threshold matter, the parties disagree whether CM HK must have been formed for the purpose of wrongdoing before the Court can find an injustice. *Compare* ECF No. 183 at 20 ("The 'injustice' must arise from misuse of the corporate form, not merely from the plaintiff's disappointment that corporate separateness affects its forum choices." (citing *Zeichner v. Nord Sec. Inc.*, No. 24-CV-02462-JSC, 2024 WL 4951261, at *4 (N.D. Cal. Dec. 2, 2024); *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1009 (N.D. Cal. 2020); *Robbins v. Blecher*, 52 Cal. App. 4th 886, 892 (1997)) *with* ECF No. 195 at 25 ("[T]his District has found that 'the corporation need not be *formed for the purpose of wrongdoing*. Malfeasance need not be its *raison d'être*. It is enough (assuming the doctrine is otherwise satisfied) that the corporation is *used* to carry out some misdeed." (quoting *Pac. Bell Tel. Co. v. 88 Connection Corp.*, No. 15-CV-04554-LB, 2016 WL 3257656, at *3 (N.D. Cal. June 14, 2016) (emphasis in original)).

The Court need not resolve this dispute because, regardless of the reason CM HK was formed, acknowledging its separate existence will not work a fraud on Samsung. CM HK is Cywee Motion's intellectual property holding company and was assigned the group's patent portfolio on March 31, 2017, "more than eight years before Samsung filed this declaratory judgment action." ECF No. 198 at 12; ECF No. 182 at 12. CM HK did not do anything fraudulent at the time of its incorporation or subsequently. Samsung identifies no sham restructuring, no newly formed entity, no California-directed licensing campaign, and no

enforcement activity targeting California.

Samsung relies heavily on *Google Inc. v. Rockstar Consortium U.S. L.P.* to support its injustice argument. ECF No. 195 at 24–25 (discussing No. 13-CV-5933 CW, 2014 WL 1571807, at *2, 4–5 (N.D. Cal. Apr. 17, 2014). In *Rockstar*, "[a] mere day before it initiated litigation against Google's customers, Rockstar freshly minted [a subsidiary called] MobileStar, with no California contacts, and assigned the asserted patents to that subsidiary." *Id.* at *4. Google later filed a declaratory relief action in the Northern District of California against Rockstar and MobileStar, alleging that the two entities should be treated as a single entity for purposes of establishing jurisdiction. The district court had no difficulty agreeing: MobileStar had been formed in connection with Rockstar's patent infringement suit; all of MobileStar's employees also worked for Rockstar; all of MobileStar's officers and board members served on Rockstar's board; and the two firms operated "out of the same office suite listed for Rockstar." *Id.* The district court concluded that "the circumstances . . . strongly suggest that Rockstar formed MobileStar as a sham entity for the sole purpose of avoiding jurisdiction in all other fora except MobileStar's state of incorporation (Delaware) and claimed principal place of business (Texas)." *Id.* It therefore "consider[ed] the two entities jointly for purposes of jurisdiction and impute[d] Rockstar's contacts to the forum state to MobileStar." *Id.*

This case is not comparable to *Google*. CM HK was not formed under suspicious circumstances, and the transfer of patents did not occur in connection with the present dispute. Furthermore, as a colleague court has noted, "the Federal Circuit has not held that the mere assignment of patents to a subsidiary renders that assignee a sham entity." *ZTE (USA) Inc. v. AGIS Software Dev. LLC*, No. 18-CV-06185-HSG, 2019 WL 4345961, at *5 (N.D. Cal. Sept. 12, 2019).

In sum, the Court concludes that Samsung has failed to demonstrate either (1) that there is such unity of interest and ownership that the separate personalities CM HK and another CyWee Entity no longer exist or (2) that failure to disregard their separate identities would result in fraud or injustice.



United States District Court
Northern District of California

2. **Alter Ego vs. Single-Enterprise Doctrine**

In addition to the foregoing, the Court rejects Samsung's alter ego arguments for the additional reason that Samsung does not limit its arguments to CM HK and its parent, CM Investment Inc., but instead sweeps in all the CyWee Entities. "Generally, alter ego liability is reserved for the parent-subsidiary relationship." *LSREF2 Clover Prop. 4, LLC v. Festival Retail Fund 1, LP*, 208 Cal. Rptr. 3d 200, 211–12 (2016) (quoting *Las Palmas Associates v. Las Palmas Center Associates* 235 Cal. App. 3d 1220, 1249–1250 (1991). Samsung cites no authority for its group-alter-ego argument, and the Court declines to fashion such a doctrine from whole cloth.

**3. CM HK as Joint Venturer of CyWee Group**

Samsung's final argument is that CM HK is in a joint venture with CyWee Group involving the enforcement of a patent portfolio, which gives this Court specific jurisdiction over CM HK. Opp. at 27–28.

Under California law, a joint venture is "defined as an undertaking by two or more persons, or entities, jointly to carry out a single business enterprise for profit." *Ramirez v. Long Beach Unified Sch. Dist.,* 105 Cal. App. 4th 182, 193 (2002). This requires that the parties have "(1) a joint interest in a common business, (2) an understanding that profits and losses will be shared, and (3) a right to joint control." *Id.* The right to joint control means that the parties have "the right of joint participation in the management and control of the business." *Gradus v. Hanson Aviation, Inc.*, 158 Cal. App. 3d 1038, 1057–58 (1984) (quoting *Bank of California v. Connolly*, 36 Cal. App. 3d 350, 364 (1973). "Absent such right, the mere fact that one party is to receive benefits in consideration of services rendered or for capital contribution does not, as a matter of law, make him a . . . joint venturer." *Id.* (quoting *Connolly*, 36 Cal. App. 3d at 364) (ellipsis in original).

The mere fact that a party may be liable as a joint venturer does not give rise to jurisdiction over that party in the forum. *Allphin v. Peter K. Fitness, LLC*, No. 13-cv-01338-BLF, 2014 WL 6997653, at *6 (N.D. Cal. Dec. 11, 2014) (citing *Sher v. Johnson,* 911 F.2d 1357, 1365 (9th Cir. 1990)). However, where a defendant is engaged in a joint venture with another party, and that party engages in actions in furtherance of the joint venture that purposefully avail it of a forum, the

Court can exercise jurisdiction over the defendant consistent with the requirements of due process. *Id.*

Samsung alleges that "in 2020, CyWee Group, CM HK, and the Other Cywee Motion Entities entered a joint venture agreement for the enforcement of patents and sharing of the resulting profits ('Shareholders Agreement')." ECF No. 195 at 13–14 (citing ECF No. 177 ¶¶ 96–97, 129; ECF No. 194-32 at 4-5). The agreement reflects a prospective allocation of proceeds relating to preexisting litigation filed by CyWee Group. It does not, however, support a finding that CM HK was a member of a joint venture. First, the Shareholder Agreement distributes profits between CyWee Group and CyweeMotion Group Ltd., not CM HK.[6] Second, even assuming that CM HK does receive a share of profits from the Shareholder Agreement, Samsung identifies no evidence that CM HK and CyWee Group jointly control any patent enforcement decisions. That dooms Samsung's joint venture argument. *See Litman v. Lowly Palace, LLC*, No. 2:26-CV-03404-SPG-RAO, 2026 WL 1970405, at *11 (C.D. Cal. July 7, 2026) ("Here, even assuming the first and second elements are met, Plaintiffs have not alleged facts showing that they possessed a right to joint control over the alleged venture."); *Leitner v. Sadhana Temple of New York, Inc.*, No. CV 13-07902 MMM (EX), 2014 WL 12588643, at *6 (C.D. Cal. Oct. 17, 2014) ("While the purpose of a joint venture can be the investment of money and generation of profit therefrom, Leitner has not alleged facts that indicate plausibly that she had any right to exercise joint control over such a venture." (footnote omitted)).

Accordingly, the Court finds that Samsung has failed to show CM HK was in a joint venture with CyWee Group.

Samsung has failed to show after jurisdictional discovery that the Court has personal jurisdiction over CM HK. Accordingly, the Court grants CM HK's motion to dismiss.[7]

---

[6] The amended complaint states that profits are shared between CyWee Group and the CyweeMotion Entities, but only CyweeMotion Group is named in the agreement. *Compare* ECF No. 177-3 ¶ 97 *with* ECF No. 194-32. The Shareholders Agreement states that the parties to the agreement include "Group Subsidiaries" set forth in "SCHEDULE 1 Part A" but the version of the agreement submitted to the Court does not contain that schedule. Thus, there is no way to know whether (1) CM HK is a party or (2) how many other entities are also parties.

[7] In light of the conclusions set forth in this order, the Court declines to reach CM HK's argument that the Court lacks subject matter jurisdiction over the '038 and'072 Patent claims.

**B. Motion Regarding Notice of Factual Development**

CM HK filed a "Motion for Administrative Relief Regarding Notice of Recent Factual Development Related to Motion to Dismiss." ECF No. 202. The motion requests that the Court take judicial notice of Samsung's change of principal place of business from Texas to New Jersey. *Id.* at 2. Because that fact is irrelevant to the Court's decision, the motion is denied. ECF No. 202.

**II. MOTION TO STAY PENDING INTER PARTES REVIEW**

Samsung moves to stay this case pending inter partes review. CM HK "does not oppose a stay of merits proceedings pending the IPRs, provided the Court first resolves CM HK's pending motion to dismiss for lack of personal jurisdiction." ECF No. 193-2 at 12.

Having resolved the motion to dismiss and finding the Court does not have personal jurisdiction, the Court terminates the motion to stay pending *inter partes* review as moot.

**CONCLUSION**

The Court grants CM HK's motion to dismiss, ECF No. 182, terminates as moot Samsung's motion to stay pending inter partes review, ECF No. 184, and terminates as moot Samsung's motion for reconsideration. ECF No. 122. The Court denies CM HK's motion for judicial notice. ECF No. 202. Because the Court has already granted both leave to amend and jurisdictional discovery, the Court concludes that amendment would be futile and grants the motion to dismiss with prejudice. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California